UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
KAT HOUSE PRODUCTIONS, LLC d/b/a SURF CHICK,
KATHLEEN MERRICK, PATRICIA J. WAGNER and
AURORA CONTRERAS,

                                 Plaintiffs,

    -against-

PAUL HASTINGS, JANOFSKY & WALKER, LLP,
REBECCA KELDER MYERS, KATHERINE CHANG
and CATHERINE M. CLAYTON,

                                 Defendants.
---------------------------------------------------------------X

Index No. 07-CIV 9700

**VERIFIED COMPLAINT**

Plaintiffs, KAT HOUSE PRODUCTIONS, LLC d/b/a SURF CHICK, KATHLEEN MERRICK, PATRICIA J. WAGNER and AURORA CONTRERAS, by their attorneys, EGAN & GOLDEN, LLP, as and for their Complaint, allege as follows:

### INTRODUCTION

1. This action is brought by plaintiffs, KAT HOUSE PRODUCTIONS, LLC d/b/a SURF CHICK, and the two owners KATHLEEN MERRICK and PATRICIA J. WAGNER (collectively "plaintiffs") to recover against defendants for their acts of legal malpractice in their handling and application for trademarks on behalf of plaintiffs, and by reason of their malpractice, directly resulting in the dilution of their trademarks, the attendant loss of the profit, as well as proximately contributing to millions of dollars of losses to plaintiffs' businesses.

### PARTIES

2. Plaintiff, KAT HOUSE PRODUCTIONS, LLC, ("Kat House"), is a limited liability corporation organized and existing under the laws of the State of California with its principal place of business at 3637 Arundell Circle, Ventura, California 93003.

3. Plaintiff, KATHLEEN MERRICK ("Merrick"), is an individual who resides in the County of Los Angeles, State of California.

4. Plaintiff, PATRICIA J. WAGNER ("Wagner"), is an individual who resides in the County of Los Angeles, State of California.

5. Plaintiff, AURORA CONTRERAS ("Contreras"), is an individual who resides in the County of Los Angeles, State of California.

6. At all times herein, Merrick, Wagner and Contreras were and are the sole members and officers of Surf Chick.

7. Upon information and belief, defendants, PAUL HASTINGS, JANOFSKY & WALKER, LLP ("Paul Hastings"), is and was a foreign limited liability partnership registered to conduct business in the State of New York, and organized to practice law and existing under the laws of the State of California. Defendant maintains an office for the practice of law at 75 East 55th Street, New York, New York 10022.

8. Defendant, REBECCA KELDER MYERS ("Myers"), is an individual licensed to practice law in the State of New York. Upon information and belief, she maintains an office for the practice of law at Paul Hastings Janofsky Walker, LLP at 75 East 55th Street, New York, New York 10022.

9. Defendant, KATHERINE CHANG ("Chang"), is an individual licensed to practice law in the State of New York. Upon information and belief, she maintains an office for the practice of law at Paul Hastings Janofsky Walker, LLP at 75 East 55th Street, New York, New York 10022.

10. Defendant, CATHERINE M. CLAYTON ("Clayton"), is an individual licensed to practice law in the State of New York. Upon information and belief, she maintains an

office for the practice of law at Paul Hastings Janofsky Walker, LLP at 75 East 55th Street, New York, New York 10022.

## JURISDICTION AND VENUE

11. Jurisdiction of this Court is invoked under 28 U.S.C. § 1332. Jurisdiction over plaintiffs' pendent state law claims exists pursuant to 28 U.S.C. §1367(a).

12. The amount in controversy well exceeds $150,000.000, excluding interest and costs.

13. Venue is properly laid within the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391(a), as plaintiffs' claims arose in the Southern District of New York and defendants maintain an office for the practice of law within said district.

## AS AND FOR A FIRST CAUSE OF ACTION

14. KAT HOUSE is in the business of selling clothing, surfboards and accessories that appeal to the female surf culture both domestically and world wide.

15. From 1996 to present, KAT HOUSE has been selling a variety of female surfing merchandise under the "Surf Chick" mark. Since 1996 and continuing until today, plaintiffs have invested a significant amount of time and money into designing, advertising and developing the Surf Chick mark.

16. Plaintiffs' efforts resulted in a well-developed reputation in the surfing community, and consumers in general, for high quality products from a single particular source which is KAT HOUSE.

17. In order to protect the well-developed mark, in or about March 1999, plaintiffs retained defendants to obtain the trademarks for "SURF CHICK", "SURF CHICK

GOT WET" and "GOLF CHICK" among other marks, in both the United States and a variety of foreign countries.

