# EXHIBIT D

1 | GIRARDI | KEESE
2 | 1126 Wilshire Blvd.
  | Los Angeles, CA, 90017
3 | (213) 977-0211
4 | JAMES G. O'CALLAHAN, STATE BAR NO. 126975

Attorneys for Defendants,

KAT HOUSE PRODUCTIONS, LLC d/b/a SURF CHICK,
KATHLEEN MERRICK, PATRICIA J. WAGNER,
AURORA CONTRARES

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL, HASTINGS, JANOFSKY & WALKER, LLP, a limited iability partnership, | CASE NO. CV07-07990 GHK (CTx) |
| | [State Court Action Case No. BC380396] |
| Plaintiff, | |
| vs. | |
| KAT HOUSE PRODUCTIONS, LLC d/b/a SURF CHICK, KATHLEEN MERRICK, PATRICIA J. WAGNER, AURORA CONTRARES; and DOES 1 Through 10, Inclusive, | **DEFENDANTS' RESPONSE TO COURT'S ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES** |
| Defendants. | |

-1-

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND ALL PARTIES OF RECORD:

On December 26, 2007 The Honorable George H. King, U.S. District Judge, entered an Order to Show Cause re: Subject Matter Jurisdiction for the above captioned case. Defendants hereby respond to the Order as follows and as described in detail in the Memorandum of Points and Authorities:

///

Original subject matter jurisdiction exists over the action for legal malpractice filed by Defendants in New York under 28 U.S.C. § 1338 (a). The California action filed against Defendants constitutes a compulsory counterclaim under F.R.C.P. Rule 13. As such, these claims, as stated in the California Complaint, must be adjudicated as part of the New York Action. Therefore, removal of PAUL, HASTINGS, JANOFSKY & WALKER, LLP to federal courts is proper under 28 U.S.C. § 1367(a). Failure to plead these claims as counterclaims in the New York Action bars PAUL, HASTINGS, JANOFSKY & WALKER, LLP from bringing such claims in a separate action. *Baker v Gold Seal Liquors, Inc.* (1974) 417 US 467. The California Action, once removed to a District Court in California, is subject to a "convenience" transfer under 28 U.S.C. § 1404(a) to New York, where these claims can be adjudicated in conjunction with the legal malpractice action.

///

Original subject matter jurisdiction exists over the California Action under 28 U.S.C. § 1338 (a) because resolution of a substantial, disputed question of federal, trademark, law is necessary to establish an element of PAUL, HASTINGS, JANOFSKY & WALKER, LLP's well pleaded complaint. Despite Plaintiff PAUL, HASTINGS, JANOFSKY & WALKER, LLP's attempt to present the action as an ordinary contract dispute, the central issue of this case is whether Plaintiff satisfied its end of the contractual obligations in handling and applying for trademarks on Defendants' behalf, an issue that necessarily and wholly depends on interpretation and

DEFENDANTS' RESPONSE TO COURT'S ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION

1  application of federal law.  The resolution of federal trademark law is not incidental to this case;
2  rather, it is the sole legal and factual controversy.
3  DATED: January 8, 2008

**GIRARDI | KEESE**

BY:_____
JAMES G. O'CALLAHAN

Attorneys for Defendants
KAT HOUSE PRODUCTIONS,
LLC d/b/a SURF CHICK,
KATHLEEN MERRICK, PATRICIA
J. WAGNER, AURORA
CONTRARES

DEFENDANTS' RESPONSE TO COURT'S ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION

## MEMORANDUM OF POINTS AND AUTHORITIES

**1.  Original Subject Matter Jurisdiction Exists Over the Legal Malpractice Action Filed in New York.**

In *Nazzaro v. Balber*, 2005 WL 1251785 (SDNY 2005), plaintiff's complaint was comprised of four causes of action all surrounding a claim for legal malpractice. *Id.* No federal claims were stated. However, the court opined that "[e]ven though state law created [plaintiff's] causes of action, its case might still 'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Id.* The court applied this concept in its opinion and concluded that "plaintiff's pleading compels the inference that plaintiffs intend to argue underlying claims arising from federal law in their suit for malpractice against their former counsel." *Id.*

