UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x    [ECF Case]

KAT HOUSE PRODUCTIONS, LLC d/b/a SURF              07 CIV 9700 (BSJ)(MHD)
CHICK, KATHLEEN MERRICK, PATRICIA J.
WAGNER and AURORA CONTRERAS,

                              Plaintiffs,

         -against-

PAUL, HASTINGS, JANOFSKY & WALKER, LLP,
REBECCA KELDER MYERS, KATHERINE CHANG
and CATHERINE M. CLAYTON,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


## MEMORANDUM OF LAW IN SUPPORT OF CERTAIN DEFENDANTS' MOTION TO DISMISS THE ACTION


KAVANAGH MALONEY & OSNATO LLP
415 Madison Avenue
New York, NY 10017
212-207-8400
Attorneys for Defendants Paul, Hastings, Janofsky & Walker, LLP
Rebecca Kelder Myers and Catherine M. Clayton

# TABLE OF CONTENTS

**Page**

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

PRELIMINARY STATEMENT                                                        1

STATEMENT OF ALLEGATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

POINT I    THERE IS NO SUBJECT MATTER JURISDICTION
           UNDER 28 U.S.C. §§1331 OR 1338 . . . . . . . . . . . . . . . . . . . . . . . . . 6

POINT II   IN THE ALTERNATIVE, THE ACTION SHOULD BE
           DISMISSED AS AGAINST DEFENDANTS MYERS
           AND CLAYTON BECAUSE NO CLAIM IS STATED
           AGAINST EITHER OF THEM . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

# TABLE OF AUTHORITIES

Page

Cases

Adamasu v. Gifford, Krass, Groh, Sprinkle, Anderson & Citkowski, P.C.,
    409 F.Supp.2d 788 (E.D. Mich. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

AmBase Corp. v. Davis Polk & Wardwell,
    8 N.Y.3d 428, 834 N.Y.S.2d 705 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Aquino v. Prudential Life and Cas. Ins. Co.,
    419 F.Supp.2d 259 (E.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Bassett v. Mashantucket Pequot Tribe, 204 F.3d 343 (2d Cir. 2000) . . . . . . . . . . . . . . . 9

Between The Bread Realty Corp. v. Salans Hertzfeld Heilbronn Christy & Viener,
    290 A.D.2d 380, 736 N.Y.S.2d 666 (1st Dep't),
    lv. to appeal denied, 98 N.Y.2d 603, 745 N.Y.S.2d 502 (2002) . . . . . . . . . . 11, 19

Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296 (2d Cir. 2004) . . . . . . . . . 8

Christianson v. Colt Indus. Operating Corp.,
    486 U.S. 800, 108 S.Ct. 2166 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 10

Derrico v. Sheehan Emergency Hosp., 844 F.2d 22 (2d Cir. 1988) . . . . . . . . . . . . . . . . 17

Empire Healthchoice Assur., Inc. v. McVeigh,
    __U.S.__, 126 S.Ct. 2121 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 17

Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.,
    545 U.S. 308, 125 S.Ct. 2363 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 15

Herbst v. Viglianco, No. 99 Civ. 1992,
    1999 WL 362960 (S.D.N.Y. May 26, 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Holmes Group, Inc. v. Vornado Air Circulating Sys., Inc.,
    535 U.S. 826, 122 S.Ct. 1889 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Housand v. Heiman, 594 F.2d 923 (2d Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Hughley v. Weinstock, Friedman & Friedman, PA, No. 06-88,
    2006 WL 2244574 (D.C. Aug. 4, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Hutt v. Kanterman & Taub, P.C., 280 A.D.2d 379, 720 N.Y.S.2d 781 (1st Dep't),
    lv. to appeal denied, 96 N.Y.S.2d 713, 729 N.Y.S.2d 440 (2001) . . . . . . . . . . . . 19

In re Ciprofloxacin Hydrochloride Antitrust Litigation,
    166 F.Supp.2d 740 (E.D.N.Y. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

In re Tamoxifen Citrate Antitrust Litigation, 466 F.3d 187 (2d Cir. 2006) . . . . . . . . . . 10

Ippolito v. McCormack, Damiani, Lowe & Mellon,
    265 A.D.2d 303, 696 N.Y.S.2d 203 (2d Dep't 1999) . . . . . . . . . . . . . . . . . . . . . . 19

Levy v. Greenberg, 19 A.D.3d 462, 798 N.Y.S.2d 443 (2d Dep't 2005) . . . . . . . . . . . 19

Marcella v. Capital Dist. Physicians' Health Plan, Inc.,
    293 F.3d 42 (2d Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

McCoy v. Feinman, 99 N.Y.2d 295, 755 N.Y.S.2d 693 (2002) . . . . . . . . . . . . . . . . 10, 19

