UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
KAT HOUSE PRODUCTIONS, LLC d/b/a SURF CHICK,        07 CV 9700
KATHLEEN MERRICK, PATRICIA J. WAGNER and            (BSJ) (MHD)
AURORA CONTRERAS,

                                      Plaintiffs,

       -against-

PAUL HASTINGS, JANOFSKY & WALKER, LLP,
REBECCA KELDER MYERS, KATHERINE CHANG
and CATHERINE M. CLAYTON,

                                      Defendants.
------------------------------------------------------------------------X

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(1) & 12(b)(6)**

                          **EGAN & GOLDEN, LLP**
                          *Attorneys for Plaintiffs*
                          475 East Main Street, Suite 114
                          Patchogue, New York 11772
                          (631) 447-8100

*Of Counsel:*
Brian T. Egan, Esq.
Justine Tocci, Esq.

**TABLE OF CONTENTS**

**PAGE**

TABLE OF AUTHORITIES ................................................................................................1

STATEMENT OF FACTS ...................................................................................................3

STANDARD OF REVIEW ..................................................................................................3

POINT I
DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(B)(1)
SHOULD BE DENIED SINCE THIS COURT HAS SUBJECT MATTER
UNDER 28 U.S.C. §1331 …………………………………………………………….. 5

POINT II
THE COMPLAINT ADEQUEATELY STATES A CAUSE OF ACTION AGAINST
DEFENDANTS MYERS & CLAYTON REQUIRING DENIAL OF THE FRCP
12(b)(6)…………………………………………………………….................. 13

# TABLE OF AUTHORITIES

**PAGE**

**STATUTES**

28 U.S.C. § 1331 ................................................................................................ 3

Fed. R. Civ. P. 8(a)(2) ....................................................................................... 4

**CASES**

Starkey v. Somers Central School Dist............................................................. 3, 4 & 15
319 F.Supp.2d 410 (SDNY 2004)

Gentile v. Town of Huntington ......................................................................... 3
 288 F.Supp.2d 316 (EDNY 2003)

Smith v. Masterson, 2006 WL 2883009 (SDNY 2006) ................................... 3

Hanig v. Yorktown Cent. School Dist.
384 F.Supp.2d 710 (SDNY 2005) .................................................................... 3

Elmaghraby v Ashcroft, 2005 WL 2375202 (EDNY 2005) ............................. 4, 14 & 16

Bell v. Leakas, 1993 WL 77320 (SDNY 1993) ................................................ 4, 14

Hubbell Inc. v. Pass & Seymour, Inc., 883 F.Supp. 955 (SDNY 1995) ........... 4, 14

Owens v. Suter, 2003 WL 942554 (SDNY 2003) ............................................ 4, 15

Greenblatt v. Delta Plumbing & Heating Corp.
 68 F.3d 561 (2d Cir. 1995)................................................................................ 5, 6

Bracey v. Board of Educ. Of City of Bridgeport
 368 F.3d 108 (D. Conn. 2004)........................................................................... 5, 6, & 9

Am. Well Works Co. v. Layne & Bowler Co.,
241 U.S. 257, 260, 36 S.Ct. 585, 60 L.Ed. 987 (1916) .................................... 5

Fermin v. Moriarty, 2003 WL 21787351 (SDNY 2003) ................................. 5

Greenberg v. Bear, Stearns & Co., 220 F.3d 22, 25 (2d Cir.2000) ................. 5

Franchise Tax Bd. v. Constr. Laborers Vacation Trust

463 U.S. 1, 27-28, 103 S.Ct. 2841, 77 .Ed.2d 420 (1983)……………………………….     5

T.B. Harms Co. v. Eliscu, 339 F.2d 823, 827 (2d Cir.1964) …………………..     6

381 U.S. 915, 85 S.Ct. 1534, 14 L.Ed.2d 435 (1965)……………………………..     6

West 14th Street Commercial Corp. v. 5 West 14th Owners Corp.
 815 F.2d 188 (2d Cir.1987) ……………………………………………………     7

Derrico v. Sheehan Emergency Hospital, 844 F2d 22 (2d Cir. 1988) ……………….     7

Smith v. Kansas City Title & Trust Co.
255 U.S. 180, 201, 41 S.Ct. 243, 245-46, 65 L.Ed. 577 (1921) …………………..     7

