UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x      [ECF Case]

KAT HOUSE PRODUCTIONS, LLC d/b/a SURF            07 CIV 9700 (BSJ)(MHD)
CHICK, KATHLEEN MERRICK, PATRICIA J.
WAGNER and AURORA CONTRERAS,

                         Plaintiffs,

            -against-

PAUL, HASTINGS, JANOFSKY & WALKER, LLP,
REBECCA KELDER MYERS, KATHERINE CHANG
and CATHERINE M. CLAYTON,

                         Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
CERTAIN DEFENDANTS' MOTION TO DISMISS THE ACTION

KAVANAGH MALONEY & OSNATO LLP
415 Madison Avenue
New York, NY 10017
212-207-8400
Attorneys for Defendants Paul, Hastings, Janofsky & Walker, LLP
Rebecca Kelder Myers and Catherine M. Clayton

# **TABLE OF AUTHORITIES**

Page

Cases

ATSI Communications v. Shaar Fund, Ltd., 493 F.3d 87 (2d Cir.2007) . . . . . . . . . . . . . 9

Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955 (2007) . . . . . . . . . . . . . 8

Bracey v. Board of Educ. of City of Bridgeport, 368 F.3d 108 (2d Cir. 2004) . . . . . . . 5, 6

Egan v. Marsh & McLennan Companies, Inc.,
        No. 07 Civ. 7134, 2008 WL 245511 (S.D.N.Y. Jan. 30, 2008) . . . . . . . . . . . . . . 9

Empire Healthchoice Assur., Inc. v. McVeigh,
        547 U.S. 677, 126 S.Ct. 2121 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Goldstein v. Pataki, ___ F.3d ___, 2008 WL 269100 (2d Cir. Feb. 1, 2008) . . . . . . . . . . . 8

Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.,
        545 U.S. 308, 125 S.Ct. 2363 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5, 7, 8

Iqbal v. Hasty, 490 F.3d 143 (2d Cir.2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Itar-Tass Russian News Agency v. Russian Kurier, Inc.,
        140 F.3d 442 (2d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Merrell Dow Pharmaceuticals Inc. v. Thompson,
        478 U.S. 804, 106 S.Ct. 3229 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7

Nazzaro v. Balber, No. 05 Civ. 2172,
        2005 WL 1251785 (S.D.N.Y. May 25, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Peyser v. Searle Blatt & Co., Ltd., No. 99 Civ. 10785,
        2003 WL 22902590 (S.D.N.Y. Dec. 9, 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Richard v. Rosenman Colin Freund Lewis & Cohen,
        No. 85 Civ. 4859, 1985 WL 2878 (S.D.N.Y. Oct. 2, 1985) . . . . . . . . . . . . . . . . . 4

Ryan v. Volpone Stamp Co., Inc., 107 F.Supp.2d 369 (S.D.N.Y. 2000) . . . . . . . . . . . . . 2

Sbarro, Inc. v. Karykous, No. 05 CV 2311,
 2005 WL 1541048 (E.D.N.Y. June 29, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

U.S. Fire Ins. Co. v. United Limousine Service, Inc.,
 328 F.Supp.2d 450 (S.D.N.Y. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Wellnx Life Sciences Inc. v. Iovate Health Sciences Research Inc.,
 516 F.Supp.2d 270 (S.D.N.Y. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## Statutes

28 U.S.C. §1331 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5, 8

28 U.S.C. §1332 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. §1338 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

28 U.S.C. §1367(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Lanham Trademark Act, 15 U.S.C. §1051 et seq. . . . . . . . . . . . . . . . . . . . . . . . . . 2-4, 7

New York Partnership Law §121-1502 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
CERTAIN DEFENDANTS' MOTION TO DISMISS THE ACTION**

This Reply Memorandum of Law is submitted on behalf of Defendants Paul,

Hastings, Janofsky & Walker, LLP ("Paul Hastings"), Rebecca Kelder Myers and Catherine

M. Clayton (collectively "Defendants") in further support of their motion to dismiss.

**POINT I**

**SUBJECT MATTER JURISDICTION IS LACKING PURSUANT
TO SUPREME COURT AND SECOND CIRCUIT PRECEDENT**

The commencement of this action in federal court exposes Plaintiffs'

fundamental misunderstanding of federal jurisdiction. Plaintiffs originally commenced this

action alleging jurisdiction solely on the ground of diversity of citizenship under 28 U.S.C.

