# EGAN & GOLDEN, LLP
### ATTORNEYS AT LAW

BRIAN T. EGAN
KAREN GOLDEN

JUSTINE TOCCI
ERIN B. KOWTNA

475 EAST MAIN STREET, SUITE 114
PATCHOGUE, NEW YORK 11772

TELEPHONE: (631) 447-8100
FACSIMILE:  (631) 447-8181
WWW.EGANGOLDEN.COM

EAST HAMPTON OFFICE
393 MONTAUK HIGHWAY
P.O. BOX 338
WAINSCOTT, NY 11975
TEL: (631) 329-2828
FACSIMILE: (631) 324-2472

March 3, 2008

Magistrate Judge Michael H. Dolinger
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 1670
New York, NY 10007

    Re: Kat House Productions, LLC v. Paul Hastings Janofsky & Walker, LLP, et al.
       (Case No.: 07 CIV 9700)

Dear Magistrate Judge Dolinger:

    Please allow this to serve as a formal application for an extension of time under Rule 6(b) of the Federal Rules of Civil Procedure, for a 90 day extension of time to effectuate service upon defendant Katherine S. Chang ("Chang"). Plaintiffs' time to serve Chang expired this past Friday, February 29, 2008, 120 days following the filing of the Summons and Verified Complaint.

    It is respectfully submitted that plaintiffs have exercised good faith and due diligence in attempting to serve Chang. Upon discovering that Chang was no longer employed at the firm of Paul Hastings Janofsky & Walker, LLP, plaintiffs immediately began an extensive search to locate a new business address or residence address for Chang.

    The address listed for Chang with the New York Bar was no longer valid. Additionally, after numerous attempts to locate an address in New York for Chang, our search revealed that Chang was currently employed by the United States Patent and Trademark Office, located in Alexandria, Virginia. We immediately arranged for our process server to serve Chang at the following address:

**EGAN & GOLDEN, LLP**
ATTORNEYS AT LAW

United States Patent and Trademark Office
Trademark Assistance Center
Madison East, Concourse Level
Room C55
600 Dulaney Street
Alexandria, VA 22314

When our process server arrived at the aforesaid location, Chang was in the building. Building security advised Chang that a process server was in the lobby to serve her with process. Chang refused to come down to the lobby, and further advised security not to allow the process server to come up to her office. As a result, the process server was not able to serve Chang personally, or in the alternative, serve a co-worker of Chang that was of suitable age and discretion.

Following this dodging of service, and in order to minimize any discomfiture to Chang, I inquired with defense counsel as to whether they would accept service on her behalf. After checking with Chang, they informed me that she would not authorize their acceptance of service on her behalf.

We promptly reengaged our process server to conduct an extensive search to locate a residence address for Chang. Our search revealed an address for a Katherine S. Chang in Alexandria, Virginia. Our process server attempted to effectuate service at this address; however, it was ultimately revealed that this address was for a different Katherine S. Chang that was upon information and belief a high school student.

Plaintiffs have exercised due diligence to effectuate proper and timely service upon defendant Chang. We successfully located Chang at her current place of business; however, were unable to serve her, since she affirmatively evaded our process server. Accordingly, it is respectfully requested that under FRCP 6(b) this Court grant plaintiffs an extension of 90 days to effectuate service upon defendant Chang.

                                   Respectfully yours,


                                   Brian T. Egan

cc: David F. Bayne, Esq.