FROM                                                                 (MON) 3. 24' 08 11:32/ST. 11:29/NO. 4261422994 P 2

# KAVANAGH MALONEY & OSNATO LLP

415 MADISON AVENUE

NEW YORK, NEW YORK 10017

JOHN E. OSNATO
J. HAYES KAVANAGH
JAMES J. MALONEY
JOEL M. RUDELL
DAVID F. BAYNE
KIRSTIN T. KNIGHT
GERALDINE M. CUNNINGHAM

TELEPHONE: 212-207-8400

FACSIMILE: 212-888-7324

SARAH A. DAHL
STEVEN M. CORDERO
MEREDITH D. BELKIN
KENNETH M. TANZER

JORN A. HOLL
JAMES R. BRECKENRIDGE
OF COUNSEL

DIRECT DIAL
212-906-8327
E-MAIL

Davidbayne@kmollp.com





ENDORSED
ORDER

**BY FAX - 212-805-7928**

Honorable Michael H. Dolinger
United States Magistrate Judge
United States Courthouse
500 Pearl St., Room 1670
New York, NY 10007

March 24, 2008
RECEIVED
MAR 24 2008
JUDGE

Re: Kat House, et al. v. Paul Hastings, et al., 07 CIV 9700 (BSJ)(MHD)

Dear Judge Dolinger:

We represent the Defendants Paul, Hastings, Janofsky & Walker, LLP's ("Paul Hastings"), Catherine Clayton and Rebecca Myers in the above referenced legal malpractice action. We are writing to request a stay of discovery pending Judge Jones's resolution of the motion to dismiss for lack of subject matter jurisdiction. That motion was fully submitted to Judge Jones on February 11, 2008.

By order dated March 5, 2008, United States District Court Judge George H. King of the Central District of California held in a related action captioned Paul, Hastings, Janofsky & Walker, LLP v. Kat House Productions, LLC, et al., CV 07-7990-GHK(CTx), that the federal courts lack subject matter jurisdiction over the dispute between Plaintiffs and Defendants. A copy of Judge King's Order is enclosed. That Order remanded a case commenced by Paul Hastings in the California Superior Court based on Plaintiffs' non-payment of legal fees and expenses for the services at issue in this case. Plaintiffs based their arguments for removal on the fact that their defenses and counterclaim for malpractice was based on the fact that much of the firm's work for them involved federal trademark law under the Lanham Act, and, therefore, the case presented a federal question. Judge King disagreed and it is respectfully submitted that Judge Jones will come to the same conclusion and

Hon. Michael H. Dolinger
March 24, 2008
Page 2

dismiss this case for lack of subject matter jurisdiction as well when Her Honor decides the pending motion to dismiss.

On January 22, 2008, Your Honor held a conference call with the counsel for the parties and determined that discovery should proceed because even if this case were dismissed for lack of subject matter jurisdiction, it will proceed in the state courts and that discovery taken in this case could be used there. However, our subsequent investigation discloses that this is not the case because regardless of whether this Court has subject matter jurisdiction, Plaintiff's malpractice claims are barred by the applicable statute of limitations. Thus, Defendants' contend that the discovery needed to prosecute and defend this case will never have to be taken and a stay of discovery is, therefore, appropriate.

Plaintiffs concede that they are California citizens in their Amended Complaint (¶¶2-5). For causes of action accruing outside of New York State, New York's borrowing statute provides that an out-of-state plaintiff's cause of action is governed by the shorter of either their home state statute of limitations or that of New York. CPLR 202; Cantor Fitzgerald Inc. v. Lutnick, 313 F.3d 704, 710 (2d Cir. 2002). Because Plaintiff sustained an economic injury, their cause of action accrued in their home state of California. Cantor Fitzgerald Inc., 313 F.3d at 710; Gordon & Co. v. Ross, 63 F.Supp.2d 405, 408 (S.D.N.Y. 1999).

Although New York's statute of limitations for legal malpractice is three years from the date of the act or omission alleged to be malpractice, subject to tolling under the continuous representation doctrine (CPLR 214(6)), California has a different rule. Under California law a plaintiff has one year after the Plaintiff learns or should have learned of facts leading to the discovery of the allegedly wrongful conduct in which to commence an action, subject to a toll for continuous representation with respect to the specific subject matter from which the claim arose. California Code of Civil Procedure §340.6. Beal Bank, SSB v. Arter & Hadden, LLP, 42 Cal. 4th 503, 508, 167 P.3d 666, 669 (2007); Samuels v. Terence J. Mix, 22 Cal. 4th 1, 7-8, 989 P.2d 701 (1999)

In the present case, Plaintiffs cannot dispute the fact that they believed Defendants had "mishandled" their trademark applications as early as February 2005 when Plaintiff Kathleen Merrick wrote to Defendant Rebecca Myers complaining that the firm had "mishandled" them. A copy of Ms. Merrick's February 17, 2005 e-mail is enclosed.

Hon. Michael H. Dolinger
March 24, 2008
Page 3

       Paul Hastings' representation of Plaintiffs ended on March 9, 2006 when the firm sent Plaintiffs a "disengagement letter" terminating the attorney-client relationship. (A copy of Paul Hastings' disengagement letter is also enclosed). This action was commenced on November 1, 2007, more than one year after the representation ended.

       We provide the Court with this law and these facts to demonstrate that Paul Hasting's statute of limitations defense is extremely strong and that, given its strength, it is unfair to put any of the parties through the burden and expense of discovery, particularly in this case in which Defendants contend (and one federal court in California has already held) that the federal courts lack subject matter jurisdiction. Thus, for all the foregoing reasons, it is respectfully requested that discovery be stayed pending a resolution of the current motion to dismiss the complaint for lack of subject matter jurisdiction based on the strength of Defendants' statute of limitations defense.

                            Respectfully,

                              David F. Bayne

Encs.
cc: Brian T. Egan, Esq.
    (By Fax - 631-447-8181)