EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x     [ECF Case]

KAT HOUSE PRODUCTIONS, LLC d/b/a SURF          07 CIV 9700 (BSJ)(MHD)
CHICK, KATHLEEN MERRICK, PATRICIA J.
WAGNER and AURORA CONTRERAS,

                          Plaintiffs,

          -against-

PAUL, HASTINGS, JANOFSKY & WALKER, LLP,
REBECCA KELDER MYERS, KATHERINE CHANG
and CATHERINE M. CLAYTON,

                          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


MEMORANDUM OF LAW IN SUPPORT OF CERTAIN
DEFENDANTS' MOTION TO DISMISS THE ACTION


KAVANAGH MALONEY & OSNATO LLP
415 Madison Avenue
New York, NY 10017
212-207-8400
Attorneys for Defendants Paul, Hastings, Janofsky & Walker, LLP
Rebecca Kelder Myers and Catherine M. Clayton

# TABLE OF CONTENTS

Page

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

PRELIMINARY STATEMENT                                                   1

STATEMENT OF ALLEGATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

POINT I      THERE IS NO SUBJECT MATTER JURISDICTION
             UNDER 28 U.S.C. §§1331 OR 1338 . . . . . . . . . . . . . . . . . . . . . . . .  6

POINT II     IN THE ALTERNATIVE, THE ACTION SHOULD BE
             DISMISSED AS AGAINST DEFENDANTS MYERS
             AND CLAYTON BECAUSE NO CLAIM IS STATED
             AGAINST EITHER OF THEM  . . . . . . . . . . . . . . . . . . . . . . . . . . . .  18

CONCLUSION  . . . . . . . . .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  20

# TABLE OF AUTHORITIES

Page

Cases

Adamasu v. Gifford, Krass, Groh, Sprinkle, Anderson & Citkowski, P.C.,
    409 F.Supp.2d 788 (E.D. Mich. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

AmBase Corp. v. Davis Polk & Wardwell,
    8 N.Y.3d 428, 834 N.Y.S.2d 705 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Aquino v. Prudential Life and Cas. Ins. Co.,
    419 F.Supp.2d 259 (E.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Bassett v. Mashantucket Pequot Tribe, 204 F.3d 343 (2d Cir. 2000) . . . . . . . . . . . . . . . 9

Between The Bread Realty Corp. v. Salans Hertzfeld Heilbronn Christy & Viener,
    290 A.D.2d 380, 736 N.Y.S.2d 666 (1st Dep't),
    lv. to appeal denied, 98 N.Y.2d 603, 745 N.Y.S.2d 502 (2002) . . . . . . . . . . 11, 19

Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296 (2d Cir. 2004) . . . . . . . . . . 8

Christianson v. Colt Indus. Operating Corp.,
    486 U.S. 800, 108 S.Ct. 2166 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 10

Derrico v. Sheehan Emergency Hosp., 844 F.2d 22 (2d Cir. 1988) . . . . . . . . . . . . . . . . 17

Empire Healthchoice Assur., Inc. v. McVeigh,
    __U.S.__, 126 S.Ct. 2121 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 17

Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.,
    545 U.S. 308, 125 S.Ct. 2363 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 15

Herbst v. Viglianco, No. 99 Civ. 1992,
    1999 WL 362960 (S.D.N.Y. May 26, 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Holmes Group, Inc. v. Vornado Air Circulating Sys., Inc.,
    535 U.S. 826, 122 S.Ct. 1889 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Housand v. Heiman, 594 F.2d 923 (2d Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Hughley v. Weinstock, Friedman & Friedman, PA, No. 06-88,
  2006 WL 2244574 (D.C. Aug. 4, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Hutt v. Kanterman & Taub, P.C., 280 A.D.2d 379, 720 N.Y.S.2d 781 (1st Dep't),
  lv. to appeal denied, 96 N.Y.S.2d 713, 729 N.Y.S.2d 440 (2001) . . . . . . . . . . . 19

In re Ciprofloxacin Hydrochloride Antitrust Litigation,
  166 F.Supp.2d 740 (E.D.N.Y. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

In re Tamoxifen Citrate Antitrust Litigation, 466 F.3d 187 (2d Cir. 2006) . . . . . . . . . . . 10

Ippolito v. McCormack, Damiani, Lowe & Mellon,
  265 A.D.2d 303, 696 N.Y.S.2d 203 (2d Dep't 1999) . . . . . . . . . . . . . . . . . . . . . . 19

Levy v. Greenberg, 19 A.D.3d 462, 798 N.Y.S.2d 443 (2d Dep't 2005) . . . . . . . . . . . . 19

Marcella v. Capital Dist. Physicians' Health Plan, Inc.,
  293 F.3d 42 (2d Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

McCoy v. Feinman, 99 N.Y.2d 295, 755 N.Y.S.2d 693 (2002) . . . . . . . . . . . . . . . . . 10, 19

Merrell Dow Pharmaceuticals Inc. v. Thompson,
  478 U.S. 804, 106 S.Ct. 3229 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Nazzaro v. Balber, No. 05 Civ. 2172,
  2005 WL 1251785 (S.D.N.Y. May 25, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Peyser v. Searle Blatt & Co., Ltd., No. 99 Civ. 10785,
  2003 WL 22902590 (S.D.N.Y. Dec. 9, 2003) . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

Pickens v. Gardner, No. 03-CV-40477,
  2003 WL 22888957 (S.D. Iowa Dec. 3, 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Plumbing Indus. Bd. v. E.W. Howell Co., 126 F.3d 61 (2d Cir.1997) . . . . . . . . . . . . . . 17

R.G. Barry Corp. v. Mushroom Makers, Inc., 612 F.2d 651 (2d Cir. 1979) . . . . . . . . . . 9

Reibman v. Senie, 302 A.D.2d 290, 756 N.Y.S.2d 164 (1st Dep't 2003) . . . . . . . . . 10, 19

Ryan v. Volpone Stamp Co., Inc., 107 F.Supp.2d 369 (S.D.N.Y. 2000)  . . . . . . . . . . . . . 8

Sonnenschine v. Giacomo, 295 A.D.2d 287,
        744 N.Y.S.2d 396 (1st Dep't 2002)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

West 14th Street Commercial Corp. v. 5 West 14th Owners Corp.,
        815 F.2d 188 (2d Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Williams v. Havas, 104 F.3d 352 (2d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Statutes

28 U.S.C. §1331 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6, 7, 12, 18

28 U.S.C. §1332 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

28 U.S.C. §1338 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 7, 18

28 U.S.C. §1367 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Federal Rules of Civil Procedure 12  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-3, 6, 18, 20

Lanham Trademark Act, 15 U.S.C. §1051 et seq.  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

KAVANAGH MALONEY & OSNATO LLP
 Attorneys for Defendants Paul, Hastings,
  Janofsky & Walker, LLP, Rebecca Kelder Myers,
  and Catherine M. Clayton
415 Madison Avenue
New York, N.Y. 10017
212-207-8400
 James J. Maloney
 David F. Bayne
 Steven M. Cordero

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

KAT HOUSE PRODUCTIONS, LLC d/b/a SURF         **[ECF]**
CHICK, KATHLEEN MERRICK, PATRICIA J.
WAGNER and AURORA CONTRERAS,                  07 CIV 9700(BSJ)(MHD)

                         Plaintiffs,

        -against-

PAUL, HASTINGS, JANOFSKY & WALKER, LLP,
REBECCA KELDER MYERS, KATHERINE CHANG
and CATHERINE M. CLAYTON,

                         Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## MEMORANDUM OF LAW IN SUPPORT OF CERTAIN DEFENDANTS' MOTION TO DISMISS THE ACTION

### PRELIMINARY STATEMENT

        This Memorandum of Law is submitted on behalf of Defendants Paul,

Hastings, Janofsky & Walker, LLP, Rebecca Kelder Myers and Catherine M. Clayton

(collectively "Defendants") in support of their motion pursuant to Rule 12(b)(1) of the

Federal Rules of Civil Procedure to dismiss Plaintiffs' action on the ground that there is a lack of subject matter jurisdiction.[1] In the alternative, Defendants Myers and Clayton move to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) because there is no specific allegation of fact that either of these associates of Paul Hastings was in any way negligent. A copy of the original Verified Complaint is annexed as Exhibit A ("Compl.") and the Amended Verified Complaint as Exhibit B ("Am. Compl.) to the Declaration of Eve M. Coddon, dated January 16, 2008 ("Coddon Decl.").