18. Defendants accepted the legal work necessary to secure for plaintiffs the necessary domestic and international trademarks to protect plaintiffs' marks, and undertook the responsibility to perform such services on behalf of plaintiffs with reasonable skill, care and diligence.

19. Plaintiffs were inexperienced in trademark law and procedure and retained defendants as their attorneys to prepare the necessary applications for a trademark and to present and secure same with the United States Patent and Trademark Office. Defendants accepted the employment and responsibility to prepare the necessary trademark applications on behalf of plaintiffs and file same with the United States Patent and Trademark Office.

20. Plaintiffs also desired to secure the trademarks for the following foreign countries: United States, Canada, Australia, Japan, Mexico, Brazil, China, Taiwan, and the European Union.

21. Defendants retained on plaintiff's behalf the following foreign law firms (collectively "foreign law firms"), in the specified countries, to prosecute and secure the necessary applications and to secure a trademark in their respective countries:

| Law Firm | Country |
| --- | --- |
| Davies Collison Cave | Australia |
| Momsen Leonrados & Cia. | Brazil |
| Gowlings | Canada |
| Paul Hastings Janofsky & Walker | China / Japan |
| Kilburn & Strode | European Union |

4

DEC-07-2007 FRI 11:30 AM   FROM:EGAN & GOLDEN, LLP ATTYS   FAX:6314478181   PAGE 8

| | |
|---|---|
| Yuasa & Hura | Japan |
| Uhthoff, Gomez, Vega & Uhthoff | Mexico |

22. At all times herein, defendants assumed the responsibility and obligation to supervise the work of the respective foreign law firms, and provided regular updates to plaintiffs on the status of their foreign applications.

23. Throughout their representation of plaintiffs, defendants purported to prepare the applications for such trademarks in their entirety, and in particular, purported to have properly prepared the trademarks for the protection of plaintiffs and securing the trademark protection.

24. Additionally, defendants purported to supervise the conduct of the foreign attorneys, and to ensure the foreign attorney's diligent and professional application for the trademarks on behalf of plaintiffs.

25. Defendants violated their professional duties and were guilty of acts of professional malpractice by, *inter alia*, the following acts:

  a. Defendants repeatedly gave plaintiffs improper and incorrect advice on the law applying to plaintiffs' trademark applications; and

  b. Defendants wrongfully and carelessly advised plaintiffs that certain trademarks which plaintiffs desired were available to them were not proper and not available; and

  c. Defendants would repeatedly advise plaintiffs certain trademarks were completed, when in fact the trademarks were actually never filed for and/or not completed; and

d. Defendants carelessly prepared the papers on the applications for the trademarks, and in particular, defendants carelessly prepared the claims so that they did not cover all of the trademarks which plaintiffs could apply for on their behalf; and

e. Defendants, through their wrongful and careless acts, repeatedly provided to plaintiffs contradictory and/or incorrect statements as to the status and progress of both the domestic application and the foreign law firms' applications; and

f. Defendants, through their wrongful and careless acts, failed to ensure that the foreign law firms under their supervision would properly secure the necessary trademarks.

26. Defendants' negligence and delay in failing to timely and properly complete the trademark applications allowed a competitor, Christian Dior, to infringe on the "Surf Chick" mark, and to flood the market with its imitation of plaintiffs' mark.

27. Had defendants properly applied for, and diligently prosecuted, the trademark applications, Christian Dior would not have been able to mimick and copy plaintiffs' mark. By Christian Dior's, and other competitors, actions in mimicking and infringing on plaintiffs' mark, plaintiffs were harmed in that the value and uniqueness of the mark was substantially diluted and damaged.

28. Upon information and belief, the following corporations also exploited defendants' failure to diligently pursue the necessary trademarks and infringed on plaintiffs' mark: George Corp. (an affiliate of Wal-Mart); Matlan Corp.; Flamer Corp.; and Mini-Wear.

29. As a result of the negligent and careless acts of defendants in the trademark applications, and the negligent and careless supervision of the foreign law firms, the trademarks which were ultimately secured on behalf of plaintiffs were neither timely, proper nor

DEC-07-2007 FRI 11:30 AM   FROM:EGAN & GOLDEN, LLP ATTYS   FAX:6314478181   PAGE 10

sufficient, and did not protect plaintiffs as to all the claims which they could have made for the protection of their products and marks.

30. Defendants negligence in failing to timely secure the domestic and international trademarks directly causes the substantial diminution of plaintiffs' unique marks and severely compromised plaintiffs' worldwide ability to manufacture, sell and sub license the marks.