> "[P]laintiffs may intend to attempt to establish that the defendants were negligent in their representation with respect to federal claims: that they were entitled to severance pay and/or deferred compensation arising from their ERISA benefits plans, perhaps on a theory that their rights had vested prior to termination of their employment contracts; or that plaintiffs were entitled to compensation from the FDIC arising under FIRREA. Each of these claims would turn upon a substantial disputed question of federal law. Therefore, if it is plaintiffs' intention to seek damage awards arising from these claims, federal jurisdiction would be proper." *Id.*

Similar to the underlying facts in *Nazzaro*, Plaintiffs in the New York Action assert state law causes of action for legal malpractice. However, the resolution of these causes of action depends upon a substantial disputed question of federal law. Specifically, the New York Action legal malpractice claims are based on PAUL, HASTINGS, JANOFSKY & WALKER, LLP's failure to properly handle and apply for trademark protection on New York Plaintiffs' behalf. The resolution of whether PAUL, HASTINGS, JANOFSKY & WALKER, LLP in fact committed legal malpractice will turn solely on the question of legal procedures and practices as mandated by federal trademark laws. Thus, New York Plaintiffs will seek damages that necessarily arise from

-4-

claims directly related to interpretation and application of federal law. Therefore, original federal jurisdiction is proper pursuant to 28 U.S.C § 1338(a). *See also, West 14th Street Commercial Corp. v. 5 West 14th Owners Corp.*, 815 F.2d 188 (2nd Cir. 1987) (holding federal jurisdiction was proper where a state-law cause of action for ejectment required as an element the plaintiff's establishment of current right to possession, and that right was conferred by federal law, the federal law formed an ingredient of the well-pleaded complaint and thus supported federal jurisdiction); *Derrico v. Sheehan Emergency Hospital*, 844 F.2d 22 (2d Cir. 1988) (holding state-law breach of contract action itself required plaintiff to prove the existence of a contract, and the plaintiff asserted in its complaint that the contract arose by implication under federal law).

**2.   The California Action Constitutes a Compulsive Counterclaim to the New York Action; Thus, Supplemental Jurisdiction Exists Under 28 U.S.C. § 1367(a).**

Plaintiff PAUL, HASTINGS, JANOFSKY & WALKER, LLP omits crucial facts from its California Complaint. The Complaint simply alleges existence of a contract for legal services between PAUL, HASTINGS, JANOFSKY & WALKER, LLP and Defendants, and the existence of a dispute that arises from Defendants' alleged failure to pay legal fees under that contract. What the Complaint conveniently omits is the fact that the legal services sought under the contract were specifically related to securing trademark protection for Defendants. The Complaint also omits to mention that performance of all such legal services was undertaken by PAUL, HASTINGS, JANOFSKY & WALKER, LLP's **New York Office**. All occurrences and events relating to the contract took place in New York, by New York representatives of PAUL, HASTINGS, JANOFSKY & WALKER, LLP and were governed by the trademark federal laws – the laws that mandate procedures and laws for providing legal services of the kind sought under the contract. The Complaint further omits the fact that New York representatives of PAUL, HASTINGS, JANOFSKY & WALKER, LLP performed their obligations under the contract with such gross negligence that their actions resulted in significant damages to Defendants and constituted actionable legal malpractice.

It is clear why the above facts are omitted from the California Complaint - PAUL, HASTINGS, JANOFSKY & WALKER, LLP is attempting to misrepresent the California Action as independent from the New York Action. In reality, the claims presented in Plaintiff's California Complaint are so closely related to the New York Action that they constitute compulsory counterclaims under F.R.C.P. Rule 13. As such these claims, as alleged in the California Complaint, can only be brought in conjunction with the New York Action. As detailed above, original subject matter jurisdiction exists over the New York Action under 28 U.S.C. 1338(a). Accordingly, the California Action claims, as compulsory counterclaims, are removable to federal court under supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). No other basis for jurisdiction need be established. *Baker v. Gold Seal Liquors, Inc.* (1974) 417 US 467, 469.