Merrell Dow Pharmaceuticals Inc. v. Thompson,
    478 U.S. 804, 106 S.Ct. 3229 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Nazzaro v. Balber, No. 05 Civ. 2172,
    2005 WL 1251785 (S.D.N.Y. May 25, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Peyser v. Searle Blatt & Co., Ltd., No. 99 Civ. 10785,
    2003 WL 22902590 (S.D.N.Y. Dec. 9, 2003) . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

Pickens v. Gardner, No. 03-CV-40477,
    2003 WL 22888957 (S.D. Iowa Dec. 3, 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Plumbing Indus. Bd. v. E.W. Howell Co., 126 F.3d 61 (2d Cir.1997) . . . . . . . . . . . . . 17

R.G. Barry Corp. v. Mushroom Makers, Inc., 612 F.2d 651 (2d Cir. 1979) . . . . . . . . . . 9

Reibman v. Senie, 302 A.D.2d 290, 756 N.Y.S.2d 164 (1st Dep't 2003) . . . . . . . . . 10, 19

<u>Ryan v. Volpone Stamp Co., Inc.</u>, 107 F.Supp.2d 369 (S.D.N.Y. 2000) . . . . . . . . . . . . . 8

<u>Sonnenschine v. Giacomo</u>, 295 A.D.2d 287,
    744 N.Y.S.2d 396 (1st Dep't 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

<u>West 14th Street Commercial Corp. v. 5 West 14th Owners Corp.</u>,
    815 F.2d 188 (2d Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

<u>Williams v. Havas</u>, 104 F.3d 352 (2d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

<u>Statutes</u>

28 U.S.C. §1331 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6, 7, 12, 18

28 U.S.C. §1332 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

28 U.S.C. §1338 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 7, 18

28 U.S.C. §1367 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Federal Rules of Civil Procedure 12 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-3, 6, 18, 20

Lanham Trademark Act, 15 U.S.C. §1051 <u>et</u> <u>seq.</u> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

KAVANAGH MALONEY & OSNATO LLP
 Attorneys for Defendants Paul, Hastings,
   Janofsky & Walker, LLP, Rebecca Kelder Myers,
   and Catherine M. Clayton
415 Madison Avenue
New York, N.Y. 10017
212-207-8400
 James J. Maloney
 David F. Bayne
 Steven M. Cordero

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

KAT HOUSE PRODUCTIONS, LLC d/b/a SURF          **[ECF]**
CHICK, KATHLEEN MERRICK, PATRICIA J.
WAGNER and AURORA CONTRERAS,                    07 CIV 9700(BSJ)(MHD)

                        Plaintiffs,

            -against-

PAUL, HASTINGS, JANOFSKY & WALKER, LLP,
REBECCA KELDER MYERS, KATHERINE CHANG
and CATHERINE M. CLAYTON,

                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## MEMORANDUM OF LAW IN SUPPORT OF CERTAIN DEFENDANTS' MOTION TO DISMISS THE ACTION

### PRELIMINARY STATEMENT

This Memorandum of Law is submitted on behalf of Defendants Paul,

Hastings, Janofsky & Walker, LLP, Rebecca Kelder Myers and Catherine M. Clayton

(collectively "Defendants") in support of their motion pursuant to Rule 12(b)(1) of the

Federal Rules of Civil Procedure to dismiss Plaintiffs' action on the ground that there is a lack of subject matter jurisdiction.[1] In the alternative, Defendants Myers and Clayton move to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) because there is no specific allegation of fact that either of these associates of Paul Hastings was in any way negligent. A copy of the original Verified Complaint is annexed as Exhibit A ("Compl.") and the Amended Verified Complaint as Exhibit B ("Am. Compl.") to the Declaration of Eve M. Coddon, dated January 16, 2008 ("Coddon Decl.").

It is respectfully submitted that this action must be dismissed because there is absolutely no basis to invoke this Court's subject matter jurisdiction. There is no general federal question jurisdiction pursuant to 28 U.S.C. §1331, nor is there federal question jurisdiction pursuant to 28 U.S.C. §1338 for patent, copyright or federal trademark law claims. Plaintiffs' claims for relief allege state law legal malpractice causes of action based on Paul Hastings' alleged negligence with respect to Plaintiffs' trademark applications. Plaintiffs' main complaint is that Paul Hastings unduly delayed and failed to diligently file and prosecute applications for trademark registration of various alleged marks domestically and to supervise and oversee foreign registrations of them as well. These claims do not arise under federal law. Plaintiffs do not assert claims or seek relief pursuant to federal trademark law or assert a state law claim necessarily dependent on resolution of a substantial question

---

[1]Defendant Katherine Chang is a former associate of the firm who has not been served in this action.

of federal trademark law, which is an essential element of the claim, without any alternative basis for relief under state law as required by settled Supreme Court and Second Circuit precedent.

Finally, if for any reason the Court does not dismiss the action entirely for lack of subject matter jurisdiction, Defendants Rebecca Kelder Myers and Catherine M. Clayton move to dismiss the action as against them pursuant to Rule 12(b)(6) because Plaintiffs fail to allege any claim against them individually.

## STATEMENT OF ALLEGATIONS

Plaintiffs Kat House Productions, LLC ("Kat House"), Kathleen Merrick, Patricia Wagner and Aurora Contreras are all California citizens (collectively "Kat House" or "Plaintiffs"). Coddon Decl. Ex. B (Am. Compl.) ¶¶2-5. Defendant Paul Hastings is a limited liability partnership with five offices located in California and numerous partners who are California citizens. Coddon Decl. ¶3.

Plaintiffs' assert four purported claims for relief for legal malpractice against Defendants for alleged failure to obtain domestic and foreign registration of certain alleged trademarks Plaintiffs claim to own. Coddon Decl. Ex. B (Am. Compl.) ¶¶14-55. Plaintiffs allege that from 1996 to the present, Kat House has been selling a variety of female surfing merchandise under the "Surf Chick" mark. Id. ¶15. Plaintiffs aver that in or about March 1999, they retained Paul Hastings to register trademarks for "Surf Chick," "Surf Chick Got Wet" and "Golf Chick," among other marks, in the United States and abroad through foreign

law firms. Id. ¶¶17, 21. Plaintiffs allege that Defendants undertook to prepare and file the trademark applications on their behalf with the United States Patent and Trademark Office. Id. ¶¶19, 23. Plaintiffs assert that Defendants also allegedly undertook to supervise foreign counsel with respect to applications for trademark protection in certain foreign countries on Kat House's behalf. Id. ¶¶21, 24.

Plaintiffs allege that Defendants were negligent in failing to timely and properly complete and submit Plaintiffs' trademark applications. Id. ¶¶26, 29-31, 41-42. Defendants are further alleged to have given improper advice concerning the applications, and failed to properly supervise several foreign law firms in obtaining the appropriate trademark rights. Id. ¶¶21, 25, 54. Plaintiffs allege that as a result of the alleged malpractice, Christian Dior and other competitors were able to use and exploit Kat House's marks in the United States and abroad. Id. ¶¶27, 36. Plaintiffs allege that they were required to hire attorneys other than Paul Hastings to complete Kat House's trademark applications and to defend against a cancellation petition brought by Christian Dior. Id. ¶¶45, 46.

Plaintiffs make no specific allegation of any act or omission by Defendants Clayton and Myers supporting any claim of legal malpractice against them individually. They are just generically lumped in as "Defendants" in each of the allegations of the Complaint, but are not alleged, or identified, to have done anything wrong. Both Clayton and Myers, as well as Defendant Chang who has not been served in this action, are or were

4

associates of the firm. Coddon Decl. ¶5. Plaintiffs do not allege what roles these associates played in the representation and no partner of Paul Hastings has been named as a Defendant.

Based on these allegations, Plaintiffs have set forth four purported claims for relief, denominated as "Causes of Action," against all Defendants. The first purported "Cause of Action" alleges that because of Defendants' alleged legal malpractice in failing to diligently apply for and obtain the registration of the trademarks, competitors were able to use those marks, allegedly causing Plaintiffs damage. Coddon Decl. Ex. B (Am. Compl.) ¶¶36-39. The second purported "Cause of Action" alleges breach of a retainer agreement as a result of the alleged negligence set forth in the first claim for relief and seeks the same damages as are alleged in the first claim for relief. Id. ¶¶41-43.

The third purported "Cause of Action" is based on the same alleged acts and omissions constituting the legal malpractice allegations in the first claim, but seeks damages for allegedly having to hire new attorneys to complete the trademark applications and to defend against a cancellation petition brought by Christian Dior. Id. ¶¶45-49. The fourth purported "Cause of Action" alleges that the claimed failure to supervise several foreign law firms, as set forth in the first "Cause of Action," allegedly caused Plaintiffs damage. Id. ¶¶51-55.

## ARGUMENT

### POINT I

### THERE IS NO SUBJECT MATTER JURISDICTION
### UNDER 28 U.S.C. §§1331 OR 1338

The Amended Complaint is Plaintiffs' third attempt to invoke federal jurisdiction over their state law claims. Plaintiffs originally commenced this action alleging jurisdiction solely on the ground of diversity of citizenship under 28 U.S.C. §1332. Coddon Decl. Ex A (Compl.) ¶11. Having been advised that diversity is lacking, Plaintiffs amended the Complaint to allege federal question jurisdiction solely under 28 U.S.C. §1331, and abandoned the claim that there is diversity jurisdiction. Coddon Decl. Ex. B (Am. Compl.) ¶11.

At about the same time as this action was filed, Paul Hastings commenced a state court action in California to recover fees owed to it by Plaintiffs. Coddon Decl. ¶6. On December 6, 2007, Plaintiffs removed the California state court action to the United States District Court for the Central District of California, alleging subject matter jurisdiction under 28 U.S.C. §1338 as well as §1367(a), not §1331, because their compulsory counterclaims for malpractice – the same claims alleged here – allegedly involved the firm's trademark work. Coddon Decl. ¶7 and Ex. D. The Honorable George H. King, United States District Court Judge, on his own motion pursuant Federal Rule of Civil Procedure 12(h)(3), has ordered Plaintiffs to show cause why the California action should not be remanded to the Superior Court for lack of subject matter jurisdiction. Coddon Decl. Ex. C (Order). On January 7,

6

2008, Plaintiffs responded by arguing that original subject matter jurisdiction exists under

28 U.S.C. §1338. Coddon Decl. Ex. D. Judge King has not yet ruled. Coddon Decl. ¶9.

Thus, while Plaintiffs argue in the Central District of California that

jurisdiction over their claims against Paul Hastings is proper under 28 U.S.C. §1338,

Plaintiffs allege in this case, without explanation, that jurisdiction is proper under 28 U.S.C.

§1331. Coddon Decl. Ex. B (Am. Compl.) ¶11. However, neither Section 1331 nor Section

1338 provide any basis for subject matter jurisdiction over Plaintiffs' claims. The same

standard governs the application of both sections. Holmes Group, Inc. v. Vornado Air

Circulating Sys., Inc., 535 U.S. 826, 830, 122 S.Ct. 1889, 1893 (2002); Christianson v. Colt

Indus. Operating Corp., 486 U.S. 800, 808, 108 S.Ct. 2166, 2174 (1988).

Section 1331 provides in relevant part that:

> The district courts shall have original jurisdiction of all civil actions arising
> under the Constitution, laws, or treaties of the United States.

28 U.S.C. §1331.

Section 1338 provides in relevant part that:

> The district courts shall have original jurisdiction of any civil action arising
> under any Act of Congress relating to patents, plant variety protection,
> copyrights, and trademarks. Such jurisdiction shall be exclusive of the courts
> of the states in patents, plant variety protection and copyright cases.

28 U.S.C. §1338(a).

According to the Supreme Court, in a case involving patent law, federal

jurisdiction extends:

7

[O]nly to those cases in which a well-pleaded complaint establishes either that [1] <u>federal patent law creates the cause of action</u> or [2] that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law <u>is a necessary element</u> of one of the well-pleaded claims.

<u>Christianson v. Colt Indus. Operating Corp.</u>, 486 U.S. at 809, 108 S.Ct. at 2174 (emphasis added and citations omitted). This principle has been extended to copyright and federal trademark law. <u>Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.</u>, 373 F.3d 296, 304 (2d Cir. 2004); <u>Ryan v. Volpone Stamp Co., Inc.</u>, 107 F.Supp.2d 369, 377 (S.D.N.Y. 2000).

Here, there is no jurisdiction under <u>Christianson</u>'s first prong because Plaintiffs' claims for legal malpractice are inherently state law claims. <u>Williams v. Havas</u>, 104 F.3d 352 (2d Cir. 1996)(legal malpractice claim asserted under state law); <u>Housand v. Heiman</u>, 594 F.2d 923, 926 (2d Cir. 1979)(remanding for a determination of whether the parties were diverse because no federal question was presented by claims against a court appointed defense lawyer that the lawyer's alleged malpractice deprived plaintiff of his civil rights under the U.S. Constitution and federal civil rights laws); <u>Aquino v. Prudential Life and Cas. Ins. Co.</u>, 419 F.Supp.2d 259, 276 (E.D.N.Y. 2005) ("A claim for legal malpractice is a New York state claim that could only be brought in federal court if the parties were from different states or if there is a pending federal claim.").

The second prong of the <u>Christianson</u> test is also not satisfied. The Supreme Court has recently instructed that the second prong applies to only a "special and small category" of cases. <u>Empire Healthchoice Assur., Inc. v. McVeigh</u>, __ U.S. __, 126 S.Ct. 2121,

8

2136 (2006). The "mere need to apply federal law in a state-law claim" does not "suffice to open the 'arising under' door." Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg., 545 U.S. 308, 313, 125 S.Ct. 2363, 2367 (2005). "The mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 813, 106 S.Ct. 3229, 3234 (1986). Moreover, "federal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." Grable & Sons Metal Products, Inc., 545 U.S. at 313, 125 S.Ct. at 2367.

The Second Circuit has held that the complaint must claim a right created by federal trademark law as an "essential" element of plaintiff's cause of action. R.G. Barry Corp. v. Mushroom Makers, Inc., 612 F.2d 651, 658 (2d Cir. 1979). In Barry, the Second Circuit held that no federal question was presented by a complaint which alleged a trademark violation under New York State law but failed to allege confusion, trademark infringement, or unfair competition which are essential in order to state a trademark claim under the Lanham Act. The Second Circuit noted with approval that "courts have found federal question jurisdiction only if the complaint specifically asserted, or claimed protection under, federal trademark law." Id. at 658 n.13 (emphasis added). To invoke federal jurisdiction, the complaint must allege a claim or seek a remedy provided by federal law. Bassett v. Mashantucket Pequot Tribe, 204 F.3d 343, 355 (2d Cir. 2000).

9

Further, the Supreme Court in <u>Christianson</u> held that:

> Nor is it necessarily sufficient that a well-pleaded claim alleges a single theory under which resolution of a patent-law question is essential. If "on the face of a well-pleaded complaint there are ... reasons completely unrelated to the provisions and purposes of (the patent laws) why the (plaintiff) may or may not be entitled to the relief it seeks," then the claim does not "arise under" those laws. <u>Thus, a claim supported by alternative theories in the complaint may not form the basis for § 1338(a) jurisdiction unless patent law is essential to each of those theories.</u>

486 U.S. at 810, 108 S.Ct. at 2174 (emphasis added and citations omitted).

The Second Circuit has relied on this portion of <u>Christianson</u> to hold that federal jurisdiction was not present where there is at least one alternative non-patent law theory supporting a claim. <u>In re Tamoxifen Citrate Antitrust Litigation</u>, 466 F.3d 187, 199 (2d Cir. 2006) ("even if one theory supporting a claim essentially turns on an issue arising under patent law, as long as there is <u>at least one alternative theory</u> supporting the claim that does not rely on patent law, there is no 'arising under' jurisdiction under 28 U.S.C. §1338")(emphasis added). <u>Accord</u> <u>In re Ciprofloxacin Hydrochloride Antitrust Litigation</u>, 166 F.Supp.2d 740, 750-51 (E.D.N.Y. 2001) ("Plaintiffs have pleaded at least one theory under which their claims for relief may be resolved without determining the validity of Bayer's patent. <u>Christianson</u> therefore counsels that remand of each lawsuit is appropriate.").

Plaintiffs' claims are common law causes of action for legal malpractice which will be resolved under state law. To prove their case, Plaintiffs will have to demonstrate that Defendants' alleged negligence proximately caused them actual damages. <u>McCoy v. Feinman</u>, 99 N.Y.2d 295, 302, 755 N.Y.S.2d 693, 697 (2002); <u>Reibman v. Senie</u>, 302 A.D.2d

10

290, 756 N.Y.S.2d 164 (1st Dep't 2003); <u>Between The Bread Realty Corp. v. Salans</u>

<u>Hertzfeld Heilbronn Christy & Viener</u>, 290 A.D.2d 380, 736 N.Y.S.2d 666, 668 (1st Dep't),

<u>lv. to appeal denied</u>, 98 N.Y.2d 603, 745 N.Y.S.2d 502 (2002).  In order to show negligence,

Plaintiffs will have to prove that Defendants "failed to exercise the ordinary reasonable skill

and knowledge commonly possessed by a member of the legal profession" in applying for

trademark registration and in following up on the prosecution of those applications.  <u>AmBase</u>

<u>Corp. v. Davis Polk & Wardwell</u>, 8 N.Y.3d 428, 434, 834 N.Y.S.2d 705, 708 (2007).

  Federal trademark law, <u>i.e.</u>, the Lanham Trademark Act, 15 U.S.C. §1051 <u>et</u>

<u>seq.</u>, is not an essential element of Plaintiffs' legal malpractice claims.  Plaintiffs are not

asserting a claim or seeking a remedy created by the Lanham Act and have not alleged that

any substantial or disputed issue of federal law is raised by the claims against Paul Hastings.

The Act is not a necessary element in proving whether Defendants were sufficiently diligent

in pursuing Plaintiffs' trademark applications or supervising foreign law firms.  In short,

whether Defendants satisfied the standard of care in this case has nothing to do with any

question of federal trademark law.  Moreover, with respect to the claim that Defendants

failed to adequately supervise foreign law firms with respect to overseas trademark

applications, there is no allegation that any aspect of United States <u>federal</u> law is implicated

by this claim.  Thus, Plaintiffs can prevail or lose on each of their claims based on state law.

  Under Plaintiffs' interpretation of federal question jurisdiction, virtually every

legal malpractice action in which the underlying matter involved federal law would be

eligible to be heard in the federal courts. This is clearly not the law. In Herbst v. Viglianco,

No. 99 Civ. 1992, 1999 WL 362960 (S.D.N.Y. May 26, 1999), plaintiff brought state law

claims in connection with defendant's representation of plaintiff before the Immigration and

Naturalization Service ("INS"). The District Court held that there was no federal question

jurisdiction under 28 U.S.C. §1331, explaining:

> Plaintiff's complaint does not "arise under the Constitution, laws, or
> treaties of the United States," as required by 28 U.S.C. § 1331 for federal
> question jurisdiction. Plaintiff's claims are state law claims-breach of
> (employment) contract, fraud or misrepresentation of some sort, or perhaps
> even legal malpractice-but none of these claims become federal merely
> because Viglianco appeared before the INS or misrepresented her status to the
> INS.

> An analogy might help plaintiff Herbst to understand the distinction:
> if he hired a lawyer to represent him in this (or some other) case in federal
> court, and the lawyer misrepresented that he was an experienced federal court
> litigator admitted to practice in this Court, which was not true, and the
> lawyer's incompetence caused Herbst to lose his case, Herbst would have a
> claim for malpractice (and possibly other claims) against the lawyer. Such a
> claim would be a state law claim, not a claim arising under the laws of the
> United States as required by 28 U.S.C. § 1331 for federal question jurisdiction.

1999 WL 362960, at *4.

In Peyser v. Searle Blatt & Co., Ltd., No. 99 Civ. 10785, 2003 WL 22902590

(S.D.N.Y. Dec. 9, 2003), plaintiffs commenced an action in federal court asserting claims

under the Lanham Act and the Copyright Act with respect to defendants' alleged wrongful

copying of a knitting stitch that plaintiffs claimed to have developed and utilized in various

women's garments. Plaintiffs had been represented by different law firms during the long

running lawsuit and eventually filed a motion to add a legal malpractice claim against one

12

of their former attorneys. 2005 WL 22902590, at *3. The District Court denied the motion

on subject matter jurisdiction and other grounds, reasoning that to "the extent that they seek

monetary damages from their former attorneys, they are in the wrong court (legal malpractice

being a claim under state law)," and that there was "no information suggesting that diversity

of citizenship exists between plaintiffs and their former attorneys." Id.

In Adamasu v. Gifford, Krass, Groh, Sprinkle, Anderson & Citkowski, P.C.,

409 F.Supp.2d 788 (E.D. Mich. 2005), plaintiff, a patent owner, sued a law firm and an

attorney for legal malpractice. Plaintiff alleged that defendants' filing of a "continued patent

application" was not the appropriate response to the United States Patent and Trademark

Office's action regarding plaintiff's patent, which allegedly caused him damages in excess

of $5 million. Id. at 790-91. Defendants removed the action to federal court, alleging that

determination of plaintiff's malpractice claim required the "'resolution of [a] substantial

question of Federal Law and dispute between the parties.'" Id. The District Court remanded

the case because, "at the heart of this case is [plaintiff's] claim that the defendants were

negligent by failing to perform as reasonably prudent attorneys." Id. at 792. The District

Court observed:

> Defendants attempt to invoke the Court's federal-question jurisdiction solely
> because the subject matter of their representation of Adamasu involved a
> United States patent. Simply because the defendants rendered advice on a
> matter governed by federal law and prosecuted a patent through a federal
> agency does not constitute an issue that "arises under any Act of Congress
> relating to patents," as 28 U.S.C. § 1338 requires.

409 F.Supp.2d at 792 (emphasis added).

In Hughley v. Weinstock, Friedman & Friedman, PA, No. 06-88, 2006 WL 2244574 (D.C. Aug. 4, 2006), plaintiff sued a law firm and certain attorneys, alleging legal malpractice, fraud, and misrepresentation arising from defendants' alleged failure to properly prosecute plaintiff's Title VII action. Defendants removed the case to federal court, arguing that "the allegations Hughley makes in her complaint relate to the defendants' legal representation of Hughley in her federal employment discrimination case." Id. at *2. Defendants contended that "because the underlying action of employment discrimination necessarily involves federal law, a substantial question of federal law is a necessary element of Hughley's claim and therefore federal question jurisdiction is proper." Id. The District Court disagreed. It remanded the action, reasoning that the construction, validity, or application of federal law was not contested, the federal law was simply embodied as an element of the state law claim, and therefore there was no substantial or contested issue of federal law conferring federal question jurisdiction on the District Court. Id. at *3. As the District Court observed, "[a] state court can resolve ancillary matters of federal law to the extent necessary to determine the state law claim." Id. at *3. See also Pickens v. Gardner, No. 03-CV-40477, 2003 WL 22888957 (S.D. Iowa Dec. 3, 2003) (dismissing an action for legal malpractice for lack of subject matter jurisdiction where plaintiff claimed his lawyers negligently represented him in his employment discrimination case under the Americans with Disabilities Act).

14

Here, too, Plaintiffs attempt to improperly invoke federal question jurisdiction. As in the above-discussed cases, Plaintiffs' claims fundamentally assert state law rights and relief, and only incidentally involve federal trademark law. Plaintiffs have not alleged any "contested" or "substantial" federal issues warranting "a serious federal interest in claiming the advantages thought to be inherent in a federal forum." Grable & Sons Metal Products, Inc., 545 U.S. at 313, 125 S.Ct. at 2367.

The cases cited by Plaintiffs in their response to District Judge King's Order to Show Cause in the California federal action are easily distinguishable from the instant matter. Coddon Ex. D pp.4-5. Nazzaro v. Balber, No. 05 Civ. 2172, 2005 WL 1251785 (S.D.N.Y. May 25, 2005), was a legal malpractice case in which plaintiffs sued the attorneys who had represented them in a federal litigation against their employers asserting claims under the Employment Retirement Income Security Act of 1974, 29 U.S. §§100, et seq. ("ERISA"). 2005 WL. 1251785, at *1. Plaintiffs lost the underlying case based on an interpretation of the ERISA statute. Id.

Plaintiffs thereafter commenced a state court legal malpractice action and the attorney defendants removed the case to federal court arguing that resolution of ERISA issues were central to determining whether they were negligent. The District Court denied plaintiffs' motion to remand. The Court held that because plaintiffs were required to prove that but for the attorney defendants' negligence they would have been successful in the federal litigation under ERISA, there was federal question jurisdiction over the case. Id. at

15

*5. The District Court explained that "[b]ecause the resolution of substantial, disputed questions of federal law [plaintiffs' entitlement to compensation under the ERISA Plan] is necessary to establish an element of plaintiffs' well-pleaded state claims for attorney malpractice" the Court had subject matter jurisdiction. Id. at *6.

Unlike Nazzaro, Plaintiffs do not allege that there is any substantial or disputed question of federal trademark law presented by this case. Indeed, Plaintiffs again and again simply allege that Defendants were not diligent in applying for trademark protection for the marks at issue. Issues concerning the timeliness of trademark applications and whether Defendants were sufficiently diligent with respect to their prosecution do not raise substantial or disputed questions of trademark law under the Lanham Act. They simply raise questions concerning the applicable standard of care. Whether the course of conduct of an attorney in rendering professional services was reasonable is an issue decided every day in the state courts.

Moreover, Nazzaro does not accurately reflect the law of this Circuit concerning federal jurisdiction and ERISA. The Second Circuit has made it clear that in order for the "arising under" standard to be met with respect to a claim concerning ERISA, the party invoking federal question jurisdiction "must demonstrate that '(1) the state law cause of action is preempted by ERISA, and (2) that cause of action is "within the scope" of the civil enforcement provisions of ERISA § 502(a), 29 U.S.C. § 1132(a).'" Marcella v.

16

Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 45 (2d Cir. 2002)(quoting Plumbing Indus. Bd. v. E.W. Howell Co., 126 F.3d 61, 66 (2d Cir.1997)).

Nazzaro is also not in harmony with the Supreme Court's holding in Empire Healthchoice Assur., Inc., 126 S.Ct. at 2136, rendered after Nazzaro, that the "arising under" standard applies only to a "special and small category" of cases.

Plaintiffs also rely on West 14th Street Commercial Corp. v. 5 West 14th Owners Corp., 815 F.2d 188 (2d Cir. 1987) and Derrico v. Sheehan Emergency Hosp., 844 F.2d 22 (2d Cir. 1988)(Coddon Ex. D p. 5), but neither case supports the invocation of federal jurisdiction. In West 14th, the Second Circuit held that federal question jurisdiction existed because plaintiffs, who were seeking to enjoin a cooperative association from terminating certain commercial leases, asserted a federally created cause of action pursuant to the Condominium and Cooperative Abuse Relief Act, 14 U.S.C. §§3601-16. 815 F.2d at 193. The Second Circuit further held that even if plaintiffs did not have a statutorily created federal claim, the "arising under" standard was met because any state law claim they asserted would turn on a construction of the rights and relationships created by the Condominium Relief Act. Id. at 196. Thus, the Court held that there was a substantial federal question raised by any state law claim asserted by Plaintiffs.

In Derrico, the Second Circuit held that federal question jurisdiction existed over plaintiff's state law employment contract claim because federal labor law was a "necessary predicate to his claim" and ultimately preempted his claim. 844 F.2d at 28-29.

17

In contrast to <u>West 14th</u> and <u>Derrico</u>, the instant action does not concern a cause of action created exclusively by the Lanham Act, construction of the Lanham Act is not decisive of or a necessary predicate to Plaintiffs' state law claims, and such state law claims are certainly not preempted by the Lanham Act. Therefore, Plaintiffs' allegation that the action "arises under" federal law is unsupportable because any federal trademark law issues are incidental to the more substantial state-law claims of their legal malpractice action. Accordingly, the action should be dismissed for lack of subject matter jurisdiction pursuant to Sections 1331 and 1338.

## POINT II

### IN THE ALTERNATIVE, THE ACTION SHOULD BE DISMISSED AS AGAINST DEFENDANTS MYERS AND CLAYTON BECAUSE NO CLAIM IS STATED AGAINST EITHER OF THEM

If for any reason the Court does not dismiss the action for lack of subject matter jurisdiction, it is respectfully submitted that this action should be dismissed as against Defendants Rebecca Kelder Myers and Catherine M. Clayton for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). Plaintiffs do not make a single specific allegation of negligence or malpractice against either of these individual Defendants. Instead, Plaintiffs merely allege that Myers and Clayton were attorneys assigned to the matter and then lump them together with the firm and Chang as "Defendants" in all of their allegations. Coddon Decl. Ex. B (Am. Compl.) ¶33. Both Ms. Myers and Ms. Clayton, as well as Ms. Chang who has not yet been served, were or are associates at Paul Hastings.

18

Coddon Decl. ¶5. No partner of the firm has been sued. Before dragging these two young lawyers through a lawsuit alleging that they committed legal malpractice and tarnishing their reputations, Plaintiffs should, at a minimum, be required to aver specific alleged negligent acts or omissions committed by each of them to support their Complaint. As the Amended Complaint reads now, the only specific allegation against them is that the two of them were assigned to this matter by the firm.

Under New York law, to sustain a cause of action for legal malpractice, a plaintiff must allege facts showing that the attorney was negligent, that the negligence was the proximate cause of the loss sustained, and actual damages. McCoy v. Feinman, 99 N.Y.2d 295, 302, 755 N.Y.S.2d 693, 697 (2002); Reibman v. Senie, 302 A.D.2d 290, 756 N.Y.S.2d 164 (1st Dep't 2003); Between The Bread Realty Corp. v. Salans Hertzfeld Heilbronn Christy & Viener, 290 A.D.2d 380, 736 N.Y.S.2d 666, 668 (1st Dep't), lv. to appeal denied, 98 N.Y.2d 603, 745 N.Y.S.2d 502 (2002).

Plaintiffs' failure to allege any of these essential elements against Clayton or Myers requires dismissal of this action as against them. Levy v. Greenberg, 19 A.D.3d 462, 798 N.Y.S.2d 443, 444 (2d Dep't 2005); Sonnenschine v. Giacomo, 295 A.D.2d 287, 744 N.Y.S.2d 396, 397 (1st Dep't 2002); Ippolito v. McCormack, Damiani, Lowe & Mellon, 265 A.D.2d 303, 696 N.Y.S.2d 203, 204 (2d Dep't 1999); Hutt v. Kanterman & Taub, P.C., 280 A.D.2d 379, 379-80, 720 N.Y.S.2d 781 (1st Dep't), lv. to appeal denied, 96 N.Y.S.2d 713, 729 N.Y.S.2d 440 (2001).

19

Therefore, this action as against Defendants Myers and Clayton should be dismissed under Rule 12(b)(6) for failure to state a claim.

## CONCLUSION

For each of the foregoing reasons, Defendants Paul, Hastings, Janofsky & Walker, LLP, Rebecca Kelder Myers, and Catherine M. Clayton respectfully request that their motion to dismiss be granted.

Dated: New York, N.Y.
     January 17, 2008

                    KAVANAGH MALONEY & OSNATO LLP

                    By _James J. Maloney_
                        James J. Maloney
                    Attorneys for Defendants Paul, Hastings,
                      Janofsky & Walker, LLP, Rebecca Kelder Myers,
                      and Catherine M. Clayton
                    415 Madison Avenue
                    New York, N.Y. 10017
                    212-207-8400

Of Counsel:
   David F. Bayne
   Steven M. Cordero

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )

                    ss.:

COUNTY OF NEW YORK)

       The undersigned, being duly sworn, deposes and says:

       Deponent is not a party to the action, is over 18 years of age and resides at 226 East 74th Street, New York, NY.

       That on January 17, 2008 deponent served the annexed

### MEMORANDUM OF LAW IN SUPPORT OF CERTAIN DEFENDANTS' MOTION TO DISMISS THE ACTION

## BY MAIL

on

Brian T. Egan, Esq., Egan & Golden, LLP, 475 East Main Street, Suite 114, Patchogue, NY 11772, Attorneys for Plaintiffs

by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
Harriet Lobl

Sworn to before me this
    th day of January, 2008

_____
Notary Public

STEVEN MARK CORDERO
Notary Public, State of New York
No. 02CO6059031
Qualified in Queens County
Commission Expires May 21, 20__