Herbst v. Viglianco, 1999 WL 362960 (SDNY 1999) …………………………..     7, 8,

Peyser v. Searle Blatt & Co., Ltd., 2003 WL 22902590 (SDNY 2003) …………….     8

Bracey v. Board of Educ. Of City of Bridgeport
368 F.3d 108 (D. Conn. 2004) ………………………………………………….     5, 9

Nazzaro v. Balber, 2005 WL 1251785 (SDNY 2005) ……………………………….     9, 12,

( Darby & Darby, P.C. v. VSI Intern., Inc.
268 A.D.2d 270 [1st Dept] affd, 739 N.E.2d 744 [2000] ) ……………………….     10

( Franklin v. Ward, 199 A.D.2d 220 [1st Dept 1993]) ………………………….     10

Stroock & Stroock & Lavan v. Beltramini
157 A.D.2d 590, 591 [1st Dept 1990] ) ……………………………………….     10

Richard v. Rosenman Colin Freund Lewis & Cohen
1985 WL 2878 (SDNY 1985) ………………………………………………..     11

Flutie Bros. v. Hayes, 2006 WL 1379594 ………………………………………     12

Gupta v. Rubin, 2001 WL 59237 (SDNY 2001) ……………………………………     14

**STATEMENT OF FACTS**

In the interests of brevity and to avoid repetition, plaintiffs respectfully refer the Court to the Preliminary Statement and Summary of Argument contained in the accompanying Affidavit of Brian T. Egan, Esq., sworn to on February 1, 2008.

**STANDARD OF REVIEW**

    A.    *Standard of Review Under Rule 12(b)(1)*

"When considering a motion to dismiss pursuant to Rule 12(b)(1), the court must take all facts alleged in the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff." Starkey v. Somers Central School Dist., 319 F.Supp.2d 410 (SDNY 2004); *see also*, Gentile v. Town of Huntington, 288 F.Supp.2d 316 (EDNY 2003) "The party asserting subject matter jurisdiction has the burden of proving, by a preponderance of the evidence, that the court has subject matter jurisdiction." Smith v. Masterson, 2006 WL 2883009 (SDNY 2006) (*citations omitted*). "When determining whether subject matter jurisdiction exists, a court may properly refer to evidence beyond the pleadings to resolve disputed jurisdiction facts." Hanig v. Yorktown Cent. School Dist., 384 F.Supp.2d 710 (SDNY 2005). "Dismissal is inappropriate unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief." Starkey, *supra*.

In light of this well-settled standard, it is respectfully submitted that for the reasons set forth more fully below, defendants' motion to dismiss pursuant to Rule 12(b)(1) must be denied since this Court has subject matter jurisdiction under 28 U.S.C. §1331.

    B.    *Standard of Review Under Rule 12(b)(6)*

In considering a motion to dismiss under Rule 12(b)(6), the Court is required to accept as true the factual assertions in the complaint and construe all reasonable inferences in favor

of the plaintiff. Elmaghraby v Ashcroft, 2005 WL 2375202 (EDNY 2005). "The standard of review on a motion to dismiss is heavily weighed in favor of plaintiff." Bell v. Leakas, 1993 WL 77320 (SDNY 1993). Dismissal may be granted only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Elmaghraby, *supra* (*citations omitted*). "Thus, a federal court's task in determining the sufficiency of a complaint is 'necessarily a limited one.'" Id. (*citations omitted*) "The appropriate inquiry is 'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" Id. (*citations omitted*). Service of defendants' motion makes clear that their motion must fail, as "Rule 12(b)(6) imposes a substantial burden of proof upon the moving party." Hubbell Inc. v. Pass & Seymour, Inc., 883 F.Supp. 955 (SDNY 1995).

Furthermore, "Fed. R. Civ. P. 8(a)(2) requires 'a short and plain statement of the claim showing that the pleader is entitled to relief,' and Rule 8(e)(1) requires that each averment of a pleading be 'simple, concise, and direct.'" Owens v. Suter, 2003 WL 942554 (SDNY 2003) (*citations omitted*). "A pleading 'does not have to set out in detail the facts on which the claim for relief is based,' but must give the court and the defendant 'fair notice of what that plaintiff's claim is and the grounds upon which it rests.'" Id. (*citations omitted*) "Given the Federal Rules' simplified standard for pleading, 'a court may dismiss a complaint *only* if it is clear that no relief could be granted under *any* set of facts that could be proved consistent with the allegations.'" Starkey, *supra*.

For the reasons set forth more fully below, it is submitted that plaintiff's complaint alleges sufficient facts to support plaintiffs' claims against Meyers and Clayton. Accordingly, defendants' grossly premature motion to dismiss should be denied in its entirety.

**POINT I**

**DEFENDANTS' MOTION TO DISMISS PURSUANT TO**

4

### RULE 12(b)(1) SHOULD BE DENIED SINCE THIS COURT HAS SUBJECT MATTER UNDER 28 U.S.C. §1331

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Greenblatt v. Delta Plumbing & Heating Corp., 68 F.3d 561 (2d Cir. 1995). Federal jurisdiction is typically based on the fact that federal law creates the plaintiff's asserted cause of action. Bracey v. Board of Educ. Of City of Bridgeport, 368 F.3d 108 (D. Conn. 2004). *See*, Am. Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260, 36 S.Ct. 585, 60 L.Ed. 987 (1916) ("A suit arises under the law that creates the cause of action."). With particular relevance to this case, the Bracey case noted the well settled distinction that "a plaintiff need not allege a cause of action created by federal law for the case to arise under federal law." Bracey, *supra*. (*emphasis added*). In this case, while legal malpractice is not a cause of action "created under federal law, the negligent conduct of mishandling plaintiffs' matter is one that solely "arises" under federal trademark regulations.

"Federal question jurisdiction [also] exists where a well-pleaded complaint 'establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Fermin v. Moriarty, 2003 WL 21787351 (SDNY 2003) (*citing*, Greenberg v. Bear, Stearns & Co., 220 F.3d 22, 25 (2d Cir.2000) (*quoting* Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Id. "Rather, a district court must 'look to the nature of the federal question raised in the claim to see if it is sufficiently substantial to warrant federal jurisdiction.'" Id.

There is no "bright line test" governing the court's inquiry as to whether federal

5

jurisdiction exists. Greenblatt v. Delta Plumbing & Heating Corp., 68 F.3d 561 (2d Cir. 1995). "The Supreme Court has instructed that a federal questions is sufficiently substantial to support federal jurisdiction if 'the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" Bracey, *supra*, (*citing*, Franchise Tax Bd., 463 U.S. at 9, 103 S.Ct. 2841). "'Leading commentators have suggested that for purposes of §1331 an action 'arises under' federal law if in order for the plaintiff to secure the relief sought he will be obliged to establish both the correctness and the applicability to his case of a proposition of federal law.'" Id. (*citing* Franchise Tax Bd., *supra*) S*ee also*, T.B. Harms Co. v. Eliscu, 339 F.2d 823, 827 (2d Cir.1964) ("Even though the claim is created by state law, a case may 'arise under' a law of the United States if the complaint discloses a need for determining the meaning or application of such a law."), *cert. denied*, 381 U.S. 915, 85 S.Ct. 1534, 14 L.Ed.2d 435 (1965).

It is respectfully submitted that in the case at bar, plaintiffs' claim for legal malpractice exclusively depends on resolution of a substantial question of federal law. In order to determine whether plaintiffs will be entitled to relief, the Court will be required to interpret the federal trademark law to assess whether defendants would have been able to successfully secure the necessary trademarks for plaintiffs, whether the marks in question were available for registration in the United States, whether the marks were available for foreign trademark registration, and whether plaintiffs would have been entitled to damages and profits in an infringement lawsuit under the federal trademark against the competitors that allegedly infringed upon plaintiffs' marks. A resolution of all of these issues will require that the Court interpret and apply federal trademark law. Therefore, the federal trademark law is the direct focus of the case and the central element of plaintiffs' claim for legal malpractice. *See e.g.*, West 14th Street Commercial Corp. v. 5 West 14th Owners Corp., 815 F.2d 188 (2d Cir.1987) (holding federal jurisdiction was proper where a state-

law cause of action for ejectment required as an element the plaintiff's establishment of current right to possession, and that right was conferred by federal law, the federal law formed an ingredient of the well-pleaded complaint and thus would support federal jurisdiction); Derrico v. Sheehan Emergency Hospital, 844 F2d 22 (2d Cir. 1988) (holding state-law breach of contract action itself required plaintiff to prove the existence of a contract, and the plaintiff asserted in its complaint that the contract arose by implication under federal law); Smith v. Kansas City Title & Trust Co., 255 U.S. 180, 201, 41 S.Ct. 243, 245-46, 65 L.Ed. 577 (1921) (holding that where state law gave shareholder cause of action to enjoin corporation from purchasing illegal bonds, plaintiff's allegation that federal bonds were illegal because issued in violation of United States Constitution supported federal questions jurisdiction). Therefore, defendants' motion to dismiss should be denied.

Defendants' reliance upon Herbst v. Viglianco, 1999 WL 362960 (SDNY 1999), to oust this Court of jurisdiction is misplaced. In Herbst, plaintiff *pro se*, brought an action against an attorney he hired to handle an immigration matter. The Court, *sua sponte*, ordered plaintiff to show cause as to the basis for federal subject matter jurisdiction. Id. Plaintiff responded to the Order to Show Cause and "cited no case law or other legal authority, but merely reiterated that because defendant Viglianco misrepresented her credentials before the INS, the complaint alleged a claim for 'intentional torts of U.S. Immmigration fraud.'" Id. The Court dismissed the action for lack of federal subject matter jurisdiction stating that "none of [plaintiff's] claims become federal merely because Viglianco appeared before the INS or misrepresented her status to the INS." Id. In addition, the Court stated "frankly, the Court is not exactly sure what plaintiff's claims are." Id. Therefore, Herbst is unquestionably distinguishable from the case at bar. Here, plaintiffs have asserted a well-pleaded claim for legal malpractice, the resolution of which turns exclusively on the

7

interpretation and application of federal trademark law.

In addition, defendants' reliance upon <u>Peyser v. Searle Blatt & Co., Ltd.</u>, 2003 WL 22902590 (SDNY 2003) is similarly misguided. In <u>Peyser</u>, plaintiff was also *pro se*, and brought an Order to Show Cause against two (2) different sets of attorneys that previously represented plaintiff prior to plaintiff proceeding *pro se*, alleging various acts of misconduct committed by the attorneys. The Court discussed the endemic delays and confusion that surrounded plaintiff's *pro se* representation, and further stated that "[b]ecause of the meritless nature of the application" the Court chose to act upon it *sua sponte* without requiring any input from defendants or plaintiff's former attorneys. <u>Id</u>. Defendants' statement that the Court "denied the motion on subject matter jurisdiction and other grounds" is a distortive exaggeration. (Defendants' Memoranda of Law, p. 13). The Court never engaged in subject matter jurisdiction analysis but merely stated in dicta that legal malpractice was a state law claim and, in any event, that plaintiffs could not use the lawsuit as a vehicle to assert malpractice claims against their former attorneys. <u>Id</u>. The Court also stated that the "evidentiary submissions [in support of the order to show cause] do not support in the slightest, their complaints about those attorneys." <u>Id</u>. Therefore, <u>Peyser</u> has no application to the case at bar. In the instant matter, plaintiffs' claim for legal malpractice necessarily depends upon the resolution of a substantial question of federal law, since the Court will be required to interpret and construe federal trademark law in addressing plaintiffs' claims, a body of law in which this Court does not have concurrent jurisdiction with the state courts, but exclusive jurisdiction.

In <u>Bracey v. Board of Educ. Of City of Bridgeport</u>, 368 F.3d 108 (D. Conn. 2004), the plaintiff claimed that the defendant violated his rights under a Connecticut State statute that related to the exercise of an employee's rights under the First Amendment of the United States Constitution and the Connecticut Constitution. <u>Id</u>. In determining whether federal jurisdiction

8

existed, the court addressed the issue of whether Bracey's state law claim "'necessarily turn[s] on some construction of federal law.'" Id. (*citations omitted*). The plaintiff "allege[d] that on the face of his well-pleaded complaint, that the Board violated his rights as established under [the Connecticut statute] by either the United States or the Connecticut Constitution." Id. The court held that the district court was correct in exercising federal jurisdiction over the claim, concluding that "the vindication of Bracey's state law rights as asserted in his well-pleaded [complaint] requires that the court 'construe' federal First Amendment law and 'evaluate [its] scope.'" Id. (*citations omitted*).

Similarly, in the instant matter, plaintiffs' right to relief will depend upon the resolution of a substantial disputed question of federal law. Plaintiffs' claim for malpractice arises solely out of defendants' failure to properly secure certain trademarks for plaintiffs in accordance with federal trademark law. Therefore, a proper determination of whether defendants committed legal malpractice will require the Court to interpret and apply the procedures and practices of federal trademark law.

In Nazzaro v. Balber, 2005 WL 1251785 (SDNY 2005), with facts strikingly similar to the case at bar, plaintiff's complaint was comprised of four causes of action all surrounding a claim for legal malpractice. Id. No strictly federal claims were stated. Id. However, the court stated "[e]ven though state law creates appellant's causes of action, its case might still 'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." Id.

Similar to the complaint in the instant matter, plaintiff's first cause of action in Nazzaro alleged as follows:

9

> [N]egligently failed to render competent legal service, negligently failed to initiate proper legal proceedings, negligently failed to state a cause of action, failed to amend the complaint within appropriate time limits, failed to bring an action sounding in fraud, although there were adequate factual circumstances to bring the cause of action in fraud, failed to cross-move to amend, failed to seek leave to amend the complaint, failed to allege a breach of a covenant, failed to bring an action sounding in RICO, although there were adequate factual circumstances to bring the cause of action and failed to bring an action in State Court.

Id. The court stated that the allegations of the remaining three causes of action were comparable.

Id.

> The court further stated:
>
> In order to properly plead a claim for legal malpractice, defendant must allege (1) the negligence of the attorney, that is to say, that the attorney failed to exercise "the ordinary reasonable skill and knowledge" commonly possessed by a member of the legal profession (Darby & Darby, P.C. v. VSI Intern., Inc., 268 A.D.2d 270 [1st Dept] affd, 739 N.E.2d 744 [2000] ); (2) that the negligence was the proximate cause of the loss, and (3) proof of actual damages as a direct result of the attorney's actions (Franklin v. Ward, 199 A.D.2d 220 [1st Dept 1993] ). As to the latter of the three elements, a legal malpractice cause of action is subject to dismissal where the complaint fails to set forth the requisite allegation, that "but for" the attorneys' alleged malpractice, the plaintiff would not have sustained some actual ascertainable damages (Franklin, supra; Stroock & Stroock & Lavan v. Beltramini, 157 A.D.2d 590, 591 [1st Dept 1990] ).

Id. In order for plaintiff to establish that "but for" the defendants' negligence, "they would have succeeded in obtaining actual damages in the underlying action – that is, that they would have won on the merits of at least some part of their original cause of action." Id. "This is often described as a 'lawsuit within a lawsuit.'" Id. (*citations omitted*).

In assessing whether federal jurisdiction existed over plaintiff's state law claim for legal malpractice, the court explained:

> It is at least conceptually possible that plaintiffs intend to limit their claim (and therefore any potential damages awards) to a showing that but for defendants' negligent practice, they would have recovered monetary damages

10

> on their claim against the defendants in the underlying cases for breach of the implied covenant of good faith and fair dealing. If so, then plaintiffs' action would be limited to a state claim, and the case should be remanded to state court.
>
> On the other hand, plaintiffs may intend to attempt to establish that the defendants were negligent in their representation with respect to federal claims: that they were entitled to severance pay and/or deferred compensation arising from their *ERISA* benefits plans, perhaps on a theory that their rights had vested prior to termination of their employment contracts; or that plaintiffs were entitled to compensation from the FDIC arising under FIRREA. <u>Each of these claims would turn upon a substantial, disputed question of federal law. Therefore, if it is plaintiffs' intention to seek damage awards arising from these claims, federal jurisdiction would be proper.</u>
>
> I find that this is indeed plaintiffs' intent. (Id.) (*emphasis added*).

<u>Id</u>.

Therefore, the court held that "plaintiffs' pleading compels the inference that plaintiffs intend to argue underlying claims arising from federal law in their suit for malpractice against their former counsel." <u>Id</u>. Since the resolution of a "substantial, disputed question of federal law" was necessary to establish an element of plaintiffs' well-pleaded state claims for legal malpractice, the court held that there was federal question subject matter jurisdiction over the case. <u>Id</u>. *Cf*; <u>Richard v. Rosenman Colin Freund Lewis & Cohen</u>, 1985 WL 2878 (SDNY 1985) (declining to hold that federal jurisdiction existed over legal malpractice claim where "to the limited extent that the interpretation or consideration of federal law will be required insofar as it is necessary to apply the objective test required in a legal malpractice claim, the New York State courts are fully capable of interpreting federal law, and interpretation of federal law does not invariably raise a substantial question of federal law.")

In the case at bar, in order for plaintiffs to succeed on their claim for legal malpractice, plaintiff must establish that "but for" the defendants' negligence, "they would have

11

succeeded in obtaining actual damages in the underlying action – that is, that they would have won on the merits of at least some part of their original cause of action." Nazzaro. Therefore, resolution of a substantial question of federal law, namely the federal trademark law, will be necessary to establish an element of plaintiffs' claim for legal malpractice.

> In Nazzaro, the court stated:
>
>> The element of causation is established if, but for the attorney's negligence, the client would not have suffered the actual damages proved. . .The causation element requires the trial court in the malpractice action to determine what the court in the underlying action 'would have done, using the same standards [that court] would have applied.
>>
>> * * *
>>
>> [Causation is] a question that the malpractice court must resolve by determining what the court in the underlying action would have done if the attorney had conducted plaintiff's case properly: or, to put the proposition more precisely, would the plaintiff have won his case? That is the meaning and effect of the 'but for' test.

Id. See also, Flutie Bros. v. Hayes, 2006 WL 1379594 ("The 'but for' prong requires the trier of fact in effect [to] decide a lawsuit within a lawsuit, because it demands a hypothetical re-examination of the events at issue absent the alleged malpractice.") Therefore, defendants' contention that plaintiffs' claims "simply raise questions concerning the applicable standard of care" is without merit and fails to adequately appreciate the analysis that will be required of the Court in addressing plaintiffs' legal malpractice claims.

A determination of whether plaintiffs have established the proximate cause element of plaintiffs' claim for legal malpractice, will require the resolution and application of the procedures and practices of the federal trademark law. The Court will be required to construe the federal trademark law to determine whether defendants would have been able to successfully and timely

12

secure the necessary trademarks for plaintiffs. For instance, the Court will have to determine whether the marks in question were available for registration in the United States, whether the marks were available for foreign trademark registration, and whether plaintiffs would have been entitled to damages and profits in an infringement lawsuit under the federal trademark against the competitors that allegedly infringed upon plaintiffs' marks. As such, a resolution of these issues requires far more than an mere analysis of the standard of care to be exercised by an attorney. The Court will be required to interpret and apply federal trademark law to address these issues. Therefore, the federal trademark law is directly implicated and related to the central elements of plaintiffs' claim for legal malpractice.

Accordingly, since the resolution of plaintiffs' claims and plaintiffs' right to relief necessarily depends upon the resolution of substantial questions of federal trademark law, this Court properly has federal subject matter jurisdiction and defendants' motion to dismiss the complaint must be dismissed.

## POINT II

**THE COMPLAINT ADEQUATELY STATES A CAUSE OF ACTION AGAINST DEFENDANTS MEYERS & CLAYTON REQUIRING DENIAL OF THE FRCP 12(B)(6) MOTION**

In considering a motion to dismiss under Rule 12(b)(6), the Court is required to accept as true the factual assertions in the complaint and construe all reasonable inferences in favor of the plaintiff. Elmaghraby v Ashcroft, 2005 WL 2375202 (EDNY 2005). "The standard of review on a motion to dismiss is heavily weighed in favor of plaintiff." Bell v. Leakas, 1993 WL 77320 (SDNY 1993). "Rule 12(b)(6) imposes a substantial burden of proof upon the moving party." Hubbell Inc. v. Pass & Seymour, Inc., 883 F.Supp. 955 (SDNY 1995). "Dismissal may be granted

13

only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Elmaghraby, *supra* (*citations omitted*).

"Under New York law, an action for damages for legal malpractice or for negligence requires proof of the following elements: (a) a duty; (b) a breach of duty; and (c) actual damages 'proximately caused by the breach of the duty.'" Gupta v. Rubin, 2001 WL 59237 (SDNY 2001) (*citations omitted*) (denying motion to dismiss). At this early stage, defendants cannot meet their "substantial burden" of proof to demonstrate that plaintiffs "can prove no set of facts in support of [their] claim which would entitle [them] to relief." Elmaghraby, *supra*. The complaint is replete with allegations 1) that defendants were retained by plaintiffs to secure certain trademarks, 2) that defendants breached their professional duty in failing to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession by failing to timely and properly complete the trademark applications pursuant to applicable federal law, 3) which negligence was the proximate cause of various competitors infringing on plaintiffs' mark, which resulted in significant damages and the substantial diminution of plaintiffs' mark and severely compromised plaintiffs' worldwide ability to manufacture, sell and sub-license the marks. Clayton and Myers (along with Katherine S. Chang) were the attorneys at Paul Hastings responsible for handling plaintiffs' matter. Accordingly, all of these allegations are asserted against defendants Clayton and Myers.

Moreover, "Fed. R. Civ. P. 8(a)(2) requires 'a short and plain statement of the claim showing that the pleader is entitled to relief,' and Rule 8(e)(1) requires that each averment of a pleading be 'simple, concise, and direct.'" Owens v. Suter, 2003 WL 942554 (SDNY 2003) (*citations omitted*). "A pleading 'does not have to set out in detail the facts on which the claim for relief is based,' but must give the court and the defendant 'fair notice of what that plaintiff's claim is

14

and the grounds upon which it rests.'" Id. (*citations omitted*) "Given the Federal Rules' simplified standard for pleading, 'a court may dismiss a complaint *only* if it is clear that no relief could be granted under *any* set of facts that could be proved consistent with the allegations.'" Starkey, *supra*.

Defendants arguments are woefully inadequate to meet defendants' substantial burden of proof on a motion to dismiss pursuant to Rule 12(b)(6). Defendants' contention that "[p]laintiffs do not make a single specific allegations of negligence or malpractice against either of [the] individual defendants" is utterly specious. Each and every one of the allegations of the complaint properly refers to the "defendants" collectively. In addition, defendants' claim that plaintiffs are "dragging these two young lawyers through a lawsuit alleging that they committed legal malpractice and tarnishing their reputations" and that "[n]o partner of the firm has been sued" is irrelevant in the Court's analysis on a motion to dismiss pursuant to Rule 12(b)(6). Furthermore, defendants Clayton and Meyers were the individual attorneys assigned to work on plaintiffs' file. As such, it is not only appropriate, but necessary for plaintiffs to name Clayton and Meyers as individual defendants. It is evident that defendants' merely seek to have the individual attorneys names dismissed from this lawsuit and for the lawsuit to proceed against the firm as a whole. However, defendants' have failed to meet the substantial burden of proof imposed upon the moving party on a motion to dismiss to demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Elmaghraby, *supra* (*citations omitted*). Accordingly, defendants' motion to dismiss the complaint against the individual defendants Clayton and Myers should be denied in its entirety.

## **CONCLUSION**

By reason of the foregoing arguments and points of law referenced herein, plaintiffs respectfully request that defendants' motion to dismiss the Complaint pursuant to Rule 12(b)(1) and

15

12(b)(6) of the Federal Rules of Civil Procedure be denied in its entirety, and for such further and different relief as this Court deems just and proper.

Dated: Patchogue, New York
      February 1, 2008

                                   **EGAN & GOLDEN, LLP**
                                   *Attorneys for Plaintiffs*

                                   _____
                                      Brian T. Egan. Esq. (BE 1260)
                                   475 East Main Street, Suite 114
                                   Patchogue, New York 11772
                                   (631) 447-8100