§1332, although complete diversity was lacking. Moving Declaration of Eve M. Coddon,

dated January 16, 2008 ("Coddon Decl.") ¶3 and Ex. A (Compl.) ¶¶2-11. Upon having this

fact pointed out to them, Plaintiffs then amended their Complaint to claim that federal

question jurisdiction exists under 28 U.S.C. §1331. Coddon Decl. Ex. B (Am. Compl.) ¶11.

Defendants pointed out that the state and federal courts had concurrent

jurisdiction over claims relating to trademarks and even quoted the language of 28 U.S.C.

§1338 in their moving papers. Moving Memorandum of Law, dated January 17, 2008

("Mov. Mem.") 7. Plaintiffs ignore the clear language of the statute and argue erroneously

that because the federal courts have exclusive jurisdiction over trademarks, there is federal

question jurisdiction over their legal malpractice claims. Plaintiffs' Memorandum of Law

in Opposition dated February 1, 2008 ("Pl. Mem.") 8 ("[T]he Court will be required to

interpret and construe federal trademark law in addressing plaintiffs' claims, <u>a body of law</u>

<u>in which this Court does not have concurrent jurisdiction with the state courts, but exclusive</u>

<u>jurisdiction.</u>")(emphasis added).   On the contrary, Congress has expressly declared that

federal courts do not have exclusive jurisdiction over actions arising under federal trademark

law:

> The district courts shall have original jurisdiction of any civil action arising
> under any Act of Congress relating to patents, plant variety protection,
> copyrights, and <u>trademarks</u>. Such jurisdiction shall be <u>exclusive of the courts</u>
> <u>of the states in patents, plant variety protection and copyright cases</u>.

28 U.S.C. §1338(a)(emphasis added); <u>Sbarro, Inc. v. Karykous</u>, No. 05 CV 2311, 2005 WL

1541048, at *2 (E.D.N.Y. June 29, 2005)("[A]lthough two of plaintiff's eleven causes of

action are brought pursuant to the Lanham Act, these claims are, contrary to defendants'

assertions, reviewable in state court."); <u>Ryan v. Volpone Stamp Co., Inc.</u>, 107 F.Supp.2d 369,

375 n. 3 (S.D.N.Y. 2000)("Although federal courts are granted exclusive jurisdiction with

respect to patent, plant variety protection and copyright cases, <u>the state courts enjoy</u>

<u>concurrent jurisdiction with the federal courts over trademark, i.e. Lanham Act</u>

<u>claims</u>")(emphasis added).   Congress has, therefore, conferred upon the State courts equal

authority with the federal courts to construe the Lanham Trademark Act, 15 U.S.C. §1051

<u>et seq.</u>

Although Plaintiffs correctly state that federal question jurisdiction exists

where a claim for relief is created by federal law or the case may only be decided by

2

determining a substantial disputed question of federal law (Pl. Mem. 5), Plaintiffs fail to properly apply this standard to this case. They argue that subject matter jurisdiction exists because the Court is required to interpret federal trademark law in assessing: (1) whether Defendants committed legal malpractice by allegedly failing to secure federal trademark registrations for Plaintiffs' marks, (2) whether Plaintiffs' marks were available for registration in the United States, and (3) whether Plaintiffs would have been entitled to damages and profits in an infringement action under federal trademark law. Pl. Mem. 6.

The Supreme Court has held that where federal question jurisdiction is asserted over a state law claim, the claim must "raise a stated federal issue, actually disputed and substantial," or there is no federal question jurisdiction. <u>Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.</u>, 545 U.S. 308, 314, 125 S.Ct. 2363, 2368 (2005). Plaintiffs' allegations that Defendants committed legal malpractice in failing to diligently pursue applications to register Plaintiffs' alleged trademarks only tangentially raise questions involving the Lanham Act. Plaintiffs do not argue that the Lanham Act has created any claim for relief alleged in the Amended Complaint and fail to identify a single substantial and disputed issue of federal trademark law that needs to be decided in this case.

Nonetheless, Plaintiffs argue that this Court will have to interpret federal trademark law in determining whether Defendants' alleged malpractice proximately caused them any damage and that, therefore, this case belongs in the federal courts. Pl. Mem. 6, 8. The substance of Plaintiffs' claims against Defendants is that allegedly Defendants

3

needlessly delayed in prosecuting Plaintiffs' trademark applications in the United States and
failed to adequately supervise attorneys in several foreign countries with respect to overseas
trademark applications. Coddon Decl. Ex. B (Am. Compl.) ¶¶14-55. However, Plaintiffs'
argument overstates the relevance of federal trademark issues to Plaintiffs' claims of legal
malpractice and ignores the significance of the fact that the federal and state courts have
concurrent jurisdiction over trademark related claims.

       Thus, although the viability of Plaintiffs' trademark applications may require
a court to examine the Lanham Act, whether Defendants committed legal malpractice will
turn on whether they met the applicable standard of care, which is governed by State law.
Mov. Mem. 10-11 and cases cited at 12-14. Plaintiffs have identified no substantial and
disputed issue of federal law involved in determining the viability of their alleged
trademarks. Plaintiffs admit that New York State courts are fully competent to review and
interpret questions of federal law in applying the objective standards required in legal
malpractice cases. Pl. Mem. 11 (quoting Richard v. Rosenman Colin Freund Lewis &
Cohen, No. 85 Civ. 4859, 1985 WL 2878, at *3 (S.D.N.Y. Oct. 2, 1985)("[T]o the limited
extent that the interpretation or consideration of federal law will be required insofar as it is
necessary to apply the objective test required in a legal malpractice claim, the New York
State courts are fully capable of interpreting federal law, and interpretation of federal law
does not invariably raise a substantial question of federal law.") (citations omitted)). State
courts do this every day, particularly with issues arising under the Lanham Act over which

4

Congress has determined to give the state courts concurrent jurisdiction with the federal courts.

Significantly, Plaintiffs have not cited this Court to a single case holding that there is federal question jurisdiction over a legal malpractice claim involving trademark law. Plaintiffs' reliance on Nazzaro v. Balber, No. 05 Civ. 2172, 2005 WL 1251785 (S.D.N.Y. May 25, 2005)(Pl. Mem. 9-10), is misplaced. In Nazzaro, the District Court held that there was a substantial disputed question of federal law under ERISA which the Court needed to decide in order for the plaintiff to establish his legal malpractice claim. Id. at *6. The viability of plaintiff's malpractice claim in Nazzaro turned on an interpretation of a federal statute which had not yet been settled by the federal courts. No similar claim is made in this case.

Bracey v. Board of Educ. of City of Bridgeport, 368 F.3d 108 (2d Cir. 2004) also does not support Plaintiffs' position. Pl. Mem. 8-9. Bracey involved federal Constitutional questions. The Supreme Court has stated that issues involving federal Constitutional law are more likely to reach the level of substantiality needed to justify the invocation of federal question jurisdiction. Grable & Sons Metal Products, Inc., 545 U.S. at 320, 125 S.Ct. at 2368 n.7 (citing Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 814, 106 S.Ct. 3229, 3235 n.12 (1986)). In Bracey, the Second Circuit held that federal question jurisdiction existed under Section 1331 because whether the plaintiff had stated a claim under Connecticut General Statute §31-51q was dependent solely on whether

5

his First Amendment rights under the United States Constitution had been violated. 368 F.3d at 115, 116. Hence, the Bracey plaintiff's claim arose under federal law. Unlike Bracey, no federal Constitutional questions are presented by this case.[1]

Plaintiffs are also grossly mistaken in arguing that Defendants' treatment of Peyser v. Searle Blatt & Co., Ltd., No. 99 Civ. 10785, 2003 WL 22902590 (S.D.N.Y. Dec. 9, 2003), was a "distortive exaggeration." Pl. Mem. 8. The Court specifically noted that the Peyser plaintiffs could not bring the state law legal malpractice claim in federal court against their former attorneys in the trademark and copyright infringement litigation because there was no diversity between plaintiffs and their former attorneys. 2005 WL 22902590, at *3. There is no other reason for the Court's statement except to show that subject matter jurisdiction was lacking. Contrary to Plaintiffs' argument (Pl. Mem. 8), this certainly was not "dicta" because if there was federal jurisdiction over a claim involving the same case or controversy, the Court was required to assert supplemental jurisdiction. 28 U.S.C. §1367(a); Itar-Tass Russian News Agency v. Russian Kurier, Inc., 140 F.3d 442, 447 (2d Cir. 1998)("[O]nce it is determined that a supplemental claim is related to the claim within the court's original jurisdiction such that they form the same case or controversy, supplemental jurisdiction over the related claim is mandatory."); U.S. Fire Ins. Co. v. United Limousine Service, Inc., 328 F.Supp.2d 450, 453 (S.D.N.Y. 2004)("Second Circuit has held that § 1367

---

[1]Plaintiffs' other cited cases (Pl. Mem. 6-7) were anticipated and addressed in Defendants' moving memorandum. Mov. Mem. 17-18.

6

does more than merely <u>permit</u> district courts to hear supplemental claims; it, in fact, <u>requires</u> them to do so.")(emphasis in original).

Plaintiffs also argue that the Court would be required to interpret federal trademark law to determine whether Plaintiffs' marks were available for <u>foreign</u> trademark registration. Pl. Mem. 6. This argument, for which Plaintiffs cite no authority, is nonsensical. The Lanham Act does not control whether a mark can be registered in a foreign country. Again, no substantial disputed issue of federal law is presented by the allegations that Defendants were negligent with respect to supervising foreign firms seeking to register Plaintiffs' marks in other parts of the world.

The Supreme Court has stated that "Congress granted the district courts power to hear cases 'arising under' federal law in order to enhance the likelihood that federal laws would be interpreted more correctly and applied more uniformly." <u>Merrell Dow Pharmaceuticals Inc. v. Thompson</u>, 478 U.S. at 828, 106 S.Ct. at 3242. "The [arising under] doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." <u>Grable & Sons Metal Products, Inc.</u>, 545 U.S. at 312, 125 S.Ct. at 2367. Such interests are not involved in this litigation. The factual question of whether Plaintiffs' marks could have been registered does not require an interpretation of the Lanham Act which would alter the uniform body of federal trademark law.

7

Finally, Plaintiffs' broad interpretation of Section 1331 ignores the dictates of the Supreme Court that the "arising under" standard applies to only a "special and small category" of cases. Empire Healthchoice Assur., Inc. v. McVeigh, 547 U.S. 677, 126 S.Ct. 2121, 2136 (2006). Plaintiffs are asking this Court to federalize every legal malpractice action in which the underlying claim involves trademark law. Indeed, if the principles argued by Plaintiffs were adopted by this Court, it would open the doors of the federal courts to virtually every legal malpractice claim alleging negligence in connection with some aspect of federal law, trademark or otherwise. This is directly contrary to the warnings of the Supreme Court that "Congress's conception of the scope of jurisdiction to be exercised under § 1331" was not a "welcome mat" attracting "a horde of original filings and removal cases raising ... state claims with embedded federal issues." Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg., 545 U.S. at, 315, 125 S.Ct. at 2368.

Therefore, this action should be dismissed for lack of subject matter jurisdiction.

## POINT II

### IN THE ALTERNATIVE, NO CLAIM FOR RELIEF IS STATED AGAINST DEFENDANTS MYERS AND CLAYTON

Plaintiffs misstate the standard of review for a motion to dismiss in this Circuit. Pl. Mem. 3-4, 13-14. Since the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1970 (2007), the Second Circuit and its District Courts have applied a standard of plausibility. E.g., Goldstein v. Pataki, ___ F.3d ___, 2008 WL 269100,

8

at *4 (2d Cir. Feb. 1, 2008); <u>ATSI Communications v. Shaar Fund, Ltd.</u>, 493 F.3d 87, 98 n.

2 (2d Cir.2007); <u>Iqbal v. Hasty</u>, 490 F.3d 143, 157-158 (2d Cir.2007); <u>Egan v. Marsh &</u>

<u>McLennan Companies, Inc.</u>, No. 07 Civ. 7134, 2008 WL 245511, at *3 (S.D.N.Y. Jan. 30,

2008). As Judge Castel described it, this new standard "does not require heightened fact

pleading of specifics, however, it does require enough facts to nudge [plaintiffs] claims

across the line from conceivable to plausible." <u>Wellnx Life Sciences Inc. v. Iovate Health</u>

<u>Sciences Research Inc.</u>, 516 F.Supp.2d 270, 284 (S.D.N.Y. 2007).

      The Amended Complaint fails to meet even this liberal standard because of its

own internal contradictions which make its allegations against Clayton and Myers

implausible. Although challenged on this motion to identify any specific act or omission

committed by either of these young attorneys which form the basis for the claim that they

should be personally liable for the alleged malpractice of Paul Hastings (Mov. Mem. 18-19),

Plaintiffs have failed to do so. Instead, they argue that by lumping Clayton and Myers

together with Defendant Chang, whom they have not served, and the entire Paul Hastings law

firm, Plaintiffs have met their pleading burden. Pl. Mem. 15.

      However, Plaintiffs' own arguments are contradicted by both their pleading and

by the affidavit of their counsel submitted in opposition to this motion. Plaintiffs argue that

each of the allegations of the Amended Complaint is "asserted against Defendants Clayton

and Myers." Pl. Mem. 14. Yet, this statement cannot possibly be true because Plaintiffs'

own complaint alleges that:

33.    Defendants were negligent and failed to exercise the reasonable skill and knowledge commonly possessed by a member of the legal profession by <u>repeatedly shifting and reassigning responsibility between a variety of attorneys within Paul Hastings, including among them, defendant Myers, Catherine M. Clayton and Katherine Chang</u>.

34.    Through the assignment and reassignment of plaintiffs' file within Paul Hastings, defendants were negligent and failed to exercise the reasonable skill and knowledge commonly possessed by a member of the legal profession <u>in failing to adequately apprise the new attorneys of the status of plaintiffs' applications</u>, provided contradictory information to plaintiffs regarding the status of the trademarks, double billed plaintiffs for previously completed work and mishandled plaintiffs' file.

Coddon Decl. Ex. B ¶¶33-34 (emphasis added). <u>See also</u> Affidavit of Brian T. Egan, Esq. in Opposition, sworn to February 1, 2008, ¶10.

Thus, because Plaintiffs admit that Clayton and Myers were among "a variety" of attorneys" to whom Plaintiffs' work was shifted and reassigned at Paul Hastings and were among the "new attorneys" allegedly not apprised of what had gone on before, it is impossible for them to have committed each of the acts and omissions alleged in the Amended Complaint. They are not alleged to have been partners of the firm, and Plaintiffs admit that Paul Hastings is a registered foreign limited liability partnership. Coddon Decl. ¶5 and Ex. B ¶¶7, 8, 10. Finally, neither Clayton nor Myers are alleged to have had any supervisory role over other attorneys at the firm, or the entire matter itself, upon which a claim of personal liability could be founded. New York Partnership Law §121-1502(*l*)(a limited liability partnership employee is "personally and fully liable and accountable for any

negligent or wrongful act or misconduct committed by him or her or by any person under his or her direct supervision and control while rendering such professional services").

Thus, because of Plaintiffs' admission that these attorneys were not involved in the entire matter, Plaintiffs' claims for relief against them seeking to hold them personally liable for all alleged acts and omissions of Paul Hastings is simply not plausible. It is, therefore, respectfully submitted that the claims for relief against Myers and Clayton should be dismissed.

They should also be dismissed on the general policy ground that a plaintiff should not be permitted to stain the professional reputations of two young attorneys with sweeping, yet conclusory, allegations of malpractice demanding a personal judgment against them without specifically identifying a single act or omission personally committed by them. Although legal malpractice claims are not subject to the particularity requirement of Rule 9(b), the damage to an individual attorney's reputation by being named a defendant in such an action should at least require that the pleading specifically allege that the individual attorney committed some act or omission constituting malpractice in order to state a claim for personal liability. All that Plaintiffs have specifically alleged in their pleading and argued on this motion is that Clayton and Myers were employed by Paul Hastings and were assigned to work on Plaintiffs' matters for some period of time. Coddon Decl. Ex. B ¶¶7-8, 33-34. Plaintiffs have failed to put either Clayton or Myers on notice of what it is that they did or did not do that has caused them to be sued.

11

Plaintiffs' argument that it was "necessary" to name these two associates of Paul Hastings as Defendants is frivolous. Pl. Mem. 15. There is no allegation, or even argument, that Paul Hastings has disavowed their conduct and there is no allegation from which even an inference can be drawn that any professional service performed by these two associates was outside the scope of their employment by the firm. As Plaintiffs correctly note, Paul Hastings has not moved to dismiss the claims against it pursuant to Rule 12(b)(6) (id.) and fully intends to litigate these claims with Plaintiffs, particularly because Plaintiffs will undoubtably raise them as defenses in the fee litigation commenced by Paul Hastings in California. Coddon Decl. ¶¶6-9.

Therefore, if, for any reason, this Court does not dismiss this action for lack of subject matter jurisdiction, it is respectfully requested that it be dismissed as against Defendants Myers and Clayton under Rule 12(b)(6) for failure to state a claim.

12

## CONCLUSION

For each of the foregoing reasons, Defendants Paul, Hastings, Janofsky & Walker, LLP, Rebecca Kelder Myers, and Catherine M. Clayton respectfully request that their motion to dismiss be granted.

Dated: New York, N.Y.
      February 11, 2008

<div style="margin-left: 40%;">

KAVANAGH MALONEY & OSNATO LLP


By _____
    James J. Maloney
Attorneys for Defendants Paul, Hastings,
  Janofsky & Walker, LLP, Rebecca Kelder Myers,
  and Catherine M. Clayton
415 Madison Avenue
New York, N.Y. 10017
212-207-8400

</div>

Of Counsel:
  David F. Bayne
  Steven M. Cordero

13

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )

                     ss.:

COUNTY OF NEW YORK)

        The undersigned, being duly sworn, deposes and says:

        Deponent is not a party to the action, is over 18 years of age and resides at 210 East 34th Street, New York, NY.

        That on February 11, 2008 deponent served the annexed

        **REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF CERTAIN DEFENDANTS' MOTION TO DISMISS THE ACTION**

**BY MAIL**

on

Brian T. Egan, Esq., Egan & Golden, LLP, 475 East Main Street, Suite 114, Patchogue, NY 11772, Attorneys for Plaintiffs

by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

                                  _____

                                     Andrew Lamy

Sworn to before me this
11th day of February, 2008

_____

Notary Public

HARRIET LOBL
Notary Public, State of New York
No. 01L07578060
Qualified in New York County
Commission Expires January 31, 2011