It is respectfully submitted that this action must be dismissed because there is absolutely no basis to invoke this Court's subject matter jurisdiction. There is no general federal question jurisdiction pursuant to 28 U.S.C. §1331, nor is there federal question jurisdiction pursuant to 28 U.S.C. §1338 for patent, copyright or federal trademark law claims. Plaintiffs' claims for relief allege state law legal malpractice causes of action based on Paul Hastings' alleged negligence with respect to Plaintiffs' trademark applications. Plaintiffs' main complaint is that Paul Hastings unduly delayed and failed to diligently file and prosecute applications for trademark registration of various alleged marks domestically and to supervise and oversee foreign registrations of them as well. These claims do not arise under federal law. Plaintiffs do not assert claims or seek relief pursuant to federal trademark law or assert a state law claim necessarily dependent on resolution of a substantial question

---

[1]Defendant Katherine Chang is a former associate of the firm who has not been served in this action.

of federal trademark law, which is an essential element of the claim, without any alternative basis for relief under state law as required by settled Supreme Court and Second Circuit precedent.

Finally, if for any reason the Court does not dismiss the action entirely for lack of subject matter jurisdiction, Defendants Rebecca Kelder Myers and Catherine M. Clayton move to dismiss the action as against them pursuant to Rule 12(b)(6) because Plaintiffs fail to allege any claim against them individually.

## STATEMENT OF ALLEGATIONS

Plaintiffs Kat House Productions, LLC ("Kat House"), Kathleen Merrick, Patricia Wagner and Aurora Contreras are all California citizens (collectively "Kat House" or "Plaintiffs"). Coddon Decl. Ex. B (Am. Compl.) ¶¶2-5. Defendant Paul Hastings is a limited liability partnership with five offices located in California and numerous partners who are California citizens. Coddon Decl. ¶3.

Plaintiffs' assert four purported claims for relief for legal malpractice against Defendants for alleged failure to obtain domestic and foreign registration of certain alleged trademarks Plaintiffs claim to own. Coddon Decl. Ex. B (Am. Compl.) ¶¶14-55. Plaintiffs allege that from 1996 to the present, Kat House has been selling a variety of female surfing merchandise under the "Surf Chick" mark. Id. ¶15. Plaintiffs aver that in or about March 1999, they retained Paul Hastings to register trademarks for "Surf Chick," "Surf Chick Got Wet" and "Golf Chick," among other marks, in the United States and abroad through foreign

law firms. Id. ¶¶17, 21. Plaintiffs allege that Defendants undertook to prepare and file the trademark applications on their behalf with the United States Patent and Trademark Office. Id. ¶¶19, 23. Plaintiffs assert that Defendants also allegedly undertook to supervise foreign counsel with respect to applications for trademark protection in certain foreign countries on Kat House's behalf. Id. ¶¶21, 24.

Plaintiffs allege that Defendants were negligent in failing to timely and properly complete and submit Plaintiffs' trademark applications. Id. ¶¶26, 29-31, 41-42. Defendants are further alleged to have given improper advice concerning the applications, and failed to properly supervise several foreign law firms in obtaining the appropriate trademark rights. Id. ¶¶21, 25, 54. Plaintiffs allege that as a result of the alleged malpractice, Christian Dior and other competitors were able to use and exploit Kat House's marks in the United States and abroad. Id. ¶¶27, 36. Plaintiffs allege that they were required to hire attorneys other than Paul Hastings to complete Kat House's trademark applications and to defend against a cancellation petition brought by Christian Dior. Id. ¶¶45, 46.

Plaintiffs make no specific allegation of any act or omission by Defendants Clayton and Myers supporting any claim of legal malpractice against them individually. They are just generically lumped in as "Defendants" in each of the allegations of the Complaint, but are not alleged, or identified, to have done anything wrong. Both Clayton and Myers, as well as Defendant Chang who has not been served in this action, are or were

4

associates of the firm. Coddon Decl. ¶5. Plaintiffs do not allege what roles these associates played in the representation and no partner of Paul Hastings has been named as a Defendant.

Based on these allegations, Plaintiffs have set forth four purported claims for relief, denominated as "Causes of Action," against all Defendants. The first purported "Cause of Action" alleges that because of Defendants' alleged legal malpractice in failing to diligently apply for and obtain the registration of the trademarks, competitors were able to use those marks, allegedly causing Plaintiffs damage. Coddon Decl. Ex. B (Am. Compl.) ¶¶36-39. The second purported "Cause of Action" alleges breach of a retainer agreement as a result of the alleged negligence set forth in the first claim for relief and seeks the same damages as are alleged in the first claim for relief. Id. ¶¶41-43.

The third purported "Cause of Action" is based on the same alleged acts and omissions constituting the legal malpractice allegations in the first claim, but seeks damages for allegedly having to hire new attorneys to complete the trademark applications and to defend against a cancellation petition brought by Christian Dior. Id. ¶¶45-49. The fourth purported "Cause of Action" alleges that the claimed failure to supervise several foreign law firms, as set forth in the first "Cause of Action," allegedly caused Plaintiffs damage. Id. ¶¶51-55.

## ARGUMENT

### POINT I

### THERE IS NO SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. §§1331 OR 1338

The Amended Complaint is Plaintiffs' third attempt to invoke federal jurisdiction over their state law claims. Plaintiffs originally commenced this action alleging jurisdiction solely on the ground of diversity of citizenship under 28 U.S.C. §1332. Coddon Decl. Ex A (Compl.) ¶11. Having been advised that diversity is lacking, Plaintiffs amended the Complaint to allege federal question jurisdiction solely under 28 U.S.C. §1331, and abandoned the claim that there is diversity jurisdiction. Coddon Decl. Ex. B (Am. Compl.) ¶11.

At about the same time as this action was filed, Paul Hastings commenced a state court action in California to recover fees owed to it by Plaintiffs. Coddon Decl. ¶6. On December 6, 2007, Plaintiffs removed the California state court action to the United States District Court for the Central District of California, alleging subject matter jurisdiction under 28 U.S.C. §1338 as well as §1367(a), not §1331, because their compulsory counterclaims for malpractice – the same claims alleged here – allegedly involved the firm's trademark work. Coddon Decl. ¶7 and Ex. D. The Honorable George H. King, United States District Court Judge, on his own motion pursuant Federal Rule of Civil Procedure 12(h)(3), has ordered Plaintiffs to show cause why the California action should not be remanded to the Superior Court for lack of subject matter jurisdiction. Coddon Decl. Ex. C (Order). On January 7,

2008, Plaintiffs responded by arguing that original subject matter jurisdiction exists under

28 U.S.C. §1338. Coddon Decl. Ex. D. Judge King has not yet ruled. Coddon Decl. ¶9.

Thus, while Plaintiffs argue in the Central District of California that

jurisdiction over their claims against Paul Hastings is proper under 28 U.S.C. §1338,

Plaintiffs allege in this case, without explanation, that jurisdiction is proper under 28 U.S.C.

§1331. Coddon Decl. Ex. B (Am. Compl.) ¶11. However, neither Section 1331 nor Section

1338 provide any basis for subject matter jurisdiction over Plaintiffs' claims. The same

standard governs the application of both sections. Holmes Group, Inc. v. Vornado Air

Circulating Sys., Inc., 535 U.S. 826, 830, 122 S.Ct. 1889, 1893 (2002); Christianson v. Colt

Indus. Operating Corp., 486 U.S. 800, 808, 108 S.Ct. 2166, 2174 (1988).

Section 1331 provides in relevant part that:

> The district courts shall have original jurisdiction of all civil actions arising
> under the Constitution, laws, or treaties of the United States.

28 U.S.C. §1331.

Section 1338 provides in relevant part that:

> The district courts shall have original jurisdiction of any civil action arising
> under any Act of Congress relating to patents, plant variety protection,
> copyrights, and trademarks. Such jurisdiction shall be exclusive of the courts
> of the states in patents, plant variety protection and copyright cases.

28 U.S.C. §1338(a).

According to the Supreme Court, in a case involving patent law, federal

jurisdiction extends:

7

> [O]nly to those cases in which a well-pleaded complaint establishes either that
> [1] <u>federal patent law creates the cause of action</u> or [2] that the plaintiff's right
> to relief necessarily depends on resolution of a substantial question of federal
> patent law, in that patent law <u>is a necessary element</u> of one of the well-pleaded
> claims.

<u>Christianson v. Colt Indus. Operating Corp.</u>, 486 U.S. at 809, 108 S.Ct. at 2174 (emphasis

added and citations omitted). This principle has been extended to copyright and federal

trademark law. <u>Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.</u>, 373 F.3d 296, 304 (2d Cir.

2004); <u>Ryan v. Volpone Stamp Co., Inc.</u>, 107 F.Supp.2d 369, 377 (S.D.N.Y. 2000).

Here, there is no jurisdiction under <u>Christianson</u>'s first prong because

Plaintiffs' claims for legal malpractice are inherently state law claims. <u>Williams v. Havas</u>,

104 F.3d 352 (2d Cir. 1996)(legal malpractice claim asserted under state law); <u>Housand v.

Heiman</u>, 594 F.2d 923, 926 (2d Cir. 1979)(remanding for a determination of whether the

parties were diverse because no federal question was presented by claims against a court

appointed defense lawyer that the lawyer's alleged malpractice deprived plaintiff of his civil

rights under the U.S. Constitution and federal civil rights laws); <u>Aquino v. Prudential Life

and Cas. Ins. Co.</u>, 419 F.Supp.2d 259, 276 (E.D.N.Y. 2005) ("A claim for legal malpractice

is a New York state claim that could only be brought in federal court if the parties were from

different states or if there is a pending federal claim.").

The second prong of the <u>Christianson</u> test is also not satisfied. The Supreme

Court has recently instructed that the second prong applies to only a "special and small

category" of cases. <u>Empire Healthchoice Assur., Inc. v. McVeigh</u>, __U.S.__, 126 S.Ct. 2121,

2136 (2006). The "mere need to apply federal law in a state-law claim" does not "suffice to open the 'arising under' door." <u>Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.</u>, 545 U.S. 308, 313, 125 S.Ct. 2363, 2367 (2005). "The mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." <u>Merrell Dow Pharmaceuticals Inc. v. Thompson</u>, 478 U.S. 804, 813, 106 S.Ct. 3229, 3234 (1986). Moreover, "federal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." <u>Grable & Sons Metal Products, Inc.</u>, 545 U.S. at 313, 125 S.Ct. at 2367.

The Second Circuit has held that the complaint must claim a right created by federal trademark law as an "essential" element of plaintiff's cause of action. <u>R.G. Barry Corp. v. Mushroom Makers, Inc.</u>, 612 F.2d 651, 658 (2d Cir. 1979). In <u>Barry</u>, the Second Circuit held that no federal question was presented by a complaint which alleged a trademark violation under New York State law but failed to allege confusion, trademark infringement, or unfair competition which are essential in order to state a trademark claim under the Lanham Act. The Second Circuit noted with approval that "courts have found federal question jurisdiction <u>only</u> if the complaint specifically asserted, or claimed protection under, federal trademark law." <u>Id.</u> at 658 n.13 (emphasis added). To invoke federal jurisdiction, the complaint must allege a claim or seek a remedy provided by federal law. <u>Bassett v. Mashantucket Pequot Tribe</u>, 204 F.3d 343, 355 (2d Cir. 2000).

9

Further, the Supreme Court in <u>Christianson</u> held that:

> Nor is it necessarily sufficient that a well-pleaded claim alleges a single theory under which resolution of a patent-law question is essential. If "on the face of a well-pleaded complaint there are ... reasons completely unrelated to the provisions and purposes of (the patent laws) why the (plaintiff) may or may not be entitled to the relief it seeks," then the claim does not "arise under" those laws. <u>Thus, a claim supported by alternative theories in the complaint may not form the basis for § 1338(a) jurisdiction unless patent law is essential to each of those theories.</u>

486 U.S. at 810, 108 S.Ct. at 2174 (emphasis added and citations omitted).

The Second Circuit has relied on this portion of <u>Christianson</u> to hold that federal jurisdiction was not present where there is at least one alternative non-patent law theory supporting a claim. <u>In re Tamoxifen Citrate Antitrust Litigation</u>, 466 F.3d 187, 199 (2d Cir. 2006) ("even if one theory supporting a claim essentially turns on an issue arising under patent law, as long as there is <u>at least one alternative theory</u> supporting the claim that does not rely on patent law, there is no 'arising under' jurisdiction under 28 U.S.C. §1338")(emphasis added). <u>Accord</u> <u>In re Ciprofloxacin Hydrochloride Antitrust Litigation</u>, 166 F.Supp.2d 740, 750-51 (E.D.N.Y. 2001) ("Plaintiffs have pleaded at least one theory under which their claims for relief may be resolved without determining the validity of Bayer's patent. <u>Christianson</u> therefore counsels that remand of each lawsuit is appropriate.").

Plaintiffs' claims are common law causes of action for legal malpractice which will be resolved under state law. To prove their case, Plaintiffs will have to demonstrate that Defendants' alleged negligence proximately caused them actual damages. <u>McCoy v. Feinman</u>, 99 N.Y.2d 295, 302, 755 N.Y.S.2d 693, 697 (2002); <u>Reibman v. Senie</u>, 302 A.D.2d

10

290, 756 N.Y.S.2d 164 (1st Dep't 2003); Between The Bread Realty Corp. v. Salans

Hertzfeld Heilbronn Christy & Viener, 290 A.D.2d 380, 736 N.Y.S.2d 666, 668 (1st Dep't),

lv. to appeal denied, 98 N.Y.2d 603, 745 N.Y.S.2d 502 (2002).  In order to show negligence,

Plaintiffs will have to prove that Defendants "failed to exercise the ordinary reasonable skill

and knowledge commonly possessed by a member of the legal profession" in applying for

trademark registration and in following up on the prosecution of those applications. AmBase

Corp. v. Davis Polk & Wardwell, 8 N.Y.3d 428, 434, 834 N.Y.S.2d 705, 708 (2007).

      Federal trademark law, i.e., the Lanham Trademark Act, 15 U.S.C. §1051 et

seq., is not an essential element of Plaintiffs' legal malpractice claims.  Plaintiffs are not

asserting a claim or seeking a remedy created by the Lanham Act and have not alleged that

any substantial or disputed issue of federal law is raised by the claims against Paul Hastings.

The Act is not a necessary element in proving whether Defendants were sufficiently diligent

in pursuing Plaintiffs' trademark applications or supervising foreign law firms.  In short,

whether Defendants satisfied the standard of care in this case has nothing to do with any

question of federal trademark law.  Moreover, with respect to the claim that Defendants

failed to adequately supervise foreign law firms with respect to overseas trademark

applications, there is no allegation that any aspect of United States federal law is implicated

by this claim.  Thus, Plaintiffs can prevail or lose on each of their claims based on state law.

      Under Plaintiffs' interpretation of federal question jurisdiction, virtually every

legal malpractice action in which the underlying matter involved federal law would be

11

eligible to be heard in the federal courts. This is clearly not the law. In Herbst v. Viglianco,

No. 99 Civ. 1992, 1999 WL 362960 (S.D.N.Y. May 26, 1999), plaintiff brought state law

claims in connection with defendant's representation of plaintiff before the Immigration and

Naturalization Service ("INS"). The District Court held that there was no federal question

jurisdiction under 28 U.S.C. §1331, explaining:

> Plaintiff's complaint does not "arise under the Constitution, laws, or
> treaties of the United States," as required by 28 U.S.C. § 1331 for federal
> question jurisdiction. Plaintiff's claims are state law claims-breach of
> (employment) contract, fraud or misrepresentation of some sort, or perhaps
> even legal malpractice-but none of these claims become federal merely
> because Viglianco appeared before the INS or misrepresented her status to the
> INS.
>
> An analogy might help plaintiff Herbst to understand the distinction:
> if he hired a lawyer to represent him in this (or some other) case in federal
> court, and the lawyer misrepresented that he was an experienced federal court
> litigator admitted to practice in this Court, which was not true, and the
> lawyer's incompetence caused Herbst to lose his case, Herbst would have a
> claim for malpractice (and possibly other claims) against the lawyer. Such a
> claim would be a state law claim, not a claim arising under the laws of the
> United States as required by 28 U.S.C. § 1331 for federal question jurisdiction.

1999 WL 362960, at *4.

In Peyser v. Searle Blatt & Co., Ltd., No. 99 Civ. 10785, 2003 WL 22902590

(S.D.N.Y. Dec. 9, 2003), plaintiffs commenced an action in federal court asserting claims

under the Lanham Act and the Copyright Act with respect to defendants' alleged wrongful

copying of a knitting stitch that plaintiffs claimed to have developed and utilized in various

women's garments. Plaintiffs had been represented by different law firms during the long

running lawsuit and eventually filed a motion to add a legal malpractice claim against one

12

of their former attorneys. 2005 WL 22902590, at *3. The District Court denied the motion

on subject matter jurisdiction and other grounds, reasoning that to "the extent that they seek

monetary damages from their former attorneys, they are in the wrong court (legal malpractice

being a claim under state law)," and that there was "no information suggesting that diversity

of citizenship exists between plaintiffs and their former attorneys." Id.

      In Adamasu v. Gifford, Krass, Groh, Sprinkle, Anderson & Citkowski, P.C.,

409 F.Supp.2d 788 (E.D. Mich. 2005), plaintiff, a patent owner, sued a law firm and an

attorney for legal malpractice. Plaintiff alleged that defendants' filing of a "continued patent

application" was not the appropriate response to the United States Patent and Trademark

Office's action regarding plaintiff's patent, which allegedly caused him damages in excess

of $5 million. Id. at 790-91. Defendants removed the action to federal court, alleging that

determination of plaintiff's malpractice claim required the "'resolution of [a] substantial

question of Federal Law and dispute between the parties.'" Id. The District Court remanded

the case because, "at the heart of this case is [plaintiff's] claim that the defendants were

negligent by failing to perform as reasonably prudent attorneys." Id. at 792. The District

Court observed:

> Defendants attempt to invoke the Court's federal-question jurisdiction solely
> because the subject matter of their representation of Adamasu involved a
> United States patent. Simply because the defendants rendered advice on a
> matter governed by federal law and prosecuted a patent through a federal
> agency does not constitute an issue that "arises under any Act of Congress
> relating to patents," as 28 U.S.C. § 1338 requires.

409 F.Supp.2d at 792 (emphasis added).

In <u>Hughley v. Weinstock, Friedman & Friedman, PA</u>, No. 06-88, 2006 WL

2244574 (D.C. Aug. 4, 2006), plaintiff sued a law firm and certain attorneys, alleging legal

malpractice, fraud, and misrepresentation arising from defendants' alleged failure to properly

prosecute plaintiff's Title VII action. Defendants removed the case to federal court, arguing

that "the allegations Hughley makes in her complaint relate to the defendants' legal

representation of Hughley in her federal employment discrimination case." <u>Id.</u> at *2.

Defendants contended that "because the underlying action of employment discrimination

necessarily involves federal law, a substantial question of federal law is a necessary element

of Hughley's claim and therefore federal question jurisdiction is proper." <u>Id.</u> The District

Court disagreed.  It remanded the action, reasoning that the construction, validity, or

application of federal law was not contested, the federal law was simply embodied as an

element of the state law claim, and therefore there was no substantial or contested issue of

federal law conferring federal question jurisdiction on the District Court. <u>Id.</u> at *3.  As the

District Court observed, "[a] state court can resolve ancillary matters of federal law to the

extent necessary to determine the state law claim." <u>Id.</u> at *3.  <u>See also</u> <u>Pickens v. Gardner</u>,

No. 03-CV-40477, 2003 WL 22888957 (S.D. Iowa Dec. 3, 2003) (dismissing an action for

legal malpractice for lack of subject matter jurisdiction where plaintiff claimed his lawyers

negligently represented him in his employment discrimination case under the Americans with

Disabilities Act).

14

Here, too, Plaintiffs attempt to improperly invoke federal question jurisdiction. As in the above-discussed cases, Plaintiffs' claims fundamentally assert state law rights and relief, and only incidentally involve federal trademark law. Plaintiffs have not alleged any "contested" or "substantial" federal issues warranting "a serious federal interest in claiming the advantages thought to be inherent in a federal forum." Grable & Sons Metal Products, Inc., 545 U.S. at 313, 125 S.Ct. at 2367.

The cases cited by Plaintiffs in their response to District Judge King's Order to Show Cause in the California federal action are easily distinguishable from the instant matter. Coddon Ex. D pp.4-5. Nazzaro v. Balber, No. 05 Civ. 2172, 2005 WL 1251785 (S.D.N.Y. May 25, 2005), was a legal malpractice case in which plaintiffs sued the attorneys who had represented them in a federal litigation against their employers asserting claims under the Employment Retirement Income Security Act of 1974, 29 U.S. §§100, et seq. ("ERISA"). 2005 WL. 1251785, at *1. Plaintiffs lost the underlying case based on an interpretation of the ERISA statute. Id.

Plaintiffs thereafter commenced a state court legal malpractice action and the attorney defendants removed the case to federal court arguing that resolution of ERISA issues were central to determining whether they were negligent. The District Court denied plaintiffs' motion to remand. The Court held that because plaintiffs were required to prove that but for the attorney defendants' negligence they would have been successful in the federal litigation under ERISA, there was federal question jurisdiction over the case. Id. at

15

*5.  The District Court explained that "[b]ecause the resolution of substantial, disputed questions of federal law [plaintiffs' entitlement to compensation under the ERISA Plan] is necessary to establish an element of plaintiffs' well-pleaded state claims for attorney malpractice" the Court had subject matter jurisdiction.  Id. at *6.

Unlike Nazzaro, Plaintiffs do not allege that there is any substantial or disputed question of federal trademark law presented by this case.  Indeed, Plaintiffs again and again simply allege that Defendants were not diligent in applying for trademark protection for the marks at issue.  Issues concerning the timeliness of trademark applications and whether Defendants were sufficiently diligent with respect to their prosecution do not raise substantial or disputed questions of trademark law under the Lanham Act.  They simply raise questions concerning the applicable standard of care.  Whether the course of conduct of an attorney in rendering professional services was reasonable is an issue decided every day in the state courts.

Moreover, Nazzaro does not accurately reflect the law of this Circuit concerning federal jurisdiction and ERISA.  The Second Circuit has made it clear that in order for the "arising under" standard to be met with respect to a claim concerning ERISA, the party invoking federal question jurisdiction "must demonstrate that '(1) the state law cause of action is preempted by ERISA, and (2) that cause of action is "within the scope" of the civil enforcement provisions of ERISA § 502(a), 29 U.S.C. § 1132(a).'"  Marcella v.

Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 45 (2d Cir. 2002)(quoting Plumbing Indus. Bd. v. E.W. Howell Co., 126 F.3d 61, 66 (2d Cir.1997)).

Nazzaro is also not in harmony with the Supreme Court's holding in Empire Healthchoice Assur., Inc., 126 S.Ct. at 2136, rendered after Nazzaro, that the "arising under" standard applies only to a "special and small category" of cases.

Plaintiffs also rely on West 14th Street Commercial Corp. v. 5 West 14th Owners Corp., 815 F.2d 188 (2d Cir. 1987) and Derrico v. Sheehan Emergency Hosp., 844 F.2d 22 (2d Cir. 1988)(Coddon Ex. D p. 5), but neither case supports the invocation of federal jurisdiction. In West 14th, the Second Circuit held that federal question jurisdiction existed because plaintiffs, who were seeking to enjoin a cooperative association from terminating certain commercial leases, asserted a federally created cause of action pursuant to the Condominium and Cooperative Abuse Relief Act, 14 U.S.C. §§3601-16. 815 F.2d at 193. The Second Circuit further held that even if plaintiffs did not have a statutorily created federal claim, the "arising under" standard was met because any state law claim they asserted would turn on a construction of the rights and relationships created by the Condominium Relief Act. Id. at 196. Thus, the Court held that there was a substantial federal question raised by any state law claim asserted by Plaintiffs.

In Derrico, the Second Circuit held that federal question jurisdiction existed over plaintiff's state law employment contract claim because federal labor law was a "necessary predicate to his claim" and ultimately preempted his claim. 844 F.2d at 28-29.

17

In contrast to <u>West 14th</u> and <u>Derrico</u>, the instant action does not concern a cause of action created exclusively by the Lanham Act, construction of the Lanham Act is not decisive of or a necessary predicate to Plaintiffs' state law claims, and such state law claims are certainly not preempted by the Lanham Act. Therefore, Plaintiffs' allegation that the action "arises under" federal law is unsupportable because any federal trademark law issues are incidental to the more substantial state-law claims of their legal malpractice action. Accordingly, the action should be dismissed for lack of subject matter jurisdiction pursuant to Sections 1331 and 1338.

**POINT II**

**IN THE ALTERNATIVE, THE ACTION SHOULD BE
DISMISSED AS AGAINST DEFENDANTS MYERS AND
CLAYTON BECAUSE NO CLAIM IS STATED AGAINST
EITHER OF THEM**

If for any reason the Court does not dismiss the action for lack of subject matter jurisdiction, it is respectfully submitted that this action should be dismissed as against Defendants Rebecca Kelder Myers and Catherine M. Clayton for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). Plaintiffs do not make a single specific allegation of negligence or malpractice against either of these individual Defendants. Instead, Plaintiffs merely allege that Myers and Clayton were attorneys assigned to the matter and then lump them together with the firm and Chang as "Defendants" in all of their allegations. Coddon Decl. Ex. B (Am. Compl.) ¶33. Both Ms. Myers and Ms. Clayton, as well as Ms. Chang who has not yet been served, were or are associates at Paul Hastings.

18

Coddon Decl. ¶5. No partner of the firm has been sued. Before dragging these two young lawyers through a lawsuit alleging that they committed legal malpractice and tarnishing their reputations, Plaintiffs should, at a minimum, be required to aver specific alleged negligent acts or omissions committed by each of them to support their Complaint. As the Amended Complaint reads now, the only specific allegation against them is that the two of them were assigned to this matter by the firm.

Under New York law, to sustain a cause of action for legal malpractice, a plaintiff must allege facts showing that the attorney was negligent, that the negligence was the proximate cause of the loss sustained, and actual damages. McCoy v. Feinman, 99 N.Y.2d 295, 302, 755 N.Y.S.2d 693, 697 (2002); Reibman v. Senie, 302 A.D.2d 290, 756 N.Y.S.2d 164 (1st Dep't 2003); Between The Bread Realty Corp. v. Salans Hertzfeld Heilbronn Christy & Viener, 290 A.D.2d 380, 736 N.Y.S.2d 666, 668 (1st Dep't), lv. to appeal denied, 98 N.Y.2d 603, 745 N.Y.S.2d 502 (2002).

Plaintiffs' failure to allege any of these essential elements against Clayton or Myers requires dismissal of this action as against them. Levy v. Greenberg, 19 A.D.3d 462, 798 N.Y.S.2d 443, 444 (2d Dep't 2005); Sonnenschine v. Giacomo, 295 A.D.2d 287, 744 N.Y.S.2d 396, 397 (1st Dep't 2002); Ippolito v. McCormack, Damiani, Lowe & Mellon, 265 A.D.2d 303, 696 N.Y.S.2d 203, 204 (2d Dep't 1999); Hutt v. Kanterman & Taub, P.C., 280 A.D.2d 379, 379-80, 720 N.Y.S.2d 781 (1st Dep't), lv. to appeal denied, 96 N.Y.S.2d 713, 729 N.Y.S.2d 440 (2001).

Therefore, this action as against Defendants Myers and Clayton should be dismissed under Rule 12(b)(6) for failure to state a claim.

## CONCLUSION

For each of the foregoing reasons, Defendants Paul, Hastings, Janofsky & Walker, LLP, Rebecca Kelder Myers, and Catherine M. Clayton respectfully request that their motion to dismiss be granted.

Dated: New York, N.Y.
      January 17, 2008

                                  KAVANAGH MALONEY & OSNATO LLP

                                  By _____
                                      James J. Maloney
                                  Attorneys for Defendants Paul, Hastings,
                                    Janofsky & Walker, LLP, Rebecca Kelder Myers,
                                    and Catherine M. Clayton
                                    415 Madison Avenue
                                    New York, N.Y. 10017
                                    212-207-8400

Of Counsel:
  David F. Bayne
  Steven M. Cordero

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x    [ECF Case]

KAT HOUSE PRODUCTIONS, LLC d/b/a SURF        07 CIV 9700 (BSJ)(MHD)
CHICK, KATHLEEN MERRICK, PATRICIA J.
WAGNER and AURORA CONTRERAS,

                        Plaintiffs,

        -against-

PAUL, HASTINGS, JANOFSKY & WALKER, LLP,
REBECCA KELDER MYERS, KATHERINE CHANG
and CATHERINE M. CLAYTON,

                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
CERTAIN DEFENDANTS' MOTION TO DISMISS THE ACTION

KAVANAGH MALONEY & OSNATO LLP
415 Madison Avenue
New York, NY 10017
212-207-8400
Attorneys for Defendants Paul, Hastings, Janofsky & Walker, LLP
Rebecca Kelder Myers and Catherine M. Clayton

# TABLE OF AUTHORITIES

Page

Cases

ATSI Communications v. Shaar Fund, Ltd., 493 F.3d 87 (2d Cir.2007)  . . . . . . . . . . . . 9

Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955 (2007)  . . . . . . . . . . . . . 8

Bracey v. Board of Educ. of City of Bridgeport, 368 F.3d 108 (2d Cir. 2004)  . . . . . . . 5, 6

Egan v. Marsh & McLennan Companies, Inc.,
        No. 07 Civ. 7134, 2008 WL 245511 (S.D.N.Y. Jan. 30, 2008)  . . . . . . . . . . . . . . 9

Empire Healthchoice Assur., Inc. v. McVeigh,
        547 U.S. 677, 126 S.Ct. 2121 (2006)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Goldstein v. Pataki, ___ F.3d ___, 2008 WL 269100 (2d Cir. Feb. 1, 2008)  . . . . . . . . . . . 8

Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.,
        545 U.S. 308, 125 S.Ct. 2363 (2005)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5, 7, 8

Iqbal v. Hasty, 490 F.3d 143 (2d Cir.2007)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Itar-Tass Russian News Agency v. Russian Kurier, Inc.,
        140 F.3d 442 (2d Cir. 1998)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Merrell Dow Pharmaceuticals Inc. v. Thompson,
        478 U.S. 804, 106 S.Ct. 3229 (1986)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7

Nazzaro v. Balber, No. 05 Civ. 2172,
        2005 WL 1251785 (S.D.N.Y. May 25, 2005)  . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Peyser v. Searle Blatt & Co., Ltd., No. 99 Civ. 10785,
        2003 WL 22902590 (S.D.N.Y. Dec. 9, 2003)  . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Richard v. Rosenman Colin Freund Lewis & Cohen,
        No. 85 Civ. 4859, 1985 WL 2878 (S.D.N.Y. Oct. 2, 1985)  . . . . . . . . . . . . . . . . 4

i

<u>Ryan v. Volpone Stamp Co., Inc.</u>, 107 F.Supp.2d 369 (S.D.N.Y. 2000) . . . . . . . . . . . . 2

<u>Sbarro, Inc. v. Karykous</u>, No. 05 CV 2311,
    2005 WL 1541048 (E.D.N.Y. June 29, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

<u>U.S. Fire Ins. Co. v. United Limousine Service, Inc.</u>,
    328 F.Supp.2d 450 (S.D.N.Y. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

<u>Wellnx Life Sciences Inc. v. Iovate Health Sciences Research Inc.</u>,
    516 F.Supp.2d 270 (S.D.N.Y. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9


<u>Statutes</u>

28 U.S.C. §1331 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5, 8

28 U.S.C. §1332 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. §1338 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

28 U.S.C. §1367(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Lanham Trademark Act, 15 U.S.C. §1051 <u>et seq.</u> . . . . . . . . . . . . . . . . . . . . . . . . . 2-4, 7

New York Partnership Law §121-1502 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
CERTAIN DEFENDANTS' MOTION TO DISMISS THE ACTION**

This Reply Memorandum of Law is submitted on behalf of Defendants Paul,

Hastings, Janofsky & Walker, LLP ("Paul Hastings"), Rebecca Kelder Myers and Catherine

M. Clayton (collectively "Defendants") in further support of their motion to dismiss.

**POINT I**

**SUBJECT MATTER JURISDICTION IS LACKING PURSUANT
TO SUPREME COURT AND SECOND CIRCUIT PRECEDENT**

The commencement of this action in federal court exposes Plaintiffs'

fundamental misunderstanding of federal jurisdiction. Plaintiffs originally commenced this

action alleging jurisdiction solely on the ground of diversity of citizenship under 28 U.S.C.

§1332, although complete diversity was lacking. Moving Declaration of Eve M. Coddon,

dated January 16, 2008 ("Coddon Decl.") ¶3 and Ex. A (Compl.) ¶¶2-11. Upon having this

fact pointed out to them, Plaintiffs then amended their Complaint to claim that federal

question jurisdiction exists under 28 U.S.C. §1331. Coddon Decl. Ex. B (Am. Compl.) ¶11.

Defendants pointed out that the state and federal courts had concurrent

jurisdiction over claims relating to trademarks and even quoted the language of 28 U.S.C.

§1338 in their moving papers. Moving Memorandum of Law, dated January 17, 2008

("Mov. Mem.") 7. Plaintiffs ignore the clear language of the statute and argue erroneously

that because the federal courts have exclusive jurisdiction over trademarks, there is federal

question jurisdiction over their legal malpractice claims. Plaintiffs' Memorandum of Law

in Opposition dated February 1, 2008 ("Pl. Mem.") 8 ("[T]he Court will be required to interpret and construe federal trademark law in addressing plaintiffs' claims, <u>a body of law in which this Court does not have concurrent jurisdiction with the state courts, but exclusive jurisdiction.</u>")(emphasis added).   On the contrary, Congress has expressly declared that federal courts do not have exclusive jurisdiction over actions arising under federal trademark law:

> The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights, and <u>trademarks</u>.  Such jurisdiction shall be <u>exclusive of the courts of the states in patents, plant variety protection and copyright cases.</u>

28 U.S.C. §1338(a)(emphasis added); <u>Sbarro, Inc. v. Karykous</u>, No. 05 CV 2311, 2005 WL 1541048, at *2 (E.D.N.Y. June 29, 2005)("[A]lthough two of plaintiff's eleven causes of action are brought pursuant to the Lanham Act, these claims are, contrary to defendants' assertions, reviewable in state court."); <u>Ryan v. Volpone Stamp Co., Inc.</u>, 107 F.Supp.2d 369, 375 n. 3 (S.D.N.Y. 2000)("Although federal courts are granted exclusive jurisdiction with respect to patent, plant variety protection and copyright cases, <u>the state courts enjoy concurrent jurisdiction with the federal courts over trademark, i.e. Lanham Act claims</u>")(emphasis added).  Congress has, therefore, conferred upon the State courts equal authority with the federal courts to construe the Lanham Trademark Act, 15 U.S.C. §1051 <u>et seq.</u>

Although Plaintiffs correctly state that federal question jurisdiction exists where a claim for relief is created by federal law or the case may only be decided by

2

determining a substantial disputed question of federal law (Pl. Mem. 5), Plaintiffs fail to properly apply this standard to this case. They argue that subject matter jurisdiction exists because the Court is required to interpret federal trademark law in assessing: (1) whether Defendants committed legal malpractice by allegedly failing to secure federal trademark registrations for Plaintiffs' marks, (2) whether Plaintiffs' marks were available for registration in the United States, and (3) whether Plaintiffs would have been entitled to damages and profits in an infringement action under federal trademark law. Pl. Mem. 6.

The Supreme Court has held that where federal question jurisdiction is asserted over a state law claim, the claim must "raise a stated federal issue, actually disputed and substantial," or there is no federal question jurisdiction. Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg., 545 U.S. 308, 314, 125 S.Ct. 2363, 2368 (2005). Plaintiffs' allegations that Defendants committed legal malpractice in failing to diligently pursue applications to register Plaintiffs' alleged trademarks only tangentially raise questions involving the Lanham Act. Plaintiffs do not argue that the Lanham Act has created any claim for relief alleged in the Amended Complaint and fail to identify a single substantial and disputed issue of federal trademark law that needs to be decided in this case.

Nonetheless, Plaintiffs argue that this Court will have to interpret federal trademark law in determining whether Defendants' alleged malpractice proximately caused them any damage and that, therefore, this case belongs in the federal courts. Pl. Mem. 6, 8. The substance of Plaintiffs' claims against Defendants is that allegedly Defendants

3

needlessly delayed in prosecuting Plaintiffs' trademark applications in the United States and failed to adequately supervise attorneys in several foreign countries with respect to overseas trademark applications. Coddon Decl. Ex. B (Am. Compl.) ¶¶14-55. However, Plaintiffs' argument overstates the relevance of federal trademark issues to Plaintiffs' claims of legal malpractice and ignores the significance of the fact that the federal and state courts have concurrent jurisdiction over trademark related claims.

Thus, although the viability of Plaintiffs' trademark applications may require a court to examine the Lanham Act, whether Defendants committed legal malpractice will turn on whether they met the applicable standard of care, which is governed by State law. Mov. Mem. 10-11 and cases cited at 12-14. Plaintiffs have identified no substantial and disputed issue of federal law involved in determining the viability of their alleged trademarks. Plaintiffs admit that New York State courts are fully competent to review and interpret questions of federal law in applying the objective standards required in legal malpractice cases. Pl. Mem. 11 (quoting Richard v. Rosenman Colin Freund Lewis & Cohen, No. 85 Civ. 4859, 1985 WL 2878, at *3 (S.D.N.Y. Oct. 2, 1985)("[T]o the limited extent that the interpretation or consideration of federal law will be required insofar as it is necessary to apply the objective test required in a legal malpractice claim, the New York State courts are fully capable of interpreting federal law, and interpretation of federal law does not invariably raise a substantial question of federal law.") (citations omitted)). State courts do this every day, particularly with issues arising under the Lanham Act over which

4

Congress has determined to give the state courts concurrent jurisdiction with the federal courts.

Significantly, Plaintiffs have not cited this Court to a single case holding that there is federal question jurisdiction over a legal malpractice claim involving trademark law. Plaintiffs' reliance on Nazzaro v. Balber, No. 05 Civ. 2172, 2005 WL 1251785 (S.D.N.Y. May 25, 2005)(Pl. Mem. 9-10), is misplaced. In Nazzaro, the District Court held that there was a substantial disputed question of federal law under ERISA which the Court needed to decide in order for the plaintiff to establish his legal malpractice claim. Id. at *6. The viability of plaintiff's malpractice claim in Nazzaro turned on an interpretation of a federal statute which had not yet been settled by the federal courts. No similar claim is made in this case.

Bracey v. Board of Educ. of City of Bridgeport, 368 F.3d 108 (2d Cir. 2004) also does not support Plaintiffs' position. Pl. Mem. 8-9. Bracey involved federal Constitutional questions. The Supreme Court has stated that issues involving federal Constitutional law are more likely to reach the level of substantiality needed to justify the invocation of federal question jurisdiction. Grable & Sons Metal Products, Inc., 545 U.S. at 320, 125 S.Ct. at 2368 n.7 (citing Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 814, 106 S.Ct. 3229, 3235 n.12 (1986)). In Bracey, the Second Circuit held that federal question jurisdiction existed under Section 1331 because whether the plaintiff had stated a claim under Connecticut General Statute §31-51q was dependent solely on whether

5

his First Amendment rights under the United States Constitution had been violated. 368 F.3d at 115, 116. Hence, the <u>Bracey</u> plaintiff's claim arose under federal law. Unlike <u>Bracey</u>, no federal Constitutional questions are presented by this case.[1]

Plaintiffs are also grossly mistaken in arguing that Defendants' treatment of <u>Peyser v. Searle Blatt & Co., Ltd.</u>, No. 99 Civ. 10785, 2003 WL 22902590 (S.D.N.Y. Dec. 9, 2003), was a "distortive exaggeration." Pl. Mem. 8. The Court specifically noted that the <u>Peyser</u> plaintiffs could not bring the state law legal malpractice claim in federal court against their former attorneys in the trademark and copyright infringement litigation because there was no diversity between plaintiffs and their former attorneys. 2005 WL 22902590, at *3. There is no other reason for the Court's statement except to show that subject matter jurisdiction was lacking. Contrary to Plaintiffs' argument (Pl. Mem. 8), this certainly was not "dicta" because if there was federal jurisdiction over a claim involving the same case or controversy, the Court was required to assert supplemental jurisdiction. 28 U.S.C. §1367(a); <u>Itar-Tass Russian News Agency v. Russian Kurier, Inc.</u>, 140 F.3d 442, 447 (2d Cir. 1998)("[O]nce it is determined that a supplemental claim is related to the claim within the court's original jurisdiction such that they form the same case or controversy, supplemental jurisdiction over the related claim is mandatory."); <u>U.S. Fire Ins. Co. v. United Limousine Service, Inc.</u>, 328 F.Supp.2d 450, 453 (S.D.N.Y. 2004)("Second Circuit has held that § 1367

---

[1]Plaintiffs' other cited cases (Pl. Mem. 6-7) were anticipated and addressed in Defendants' moving memorandum. Mov. Mem. 17-18.

does more than merely <u>permit</u> district courts to hear supplemental claims; it, in fact, <u>requires</u> them to do so.")(emphasis in original).

Plaintiffs also argue that the Court would be required to interpret federal trademark law to determine whether Plaintiffs' marks were available for <u>foreign</u> trademark registration. Pl. Mem. 6. This argument, for which Plaintiffs cite no authority, is nonsensical. The Lanham Act does not control whether a mark can be registered in a foreign country. Again, no substantial disputed issue of federal law is presented by the allegations that Defendants were negligent with respect to supervising foreign firms seeking to register Plaintiffs' marks in other parts of the world.

The Supreme Court has stated that "Congress granted the district courts power to hear cases 'arising under' federal law in order to enhance the likelihood that federal laws would be interpreted more correctly and applied more uniformly." <u>Merrell Dow Pharmaceuticals Inc. v. Thompson</u>, 478 U.S. at 828, 106 S.Ct. at 3242. "The [arising under] doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." <u>Grable & Sons Metal Products, Inc.</u>, 545 U.S. at 312, 125 S.Ct. at 2367. Such interests are not involved in this litigation. The factual question of whether Plaintiffs' marks could have been registered does not require an interpretation of the Lanham Act which would alter the uniform body of federal trademark law.

7

Finally, Plaintiffs' broad interpretation of Section 1331 ignores the dictates of the Supreme Court that the "arising under" standard applies to only a "special and small category" of cases. Empire Healthchoice Assur., Inc. v. McVeigh, 547 U.S. 677, 126 S.Ct. 2121, 2136 (2006). Plaintiffs are asking this Court to federalize every legal malpractice action in which the underlying claim involves trademark law. Indeed, if the principles argued by Plaintiffs were adopted by this Court, it would open the doors of the federal courts to virtually every legal malpractice claim alleging negligence in connection with some aspect of federal law, trademark or otherwise. This is directly contrary to the warnings of the Supreme Court that "Congress's conception of the scope of jurisdiction to be exercised under § 1331" was not a "welcome mat" attracting "a horde of original filings and removal cases raising ... state claims with embedded federal issues." Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg., 545 U.S. at, 315, 125 S.Ct. at 2368.

Therefore, this action should be dismissed for lack of subject matter jurisdiction.

**POINT II**

**IN THE ALTERNATIVE, NO CLAIM FOR RELIEF IS
STATED AGAINST DEFENDANTS MYERS AND CLAYTON**

Plaintiffs misstate the standard of review for a motion to dismiss in this Circuit. Pl. Mem. 3-4, 13-14. Since the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1970 (2007), the Second Circuit and its District Courts have applied a standard of plausibility. E.g., Goldstein v. Pataki, ___ F.3d ___, 2008 WL 269100,

8

at *4 (2d Cir. Feb. 1, 2008); <u>ATSI Communications v. Shaar Fund, Ltd.</u>, 493 F.3d 87, 98 n.

2 (2d Cir.2007); <u>Iqbal v. Hasty</u>, 490 F.3d 143, 157-158 (2d Cir.2007); <u>Egan v. Marsh &</u>

<u>McLennan Companies, Inc.</u>, No. 07 Civ. 7134, 2008 WL 245511, at *3 (S.D.N.Y. Jan. 30,

2008). As Judge Castel described it, this new standard "does not require heightened fact

pleading of specifics, however, it does require enough facts to nudge [plaintiff's] claims

across the line from conceivable to plausible." <u>Wellnx Life Sciences Inc. v. Iovate Health</u>

<u>Sciences Research Inc.</u>, 516 F.Supp.2d 270, 284 (S.D.N.Y. 2007).

   The Amended Complaint fails to meet even this liberal standard because of its

own internal contradictions which make its allegations against Clayton and Myers

implausible. Although challenged on this motion to identify any specific act or omission

committed by either of these young attorneys which form the basis for the claim that they

should be personally liable for the alleged malpractice of Paul Hastings (Mov. Mem. 18-19),

Plaintiffs have failed to do so. Instead, they argue that by lumping Clayton and Myers

together with Defendant Chang, whom they have not served, and the entire Paul Hastings law

firm, Plaintiffs have met their pleading burden. Pl. Mem. 15.

   However, Plaintiffs' own arguments are contradicted by both their pleading and

by the affidavit of their counsel submitted in opposition to this motion. Plaintiffs argue that

each of the allegations of the Amended Complaint is "asserted against Defendants Clayton

and Myers." Pl. Mem. 14. Yet, this statement cannot possibly be true because Plaintiffs'

own complaint alleges that:

9

> 33.    Defendants were negligent and failed to exercise the reasonable skill and knowledge commonly possessed by a member of the legal profession by <u>repeatedly shifting and reassigning responsibility between a variety of attorneys within Paul Hastings, including among them, defendant Myers, Catherine M. Clayton and Katherine Chang</u>.

> 34.    Through the assignment and reassignment of plaintiffs' file within Paul Hastings, defendants were negligent and failed to exercise the reasonable skill and knowledge commonly possessed by a member of the legal profession <u>in failing to adequately apprise the new attorneys of the status of plaintiffs' applications</u>, provided contradictory information to plaintiffs regarding the status of the trademarks, double billed plaintiffs for previously completed work and mishandled plaintiffs' file.

Coddon Decl. Ex. B ¶¶33-34 (emphasis added).  <u>See also</u> Affidavit of Brian T. Egan, Esq. in Opposition, sworn to February 1, 2008, ¶10.

Thus, because Plaintiffs admit that Clayton and Myers were among "a variety" of attorneys" to whom Plaintiffs' work was shifted and reassigned at Paul Hastings and were among the "new attorneys" allegedly not apprised of what had gone on before, it is impossible for them to have committed each of the acts and omissions alleged in the Amended Complaint.  They are not alleged to have been partners of the firm, and Plaintiffs admit that Paul Hastings is a registered foreign limited liability partnership.  Coddon Decl. ¶5 and Ex. B ¶¶7, 8, 10.  Finally, neither Clayton nor Myers are alleged to have had any supervisory role over other attorneys at the firm, or the entire matter itself, upon which a claim of personal liability could be founded.  New York Partnership Law §121-1502(*l*)(a limited liability partnership employee is "personally and fully liable and accountable for any

negligent or wrongful act or misconduct committed by him or her or by any person under his or her direct supervision and control while rendering such professional services").

Thus, because of Plaintiffs' admission that these attorneys were not involved in the entire matter, Plaintiffs' claims for relief against them seeking to hold them personally liable for all alleged acts and omissions of Paul Hastings is simply not plausible. It is, therefore, respectfully submitted that the claims for relief against Myers and Clayton should be dismissed.

They should also be dismissed on the general policy ground that a plaintiff should not be permitted to stain the professional reputations of two young attorneys with sweeping, yet conclusory, allegations of malpractice demanding a personal judgment against them without specifically identifying a single act or omission personally committed by them. Although legal malpractice claims are not subject to the particularity requirement of Rule 9(b), the damage to an individual attorney's reputation by being named a defendant in such an action should at least require that the pleading specifically allege that the individual attorney committed some act or omission constituting malpractice in order to state a claim for personal liability. All that Plaintiffs have specifically alleged in their pleading and argued on this motion is that Clayton and Myers were employed by Paul Hastings and were assigned to work on Plaintiffs' matters for some period of time. Coddon Decl. Ex. B ¶¶7-8, 33-34. Plaintiffs have failed to put either Clayton or Myers on notice of what it is that they did or did not do that has caused them to be sued.

11

Plaintiffs' argument that it was "necessary" to name these two associates of Paul Hastings as Defendants is frivolous. Pl. Mem. 15. There is no allegation, or even argument, that Paul Hastings has disavowed their conduct and there is no allegation from which even an inference can be drawn that any professional service performed by these two associates was outside the scope of their employment by the firm. As Plaintiffs correctly note, Paul Hastings has not moved to dismiss the claims against it pursuant to Rule 12(b)(6) (id.) and fully intends to litigate these claims with Plaintiffs, particularly because Plaintiffs will undoubtably raise them as defenses in the fee litigation commenced by Paul Hastings in California. Coddon Decl. ¶¶6-9.

Therefore, if, for any reason, this Court does not dismiss this action for lack of subject matter jurisdiction, it is respectfully requested that it be dismissed as against Defendants Myers and Clayton under Rule 12(b)(6) for failure to state a claim.

12

## CONCLUSION

For each of the foregoing reasons, Defendants Paul, Hastings, Janofsky & Walker, LLP, Rebecca Kelder Myers, and Catherine M. Clayton respectfully request that their motion to dismiss be granted.

Dated: New York, N.Y.
      February 11, 2008

                          KAVANAGH MALONEY & OSNATO LLP

                          By _James J. Maloney_

                             James J. Maloney
                          Attorneys for Defendants Paul, Hastings,
                            Janofsky & Walker, LLP, Rebecca Kelder Myers,
                            and Catherine M. Clayton
                          415 Madison Avenue
                          New York, N.Y. 10017
                          212-207-8400

Of Counsel:
   David F. Bayne
   Steven M. Cordero

13

# EXHIBIT C

UNITED STATES DISTRICT COURT                JS - 6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7990-GHK(CTx) | Date | March 5, 2008 |
|---|---|---|---|

| Title | **Paul, Hastings, Janofsky & Walker, LLP v. Kat House Productions, LLC, et al.** |
|---|---|

**Presiding: The Honorable**          **GEORGE H. KING, U. S. DISTRICT JUDGE**

| Beatrice Herrera | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| (NONE) | (NONE) |

**Proceedings:**     **(In Chambers) Order Remanding Action for Lack of Subject Matter Jurisdiction**

On December 20, 2007, we directed Defendants to show cause why this action should not be remanded for lack of subject matter jurisdiction ("OSC"). Defendants timely responded to the OSC. We have fully considered Defendants' response. We reject Defendants' arguments for, among other reasons, those set forth in our OSC, and for the reasons set forth below.

In our OSC, we noted that "[w]e cannot exercise supplemental jurisdiction over claims unless they are so related to a claim over which we have original jurisdiction that they form part of the same case or controversy." Indeed, 28 U.S.C. § 1367(a) provides that we have supplemental jurisdiction over other claims that are so related "to claims *in the action* within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." (emphasis added). Clearly, we have no claims in this action within our original jurisdiction to which Plaintiff's claims can be considered related within the meaning of the supplemental jurisdiction statute. In response, Defendants merely assert that the Southern District of New York has original jurisdiction over Defendants' claims (as plaintiffs) in that action. Presumably, Defendants want to use supplemental jurisdiction to weave together a patchwork of claims and actions pending in different Districts. They have cited no authority for doing so. The only case cited in their response to this part of our OSC is *Baker v. Gold Seal Liquors*, 417 U.S. 467, 469 (1974). *Baker*, however, hardly supports Defendants' novel theory that supplemental jurisdiction exists over claims in an action in one district (even absent any original jurisdiction over such claims in that district) if they are somehow related to claims within the original jurisdiction of a district court in another district. The cited portion of *Baker* merely stands for the unremarkable proposition that certain counterclaims may be considered compulsory under FED. R. CIV. P. 13(a). That *Baker* does not in any way illuminate any issues relating to supplemental jurisdiction is made even clearer by the fact that the supplemental jurisdiction statute was not even passed until 1990, some 16 years after *Baker* was decided, and *Baker* made no reference to even the predecessor concept of pendent jurisdiction. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966). We conclude that we do not have supplemental jurisdiction over Plaintiff's state law claims

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7990-GHK(CTx) | Date | March 5, 2008 |
|---|---|---|---|

| Title | **Paul, Hastings, Janofsky & Walker, LLP v. Kat House Productions, LLC, et al.** |
|---|---|

in this action.

//

In our OSC, we also questioned Defendants' alternative assertion that we have federal question jurisdiction because we would be required to decide substantial federal questions involving trademarks in connection with our decision of Plaintiff's state law claims. We have reviewed Defendants' response to our OSC on this issue. We reject Defendants' arguments. Apparently Defendants argue that because Plaintiff's handling of the underlying legal services, which happen to involve representation on trademark and procedure, is the basis for Plaintiff's claims for recovery of legal fees, Plaintiff's right to "relief necessarily depends on resolution of federal trademark laws." Again, Defendants cite no authority other than a passing reference to *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983) for the unremarkable proposition that we have jurisdiction if plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. We conclude that Defendants have failed to carry their burden of establishing our subject matter jurisdiction. Here, federal law clearly did not create Plaintiff's state law claims. Moreover, trademark law is not an essential element of any of Plaintiff's claims for recovery. Nor will Plaintiff's claims necessarily depend on any resolution of a substantial question of federal trademark law. Plaintiff's claims are based on its provision of legal services for Defendants, and Defendants' alleged failure to pay (fully) for such services. The gravamen of these claims is no more dependent upon trademark law than they would be on any other substantive law that may have been the subject matter of the legal representation. To the extent the representation was in the trademark field, federal trademark law is at best only incidentally involved. *See Postal Instant Press v. Clark*, 741 F.2d 256, 257 (9th Cir. 1984).

Moreover, even if there is some allegation that Plaintiff may have committed malpractice in its trademark representation of Defendants, any necessary reference to trademark law would be at best a defense which would not create arising under jurisdiction under either 28 U.S.C. § 1331 or § 1338. In any event, a federal defense, which this is not, does not arise under federal law. *See Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 831 (2002) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987)).

Finally, even if some reference to federal trademark law is needed as a measure of Plaintiff's purported negligence, Defendants have not shown that there is any substantial question of federal trademark law. Indeed, the matter of trademark law may be undisputed, and the only dispute may be that under settled trademark law, Plaintiff allegedly failed to act in some manner amounting to some form of negligence. Where there is no substantial dispute or question as to federal law, there is no federal question jurisdiction. Because Defendants bear the burden of establishing our subject matter jurisdiction, their failure to identify the substantial question of federal trademark law purportedly at issue is fatal.

We conclude that we do not have subject matter jurisdiction over this action. Accordingly, this action is remanded to the state court from which it was removed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

Case No.    CV 07-7990-GHK(CTx)                              Date    March 5, 2008

Title    **Paul, Hastings, Janofsky & Walker, LLP v. Kat House Productions, LLC, et al.**

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer    AB for Bea