31. Defendants also repeatedly shifted and reassigned responsibility between a variety of attorneys within Paul Hastings, including among them, defendant Myers, Catherine M. Clayton and Katherine Chang.

32. Through the assignment and reassignment of plaintiffs' file within Paul Hastings, defendants failed to adequately apprise the new attorneys of the status of plaintiffs' applications, provided contradictory information to plaintiffs regarding the status of the trademarks, double billed plaintiffs for previously completed work and mishandled plaintiffs' file.

33. As a direct, foreseeable and proximate result of the acts of malpractice, the individual defendant attorneys, Rebecca Kelder Myers, Catherine M. Clayton and Katherine Chang, all were acting within the reasonable scope of the business of defendant, Paul Hastings. Thus, defendant Paul Hastings is vicariously liable for the negligence of the above-named individual attorneys.

34. As a proximate and direct result of defendants' malpractice, other entities and competitors were thereby able to use and exploit plaintiffs' supposedly protected marks in whole or in part without license, both in the United States and foreign countries, without paying plaintiffs for such use, which was reasonably worth and which plaintiffs could have obtained the

sum of $30,000,000.00 had the application been properly prepared and the trademarks been obtained which fully protected the plaintiffs, all to the damage of plaintiffs in the sum of $30,000,000.00.

35. By reason of the foregoing acts and omissions, defendants failed to exercise the reasonable skill and knowledge commonly possessed by a member of the legal profession.

36. As a direct, foreseeable and proximate result of defendants' negligence, carelessness, unskillfullness and lack of diligence, plaintiffs have been damaged in an amount not yet fully ascertainable, but believed to be in excess of $30,000,000.00.

## AS AND FOR A SECOND CAUSE OF ACTION

37. Plaintiffs repeat and reallege the foregoing paragraphs numbered "1" through "36" as if fully set forth at length herein.

38. Defendants contracted with plaintiffs as part of the agreement of retainer to timely and properly prepare all of the necessary papers and applications to diligently obtain the necessary trademarks that would fully protect plaintiffs' marks.

39. By failing to timely and properly prepare, file and prosecute the trademark applications, in failing to inform plaintiffs of the full scope that could or would be covered by the trademarks, and failing to procure for plaintiffs the proper trademarks, defendants breached their contract with plaintiffs.

40. As a direct, foreseeable and proximate result of defendants' negligence, carelessness, unskillfullness and lack of diligence, plaintiffs have been damaged in an amount not yet fully ascertainable, but believed to be in excess of $30,000,000.00.

## AS AND FOR A THIRD CAUSE OF ACTION

41. Plaintiffs repeat and reallege the foregoing paragraphs numbered "1" through "37" as if fully set forth at length herein.

42. As a result of the malpractice of defendants, plaintiffs were required to incur additional legal expense in retaining another law firm to complete their trademark applications.

43. Additionally, plaintiffs were obligated to employ another law firm to defend against the cancellation petition brought by Christian Dior.

44. Had defendants timely and properly secured the necessary trademarks on plaintiffs' behalf, such a suit would have been unnecessary and avoided entirely.

45. As a result of plaintiffs retaining other attorneys, plaintiffs have incurred additional legal fees in the approximate amount of $275,000.00.

46. As a direct, foreseeable and proximate result of defendants' negligence, carelessness, unskillfulness and lack of diligence, plaintiffs have been damaged in an amount not yet fully ascertainable, but believed to be in excess of $275,000.00.

## AS AND FOR A FOURTH CAUSE OF ACTION

47. Plaintiffs repeat and reallege the foregoing paragraphs numbered "1" through "46" as if fully set forth at length herein.

48. As set forth in paragraph 18 above, defendants recommended the foreign law firms to apply for and secure the trademarks in their respective foreign countries.

49. Defendants had a duty to supervise the foreign law firms.

50. Defendants kept close contact and monitored the foreign law firms' progress on their respective trademark applications. All of defendants' efforts, and those of the

DEC-07-2007 FRI 11:31 AM   FROM:EGAN & GOLDEN, LLP ATTYS   FAX:6314478181   PAGE 13

foreign firms, was exercised from, supervised from, coordinated from and centralized out of, defendants' New York office.

51.     Defendants breached their duty of supervision of the foreign law firms by negligently, carelessly, wrongfully and unskillfully supervising the foreign law firms and failing plaintiffs in their duty to exercise reasonable skill in supervising the activities and work of the foreign law firms.

52.     As a direct, foreseeable and proximate result of defendants' negligence, carelessness, unskillfullness and lack of diligence, plaintiffs have been damaged in an amount not yet fully ascertainable, but believed to be in excess of $30,000,000.00.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully request that this Court enter judgment and grant the following relief:

a.     On the FIRST CAUSE OF ACTION, that plaintiffs have judgment against defendants PAUL HASTINGS, JANOFSKY & WALKER, LLP and REBECCA MYERS, jointly and severally, in the approximate amount of $30,000,000.00 plus interest, the precise amount to be determined at trial;

b.     On the SECOND CAUSE OF ACTION, that plaintiffs be granted judgment against the defendants PAUL HASTINGS, JANOFSKY & WALKER, LLP and REBECCA MYERS, in the amount of $30,000,000.00 plus interest, the precise amount to be determined at trial;

c.     On the THIRD CAUSE OF ACTION, that plaintiffs be granted judgment against the defendants PAUL HASTINGS, JANOFSKY & WALKER, LLP and

REBECCA MYERS, in the amount of $275,000.00 plus interest, the precise amount to be determined at trial;

      d.    On the FOURTH CAUSE OF ACTION, that plaintiffs be granted judgment against the defendants PAUL HASTINGS, JANOFSKY & WALKER, LLP and REBECCA MYERS, in the amount of $30,000,000.00 plus interest, the precise amount to be determined at trial; and

      e.    That plaintiff be awarded costs and disbursements in this action and such other and further relief as to this Court seems just, proper, and equitable.

### JURY DEMAND

Plaintiffs respectfully demand a jury trial in this action.

Dated: Patchogue, New York
       October 23, 2007

                      Yours, *etc.*,

                      EGAN & GOLDEN, LLP
                      *Attorneys for Plaintiffs*

By: _____
                      Brian T. Egan (BE 1260)
                      475 East Main Street, Suite 114
                      Patchogue, New York 11772
                      631.447.8100

## VERIFICATION

STATE OF CALIFORNIA  )
                     ) ss.:
COUNTY OF LOS ANGELES )

KATHLEEN MERRICK, being duly sworn, deposes and says:

I am the individual plaintiff and the President of the plaintiff corporation in the within action. I have read the foregoing Complaint and know the contents thereof; and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true. This verification is made by me because plaintiff is a corporation and I am an officer thereof. The sources of my information and grounds of my belief as to all matters not stated upon my own knowledge are books, records and documents in the possession of the corporation and discussions with plaintiff's personnel with knowledge pertinent to the Complaint.

_____
KATHLEEN MERRICK

Sworn to before me this
____th day of September, 2007.

_____
Notary Public



ANNE Y. KIM
COMM. #1561682
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
My Comm. Expires MAR. 20, 2009

12

## VERIFICATION

STATE OF CALIFORNIA   )
                     Ventura  ) ss.:
COUNTY OF ~~LOS ANGELES~~ )

PATRICIA J. WAGNER, being duly sworn, deposes and says:

I am the individual plaintiff in the within action. I have read the foregoing Complaint and know the contents thereof, and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true. This verification is made by me because plaintiff is a corporation and I am an officer thereof. The sources of my information and grounds of my belief as to all matters not stated upon my own knowledge are books, records and documents in the possession of the corporation and discussions with plaintiff's personnel with knowledge pertinent to the Complaint.

_____
PATRICIA J. WAGNER

Sworn to before me this
26th day of September, 2007

_____
Notary Public

CHERYL LEMBKE
COMM. #1602956
Notary Public-California
VENTURA COUNTY
My Comm. Exp. Sept 24, 2009

13

FROM :                    PHONE NO. : 8055852296          Oct. 22 2007 03:43PM P1

## VERIFICATION

STATE OF CALIFORNIA ) ) ss.:
COUNTY OF LOS ANGELES )

REPUBLIC OF ARGENTINA )
CITY OF BUENOS AIRES ) ss
EMBASSY OF THE UNITED )
STATES OF AMERICA )

AURORA CONTRERAS, being duly sworn, deposes and says:

I am the individual plaintiff in the within action. I have read the foregoing Complaint and know the contents thereof, and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true. This verification is made by me because plaintiff is a corporation and I am an officer thereof. The sources of my information and grounds of my belief as to all matters not stated upon my own knowledge are books, records and documents in the possession of the corporation and discussions with plaintiff's personnel with knowledge pertinent to the Verified Complaint.

_____
AURORA CONTRERAS

Sworn to before me this
18th day of September, 2007.
      October

_____
Notary Public

Christopher J. Anderson
Vice Consul

14