Furthermore, removal of the California Action to a U.S. District Court in California does not necessitate actual adjudication of these claims in that district court. As compulsory counterclaims – claims arising from the same events and occurrences as the New York Action and events and occurrences that all took place in the State of New York - these claims may be transferred to the same District Court as the New York Action by means of a "convenience" transfer under 28 U.S.C. § 1404(a), whereby they can be adjudicated as part of one suit.

**3. Original Subject Matter Jurisdiction Exists Over the California Action Under 28 U.S.C. § 1338(a).**

In the Order to Show Cause, the Court properly states that federal jurisdiction does not exist over an action that "fundamentally asserts contract claims and only incidentally involves the Lanham Trade-Mark Act." The Court cited *Postal Instant Press v. Clark*, 741 F.2d 256 (9th Cir. 1984). However, Defendants respectfully suggest that the instant case is starkly different from the above-cited opinion. In *Postal Instant Press*, the sole basis for federal jurisdiction was "the mere existence of the protected trade name and attendant symbol." *Postal Instant Press*, 741 F.2d at 257. The case did not involve any question of trademark federal law, but was based entirely on the interpretation of a franchise agreement and the agreement's validity under *Cal. Bus. & Prof. Code.* § 1600. *Id.*

DEFENDANTS' RESPONSE TO COURT'S ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION

In contrast, the resolution of the California Action hinges on interpretation of federal law. As stated in Section 2, *supra*, the California Complaint intentionally omits important operative facts that determine the true nature of the California Action. The essential element of the contractual dispute, as pled in the California Complaint, is whether PAUL, HASTINGS, JANOFSKY & WALKER, LLP satisfied its obligations under the contract and is, thus, owed any fees for the legal services performed. However, in order to prove this element PAUL, HASTINGS, JANOFSKY & WALKER, LLP will necessarily have to establish that the contracted for services of obtaining and handling trademark protection for Defendants were performed according to applicable federal trademark laws and procedures. If Plaintiff fails to prove this element, Plaintiff will not be entitled to recovering the sought damages. In order to determine whether Plaintiff did, in fact, act in accordance with federal laws and procedures, a court will have to engage in interpretation and application of federal trademark laws. Thus, the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *Franchise Tax Board v. Construction Laborers Vacation Trust* (1983) 463 U.S. 1, 27-28. Therefore, the California Action does "arise under" federal laws relating to trademarks and original jurisdiction exists under 28 U.S.C. § 1338(a).

**4.     Plaintiff Initiated the California Action in an Attempt to Circumvent the Laws of the State of New York and Deny a Forum to Defendants for Litigating the Legal Malpractice Claims.**

Plaintiff filed the California Action in a transparent attempt to deny Defendants a forum for litigating their legal malpractice claims. The California Complaint includes a cause of action for declaratory relief regarding the statute of limitations for bringing a legal malpractice suit. This is a blatant attempt to "race" against the New York Action and circumvent the laws of the State of New York. PAUL, HASTINGS, JANOFSKY & WALKER, LLP hopes to secure a declaratory judgment in California and then challenge the New York Action as barred by the statute of limitations per California declaratory judgment. This is being attempted despite the fact that the New York Action was filed timely and is not barred under the laws of the State of New York. In

fact, this is being attempted despite the fact that Plaintiff has previously represented to Defendants that it will not seek the fees under the contract given the legal malpractice dispute.

DATED: January 8, 2008

**GIRARDI | KEESE**

BY:_____
JAMES G. O'CALLAHAN

Attorneys for Defendants
KAT HOUSE PRODUCTIONS, LLC d/b/a SURF CHICK, KATHLEEN MERRICK, PATRICIA J. WAGNER, AURORA CONTRARES

-8-

DEFENDANTS' RESPONSE TO COURT'S ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION