# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X      Index No.
KAT HOUSE PRODUCTIONS, LLC d/b/a SURF CHICK,
KATHLEEN MERRICK, PATRICIA J. WAGNER and
AURORA CONTRERAS,

                                        Plaintiffs,          **VERIFIED COMPLAINT**

          -against-

PAUL HASTINGS, JANOFSKY & WALKER, LLP,
REBECCA KELDER MYERS, KATHERINE CHANG
and CATHERINE M. CLAYTON,

                                        Defendants.
-----------------------------------------------------------------------X

          Plaintiffs, KAT HOUSE PRODUCTIONS, LLC d/b/a SURF CHICK,

KATHLEEN MERRICK, PATRICIA J. WAGNER and AURORA CONTRERAS, by their

attorneys, EGAN & GOLDEN, LLP, as and for their Complaint, allege as follows:

### INTRODUCTION

          1.    This action is brought by plaintiffs, KAT HOUSE PRODUCTIONS, LLC

d/b/a SURF CHICK, and the two owners KATHLEEN MERRICK and PATRICIA J. WAGNER

(collectively "plaintiffs") to recover against defendants for their acts of legal malpractice in their

handling and application for trademarks on behalf of plaintiffs, and by reason of their

malpractice, directly resulting in the dilution of their trademarks, the attendant loss of the profit,

as well as proximately contributing to millions of dollars of losses to plaintiffs' businesses.

### PARTIES

          2.    Plaintiff, KAT HOUSE PRODUCTIONS, LLC, ("Kat House"), is a

limited liability corporation organized and existing under the laws of the State of California with

its principal place of business at 3637 Arundell Circle, Ventura, California 93003.

3.     Plaintiff, KATHLEEN MERRICK ("Merrick"), is an individual who resides in the County of Los Angeles, State of California.

4.     Plaintiff, PATRICIA J. WAGNER ("Wagner"), is an individual who resides in the County of Los Angeles, State of California.

5.     Plaintiff, AURORA CONTRERAS ("Contreras"), is an individual who resides in the County of Los Angeles, State of California.

6.     At all times herein, Merrick, Wagner and Contreras were and are the sole members and officers of Surf Chick.

7.     Upon information and belief, defendants, PAUL HASTINGS, JANOFSKY & WALKER, LLP ("Paul Hastings"), is and was a foreign limited liability partnership registered to conduct business in the State of New York, and organized to practice law and existing under the laws of the State of California. Defendant maintains an office for the practice of law at 75 East 55th Street, New York, New York 10022.

8.     Defendant, REBECCA KELDER MYERS ("Myers"), is an individual licensed to practice law in the State of New York. Upon information and belief, she maintains an office for the practice of law at Paul Hastings Janofsky Walker, LLP at 75 East 55th Street, New York, New York 10022.

9.     Defendant, KATHERINE CHANG ("Chang"), is an individual licensed to practice law in the State of New York. Upon information and belief, she maintains an office for the practice of law at Paul Hastings Janofsky Walker, LLP at 75 East 55th Street, New York, New York 10022.

10.    Defendant, CATHERINE M. CLAYTON ("Clayton"), is an individual licensed to practice law in the State of New York. Upon information and belief, she maintains an

office for the practice of law at Paul Hastings Janofsky Walker, LLP at 75 East 55th Street, New York, New York 10022.

## JURISDICTION AND VENUE

11.    Jurisdiction of this Court is invoked under 28 U.S.C. § 1332. Jurisdiction over plaintiffs' pendent state law claims exists pursuant to 28 U.S.C. §1367(a).

12.    The amount in controversy well exceeds $150,000.000, excluding interest and costs.

13.    Venue is properly laid within the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391(a), as plaintiffs' claims arose in the Southern District of New York and defendants maintain an office for the practice of law within said district.

## AS AND FOR A FIRST CAUSE OF ACTION

14.    KAT HOUSE is in the business of selling clothing, surfboards and accessories that appeal to the female surf culture both domestically and world wide.

15.    From 1996 to present, KAT HOUSE has been selling a variety of female surfing merchandise under the "Surf Chick" mark.  Since 1996 and continuing until today, plaintiffs have invested a significant amount of time and money into designing, advertising and developing the Surf Chick mark.

16.     Plaintiffs' efforts resulted in a well-developed reputation in the surfing community, and consumers in general, for high quality products from a single particular source which is KAT HOUSE.

17.    In order to protect the well-developed mark, in or about March 1999, plaintiffs retained defendants to obtain the trademarks for "SURF CHICK", "SURF CHICK

GOT WET" and "GOLF CHICK" among other marks, in both the United States and a variety of foreign countries.

18.     Defendants accepted the legal work necessary to secure for plaintiffs the necessary domestic and international trademarks to protect plaintiffs' marks, and undertook the responsibility to perform such services on behalf of plaintiffs with reasonable skill, care and diligence.

19.     Plaintiffs were inexperienced in trademark law and procedure and retained defendants as their attorneys to prepare the necessary applications for a trademark and to present and secure same with the United States Patent and Trademark Office.  Defendants accepted the employment and responsibility to prepare the necessary trademark applications on behalf of plaintiffs and file same with the United States Patent and Trademark Office.

20.     Plaintiffs also desired to secure the trademarks for the following foreign countries:  United States, Canada, Australia, Japan, Mexico, Brazil, China, Taiwan, and the European Union.

21.     Defendants retained on plaintiff's behalf the following foreign law firms (collectively "foreign law firms"), in the specified countries, to prosecute and secure the necessary applications and to secure a trademark in their respective countries:

| Law Firm | Country |
| --- | --- |
| Davies Collison Cave | Australia |
| Momsen Leonrados & Cia. | Brazil |
| Gowlings | Canada |
| Paul Hastings Janofsky & Walker | China / Japan |
| Kilburn & Strode | European Union |

4

| Yuasa & Hura | Japan |
| Uhthoff, Gomez, Vega & Uhthoff | Mexico |

22.    At all times herein, defendants assumed the responsibility and obligation to supervise the work of the respective foreign law firms, and provided regular updates to plaintiffs on the status of their foreign applications.

23.    Throughout their representation of plaintiffs, defendants purported to prepare the applications for such trademarks in their entirety, and in particular, purported to have properly prepared the trademarks for the protection of plaintiffs and securing the trademark protection.

24.    Additionally, defendants purported to supervise the conduct of the foreign attorneys, and to ensure the foreign attorney's diligent and professional application for the trademarks on behalf of plaintiffs.

25.    Defendants violated their professional duties and were guilty of acts of professional malpractice by, *inter alia*, the following acts:

a.    Defendants repeatedly gave plaintiffs improper and incorrect advice on the law applying to plaintiffs' trademark applications; and

b.    Defendants wrongfully and carelessly advised plaintiffs that certain trademarks which plaintiffs desired were available to them were not proper and not available; and

c.    Defendants would repeatedly advise plaintiffs certain trademarks were completed, when in fact the trademarks were actually never filed for and/or not completed; and

d.  Defendants carelessly prepared the papers on the applications for the trademarks, and in particular, defendants carelessly prepared the claims so that they did not cover all of the trademarks which plaintiffs could apply for on their behalf; and

e.  Defendants, through their wrongful and careless acts, repeatedly provided to plaintiffs contradictory and/or incorrect statements as to the status and progress of both the domestic application and the foreign law firms' applications; and

f.  Defendants, through their wrongful and careless acts, failed to ensure that the foreign law firms under their supervision would properly secure the necessary trademarks.

26.    Defendants' negligence and delay in failing to timely and properly complete the trademark applications allowed a competitor, Christian Dior, to infringe on the "Surf Chick" mark, and to flood the market with its imitation of plaintiffs' mark.

27.    Had defendants properly applied for, and diligently prosecuted, the trademark applications, Christian Dior would not have been able to mimick and copy plaintiffs' mark.  By Christian Dior's, and other competitors, actions in mimicking and infringing on plaintiffs' mark, plaintiffs were harmed in that the value and uniqueness of the mark was substantially diluted and damaged.

28.    Upon information and belief, the following corporations also exploited defendants' failure to diligently pursue the necessary trademarks and infringed on plaintiffs' mark:  George Corp. (an affiliate of Wal-Mart); Matlan Corp.; Flamer Corp.; and Mini-Wear.

29.    As a result of the negligent and careless acts of defendants in the trademark applications, and the negligent and careless supervision of the foreign law firms, the trademarks which were ultimately secured on behalf of plaintiffs were neither timely, proper nor

sufficient, and did not protect plaintiffs as to all the claims which they could have made for the protection of their products and marks.

30.    Defendants negligence in failing to timely secure the domestic and international trademarks directly causes the substantial diminution of plaintiffs' unique marks and severely compromised plaintiffs' worldwide ability to manufacture, sell and sub license the marks.

31.    Defendants also repeatedly shifted and reassigned responsibility between a variety of attorneys within Paul Hastings, including among them, defendant Myers, Catherine M. Clayton and Katherine Chang.

32.    Through the assignment and reassignment of plaintiffs' file within Paul Hastings, defendants failed to adequately apprise the new attorneys of the status of plaintiffs' applications, provided contradictory information to plaintiffs regarding the status of the trademarks, double billed plaintiffs for previously completed work and mishandled plaintiffs' file.

33.    As a direct, foreseeable and proximate result of the acts of malpractice, the individual defendant attorneys, Rebecca Kelder Myers, Catherine M. Clayton and Katherine Chang, all were acting within the reasonable scope of the business of defendant, Paul Hastings. Thus, defendant Paul Hastings is vicariously liable for the negligence of the above-named individual attorneys.

34.    As a proximate and direct result of defendants' malpractice, other entities and competitors were thereby able to use and exploit plaintiffs' supposedly protected marks in whole or in part without license, both in the United States and foreign countries, without paying plaintiffs for such use, which was reasonably worth and which plaintiffs could have obtained the

sum of $30,000,000.00 had the application been properly prepared and the trademarks been obtained which fully protected the plaintiffs, all to the damage of plaintiffs in the sum of $30,000,000.00.

35.    By reason of the foregoing acts and omissions, defendants failed to exercise the reasonable skill and knowledge commonly possessed by a member of the legal profession.

36.    As a direct, foreseeable and proximate result of defendants' negligence, carelessness, unskillfullness and lack of diligence, plaintiffs have been damaged in an amount not yet fully ascertainable, but believed to be in excess of $30,000,000.00.

## AS AND FOR A SECOND CAUSE OF ACTION

37.    Plaintiffs repeat and reallege the foregoing paragraphs numbered "1" through "36" as if fully set forth at length herein.

38.    Defendants contracted with plaintiffs as part of the agreement of retainer to timely and properly prepare all of the necessary papers and applications to diligently obtain the necessary trademarks that would fully protect plaintiffs' marks.

39.    By failing to timely and properly prepare, file and prosecute the trademark applications, in failing to inform plaintiffs of the full scope that could or would be covered by the trademarks, and failing to procure for plaintiffs the proper trademarks, defendants breached their contract with plaintiffs.

40.    As a direct, foreseeable and proximate result of defendants' negligence, carelessness, unskillfullness and lack of diligence, plaintiffs have been damaged in an amount not yet fully ascertainable, but believed to be in excess of $30,000,000.00.

## AS AND FOR A THIRD CAUSE OF ACTION

41.     Plaintiffs repeat and reallege the foregoing paragraphs numbered "1"
through "37" as if fully set forth at length herein.

42.     As a result of the malpractice of defendants, plaintiffs were required to
incur additional legal expense in retaining another law firm to complete their trademark
applications.

43.     Additionally, plaintiffs were obligated to employ another law firm to
defend against the cancellation petition brought by Christian Dior.

44.     Had defendants timely and properly secured the necessary trademarks on
plaintiffs' behalf, such a suit would have been unnecessary and avoided entirely.

45.     As a result of plaintiffs retaining other attorneys, plaintiffs have incurred
additional legal fees in the approximate amount of $275,000.00.

46.     As a direct, foreseeable and proximate result of defendants' negligence,
carelessness, unskillfulness and lack of diligence, plaintiffs have been damaged in an amount not
yet fully ascertainable, but believed to be in excess of $275,000.00.

## AS AND FOR A FOURTH CAUSE OF ACTION

47.     Plaintiffs repeat and reallege the foregoing paragraphs numbered "1"
through "46" as if fully set forth at length herein.

48.     As set forth in paragraph 18 above, defendants recommended the foreign
law firms to apply for and secure the trademarks in their respective foreign countries.

49.     Defendants had a duty to supervise the foreign law firms.

50.     Defendants kept close contact and monitored the foreign law firms'
progress on their respective trademark applications. All of defendants' efforts, and those of the

foreign firms, was exercised from, supervised from, coordinated from and centralized out of, defendants' New York office.

51.    Defendants breached their duty of supervision of the foreign law firms by negligently, carelessly, wrongfully and unskillfully supervising the foreign law firms and failing plaintiffs in their duty to exercise reasonable skill in supervising the activities and work of the foreign law firms.

52.    As a direct, foreseeable and proximate result of defendants' negligence, carelessness, unskillfullness and lack of diligence, plaintiffs have been damaged in an amount not yet fully ascertainable, but believed to be in excess of $30,000,000.00.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs respectfully request that this Court enter judgment and grant the following relief:

a.    On the FIRST CAUSE OF ACTION, that plaintiffs have judgment against defendants PAUL HASTINGS, JANOFSKY & WALKER, LLP and REBECCA MYERS, jointly and severally, in the approximate amount of $30,000.000.00 plus interest, the precise amount to be determined at trial;

b.    On the SECOND CAUSE OF ACTION, that plaintiffs be granted judgment against the defendants PAUL HASTINGS, JANOFSKY & WALKER, LLP and REBECCA MYERS, in the amount of $30,000,000.00 plus interest, the precise amount to be determined at trial;

c.    On the THIRD CAUSE OF ACTION, that plaintiffs be granted judgment against the defendants PAUL HASTINGS, JANOFSKY & WALKER, LLP and

REBECCA MYERS, in the amount of $275,000.00 plus interest, the precise amount to be determined at trial;

        d.     On the FOURTH CAUSE OF ACTION, that plaintiffs be granted judgment against the defendants PAUL HASTINGS, JANOFSKY & WALKER, LLP and REBECCA MYERS, in the amount of $30,000,000.00 plus interest, the precise amount to be determined at trial; and

        e.     That plaintiff be awarded costs and disbursements in this action and such other and further relief as to this Court seems just, proper, and equitable.

### JURY DEMAND

Plaintiffs respectfully demand a jury trial in this action.

Dated: Patchogue, New York
       October 23, 2007

                                Yours, *etc.,*

                                **EGAN & GOLDEN, LLP**
                                *Attorneys for Plaintiffs*

By:                              _____
                                    Brian T. Egan (BE 1260)
                                    475 East Main Street, Suite 114
                                    Patchogue, New York 11772
                                    631.447.8100

## VERIFICATION

STATE OF CALIFORNIA    )
                          ) ss.:
COUNTY OF LOS ANGELES )

KATHLEEN MERRICK, being duly sworn, deposes and says:

I am the individual plaintiff and the President of the plaintiff corporation in the within action. I have read the foregoing Complaint and know the contents thereof; and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true. This verification is made by me because plaintiff is a corporation and I am an officer thereof. The sources of my information and grounds of my belief as to all matters not stated upon my own knowledge are books, records and documents in the possession of the corporation and discussions with plaintiff's personnel with knowledge pertinent to the Complaint.

KATHLEEN MERRICK

Sworn to before me this
28th day of September, 2007.

Notary Public

ANNE Y. KIM
COMM. #1561662
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
My Comm. Expires MAR. 20, 2009

**VERIFICATION**

STATE OF CALIFORNIA        )
                          Ventura    ) ss.:
COUNTY OF ~~LOS ANGELES~~ )

PATRICIA J. WAGNER, being duly sworn, deposes and says:

I am the individual plaintiff in the within action. I have read the foregoing

Complaint and know the contents thereof, and the same is true to my own knowledge, except as

to the matters therein stated to be alleged upon information and belief, and as to those matters I

believe it to be true. This verification is made by me because plaintiff is a corporation and I am

an officer thereof. The sources of my information and grounds of my belief as to all matters not

stated upon my own knowledge are books, records and documents in the possession of the

corporation and discussions with plaintiff's personnel with knowledge pertinent to the

Complaint.

PATRICIA J. WAGNER

Sworn to before me this
____ th day of September, 2007

Notary Public

CHERYL LEMBKE
COMM. #1602956
Notary Public-California
VENTURA COUNTY
My Comm. Exp. Sept 24, 2009

FROM :    22-OCT-07 12:53   MOTOR SERVICE    PHONE NO. : 8055852296    (TEL. FAX 150 LEO 40)    Oct. 22 2007 03:43PM P1

## VERIFICATION

STATE OF CALIFORNIA    )
                       ) ss.:
COUNTY OF LOS ANGELES )

REPUBLIC OF ARGENTINA)
CITY OF BUENOS AIRES)  S S
EMBASSY OF THE UNITED)
STATES OF AMERICA)

AURORA CONTRERAS, being duly sworn, deposes and says:

I am the individual plaintiff in the within action. I have read the foregoing Complaint and know the contents thereof, and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true. This verification is made by me because plaintiff is a corporation and I am an officer thereof. The sources of my information and grounds of my belief as to all matters not stated upon my own knowledge are books, records and documents in the possession of the corporation and discussions with plaintiff's personnel with knowledge pertinent to the Verified Complaint.

AURORA CONTRERAS

Sworn to before me this
18th day of ~~September~~, 2007.
           October

Notary Public

Christopher J. Anderson
Vice Consul

14

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



------------------------------------------------------------------X

Index No. 07 CV 9700

KAT HOUSE PRODUCTIONS, LLC d/b/a SURF CHICK,
KATHLEEN MERRICK, PATRICIA J. WAGNER and
AURORA CONTRERAS,

                                        Plaintiffs,

            -against-

PAUL HASTINGS, JANOFSKY & WALKER, LLP,
REBECCA KELDER MYERS, KATHERINE CHANG
and CATHERINE M. CLAYTON,

                                        Defendants.

------------------------------------------------------------------X

**AMENDED VERIFIED
COMPLAINT**

         Plaintiffs, KAT HOUSE PRODUCTIONS, LLC d/b/a SURF CHICK,

KATHLEEN MERRICK, PATRICIA J. WAGNER and AURORA CONTRERAS, by their

attorneys, EGAN & GOLDEN, LLP, as and for their Complaint, allege as follows:

### INTRODUCTION

         1.    This action is brought by plaintiffs, KAT HOUSE PRODUCTIONS, LLC

d/b/a SURF CHICK, and the three owners KATHLEEN MERRICK,  PATRICIA J. WAGNER

and AURORA CONTRERAS (collectively "plaintiffs") to recover against defendants for their

acts of legal malpractice in their handling and application for trademarks on behalf of plaintiffs,

and by reason of their malpractice, directly resulting in the dilution of their trademarks, the

attendant loss of the profit, as well as proximately contributing to millions of dollars of losses to

plaintiffs' business.

### PARTIES

         2.    Plaintiff, KAT HOUSE PRODUCTIONS, LLC, ("Kat House"), is a

limited liability corporation organized and existing under the laws of the State of California with

its principal place of business at 3637 Arundell Circle, Ventura, California 93003.

3.      Plaintiff, KATHLEEN MERRICK ("Merrick"), is an individual who resides in the County of Los Angeles, State of California.

4.      Plaintiff, PATRICIA J. WAGNER ("Wagner"), is an individual who resides in the County of Los Angeles, State of California.

5.      Plaintiff, AURORA CONTRERAS ("Contreras"), is an individual who resides in the County of Los Angeles, State of California.

6.      At all times herein, Merrick, Wagner and Contreras were and are the sole members and officers of Kat House.

7.      Upon information and belief, defendants, PAUL HASTINGS, JANOFSKY & WALKER, LLP ("Paul Hastings"), is and was a foreign limited liability partnership registered to conduct business in the State of New York, and organized to practice law and existing under the laws of the State of California. Defendant maintains an office for the practice of law at 75 East 55th Street, New York, New York 10022.

8.      Defendant, REBECCA KELDER MYERS ("Myers"), is an individual licensed to practice law in the State of New York. Upon information and belief, she maintains an office for the practice of law at Paul Hastings Janofsky Walker, LLP at 75 East 55th Street, New York, New York 10022.

9.      Defendant, KATHERINE CHANG ("Chang"), is an individual licensed to practice law in the State of New York. Upon information and belief, she is a resident of the State of New York.

10.     Defendant, CATHERINE M. CLAYTON ("Clayton"), is an individual licensed to practice law in the State of New York. Upon information and belief, she is a resident of the State of New York.

## JURISDICTION AND VENUE

11.    Jurisdiction of this Court is invoked under 28 U.S.C. § 1331. Jurisdiction over plaintiffs' pendent state law claims exists pursuant to 28 U.S.C. §1367(a).

12.    The amount in controversy well exceeds $150,000.000, excluding interest and costs.

13.    Venue is properly laid within the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391(a), as plaintiffs' claims arose in the Southern District of New York and defendants maintain either residences or offices for the practice of law within said district.

## AS AND FOR A FIRST CAUSE OF ACTION

14.    KAT HOUSE is in the business of selling clothing, surfboards and accessories that appeal to the female surf culture both domestically and world wide.

15.    From 1996 to present, KAT HOUSE has been selling a variety of female surfing merchandise under the "Surf Chick" mark. Since 1996 and continuing until today, plaintiffs have invested a significant amount of time and money into designing, advertising and developing the Surf Chick mark.

16.    Plaintiffs' efforts resulted in a well-developed reputation in the surfing community, and consumers in general, for high quality products from a single particular source which is KAT HOUSE.

17.    In order to protect the well-developed mark, in or about March 1999, plaintiffs retained defendants to obtain the trademarks for "SURF CHICK", "SURF CHICK GOT WET" and "GOLF CHICK" among other marks pursuant to the applicable federal

3

requirements and procedures, including but not limited to the Lanham Act, 15 U.S.C., §1051, et seq., in both the United States and a variety of foreign countries.

18.    Defendants accepted the legal work necessary to secure for plaintiffs the necessary domestic and international trademarks to protect plaintiffs' marks, and undertook the responsibility to perform such services on behalf of plaintiffs with reasonable skill, care and diligence.

19.    Plaintiffs were inexperienced in trademark law and procedure and retained defendants as their attorneys to prepare the necessary applications for a trademark in accordance with applicable federal requirements and procedures, including but not limited to, the procedures set forth in the Lanham Act and to present and secure same with the United States Patent and Trademark Office.    Defendants accepted the employment and responsibility to prepare the necessary trademark applications on behalf of plaintiffs and file same with the United States Patent and Trademark Office.

20.    Plaintiffs also desired to secure the trademarks for the following foreign countries:    United States, Canada, Australia, Japan, Mexico, Brazil, China, Taiwan, and the European Union.

21.    Defendants retained on plaintiff's behalf the following foreign law firms (collectively "foreign law firms"), in the specified countries, to prosecute and secure the necessary applications and to secure a trademark in their respective countries:

| Law Firm | Country |
| --- | --- |
| Davies Collison Cave | Australia |
| Momsen Leonrados & Cia. | Brazil |
| Gowlings | Canada |

4

| | |
|---|---|
| Paul Hastings Janofsky & Walker | China / Japan |
| Kilburn & Strode | European Union |
| Yuasa & Hura | Japan |
| Uhthoff, Gomez, Vega & Uhthoff | Mexico |

22.    At all times herein, defendants assumed the responsibility and obligation to supervise the work of the respective foreign law firms, and provided regular updates to plaintiffs on the status of their foreign applications.

23.    Throughout their representation of plaintiffs, defendants purported to prepare the applications for such trademarks in their entirety in accordance with the applicable federal requirements and procedures, including but not limited to the Lanham Act, and in particular, purported to have properly prepared the trademarks for the protection of plaintiffs and securing the trademark protection.

24.    Additionally, defendants purported to supervise the conduct of the foreign attorneys, and to ensure the foreign attorney's diligent and professional application for the trademarks on behalf of plaintiffs.

25.    Defendants violated their professional duties and were guilty of acts of professional malpractice and failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession by, *inter alia*, the following acts:

a.    Defendants repeatedly gave plaintiffs improper and incorrect advice on the applicable federal trademark protections, including but not limited to the Lanham Act and the procedures and requirements thereunder when applying for plaintiffs' trademark applications; and

b. Defendants wrongfully and carelessly advised plaintiffs that certain trademarks which plaintiffs desired were available to them under federal law when such trademarks were not available; and

c. Defendants would repeatedly advise plaintiffs certain trademarks were completed, when in fact the trademarks were actually never filed for and/or not completed in accordance with applicable federal trademark requirements and procedures; and

d. Defendants carelessly prepared the papers on the applications for the trademarks as the subject applications failed to adhere to the requirements of the federal trademark regulations, including but limited to the Lanham Act, and in particular, defendants carelessly prepared the claims so that they did not cover all of the trademarks which plaintiffs could apply for on their behalf; and

e. Defendants, through their wrongful and careless acts, repeatedly provided to plaintiffs contradictory and/or incorrect statements as to the status and progress of both the domestic application and the foreign law firms' applications; and

f. Defendants, through their wrongful and careless acts, failed to ensure that the foreign law firms under their supervision would properly secure the necessary trademarks.

26.    Defendants' negligence and delay in failing to timely and properly complete the trademark applications pursuant to applicable federal law and allowed a competitor, Christian Dior, to infringe on the "Surf Chick" mark, and to flood the market with its imitation of plaintiffs' mark.

27.    Had defendants properly applied for, and diligently prosecuted, the trademark applications, Christian Dior would not have been able to mimic and copy plaintiffs' mark. By Christian Dior's, and other competitors, actions in mimicking and infringing on

plaintiffs' mark, plaintiffs were harmed in that the value and uniqueness of the mark was substantially diluted and damaged.

28.    Upon information and belief, the following corporations also exploited defendants' failure to diligently pursue the necessary trademarks and infringed on plaintiffs' mark:  George Corp. (an affiliate of Wal-Mart); Matlan Corp.; Flamer Corp.; and Mini-Wear.

29.    But for defendants' negligent failure to properly complete and submit the requisite trademark applications, which was the proximate cause of plaintiff's damages, plaintiffs' mark for "SURF CHICK", "SURF CHICK GOT WET" AND "GOLF CHICK", among other marks, would have been protected under applicable federal trademark regulations, including but not limited to the Lanham Act, and would not have been infringed upon by Christian Dior, George Corp. (an affiliate of Wal-Mart); Matlan Corp.; Flamer Corp.; and Mini-Wear.

30.    As a result of the negligent and careless acts of defendants in failing to properly complete and submit the  trademark applications in accordance with federal trademark regulations, and the negligent and careless supervision of the foreign law firms, the trademarks which were ultimately secured on behalf of plaintiffs were neither timely, proper nor sufficient under the applicable federal trademark regulations, and did not protect plaintiffs as to all the claims which they could have made for the protection of their products and marks.

31.    But for defendants' negligent failure to properly complete and submit the requisite trademark applications, which was the proximate cause of plaintiff's damages, plaintiffs' were not afforded protection under federal trademark regulations, including but not limited to the Lanham Act, and as a direct result, plaintiff could seek redress against Christian Dior, George Corp. (an affiliate of Wal-Mart); Matlan Corp.; Flamer Corp.; and Mini-Wear,

among others who infringed upon plaintiffs' mark for "SURF CHICK", "SURF CHICK GOT WET" AND "GOLF CHICK", among other marks

      32.    Defendants' negligence in failing to timely secure the domestic and international trademarks directly caused plaintiff to suffer damages and suffer the substantial diminution of plaintiffs' unique marks and severely compromised plaintiffs' worldwide ability to manufacture, sell and sub license the marks.

      33.    Defendants were negligent and failed to exercise the reasonable skill and knowledge commonly possessed by a member of the legal profession by repeatedly shifting and reassigning responsibility between a variety of attorneys within Paul Hastings, including among them, defendant Myers, Catherine M. Clayton and Katherine Chang.

      34.    Through the assignment and reassignment of plaintiffs' file within Paul Hastings, defendants were negligent and failed to exercise the reasonable skill and knowledge commonly possessed by a member of the legal profession in failing to adequately apprise the new attorneys of the status of plaintiffs' applications, provided contradictory information to plaintiffs regarding the status of the trademarks, double billed plaintiffs for previously completed work and mishandled plaintiffs' file.

      35.    As a direct, foreseeable and proximate result of the acts of malpractice, the individual defendant attorneys, Rebecca Kelder Myers, Catherine M. Clayton and Katherine Chang, all were acting within the reasonable scope of the business of defendant, Paul Hastings. Thus, defendant Paul Hastings is vicariously liable for the negligence of the above-named individual attorneys.

      36.    As a proximate and direct result of defendants' malpractice, other entities and competitors were thereby able to use and exploit plaintiffs' supposedly protected marks in

whole or in part without license, both in the United States and foreign countries, without paying plaintiffs for such use, which was reasonably worth and which plaintiffs could have obtained the sum of $30,000,000.00 had the application been properly prepared and the trademarks been obtained which fully protected the plaintiffs, all to the damage of plaintiffs in the sum of $30,000,000.00.

37.    As a direct and proximate result of defendants' negligence and malpractice, plaintiffs' marks were not protected under federal trademark regulations, and plaintiffs could not seek legal redress under the federal regulations from the entities and competitors that infringed upon plaintiffs' marks.

38.    By reason of the foregoing acts and omissions, defendants failed to exercise the reasonable skill and knowledge commonly possessed by a member of the legal profession.

39.    As a direct, foreseeable and proximate result of defendants' negligence, carelessness, unskillfullness and lack of diligence, and failure to exercise the reasonable skill and knowledge commonly possessed by a member of the legal profession, plaintiffs have been damaged in an amount not yet fully ascertainable, but believed to be in excess of $30,000,000.00.

## AS AND FOR A SECOND CAUSE OF ACTION

40.    Plaintiffs repeat and reallege the foregoing paragraphs numbered "1" through "39" as if fully set forth at length herein.

41.    Defendants contracted with plaintiffs as part of the agreement of retainer to timely and properly prepare all of the necessary papers and applications in accordance with

9

the procedures and requirements of applicable federal trademark law to diligently obtain the necessary trademarks that would fully protect plaintiffs' marks.

42.    By failing to timely and properly prepare, file and prosecute the trademark applications, in failing to inform plaintiffs of the full scope that could or would be covered by the trademarks, and failing to procure for plaintiffs the proper trademarks, and in failing to following the procedures and requirements of the Lanham Act and applicable federal regulations, defendants breached their contract with plaintiffs.

43.    As a direct, foreseeable and proximate result of defendants' negligence, carelessness, unskillfullness and lack of diligence, plaintiffs have been damaged in an amount not yet fully ascertainable, but believed to be in excess of $30,000,000.00.

## AS AND FOR A THIRD CAUSE OF ACTION

44.    Plaintiffs repeat and reallege the foregoing paragraphs numbered "1" through "43" as if fully set forth at length herein.

45.    As a direct and proximate result of the malpractice of defendants, plaintiffs were required to incur additional legal expense in retaining another law firm to complete their trademark applications.

46.    Additionally, plaintiffs were obligated to employ another law firm to defend against the cancellation petition brought by Christian Dior.

47.    Had defendants timely and properly secured the necessary trademarks on plaintiffs' behalf, and followed the procedures and requirements of the applicable federal statutes and regulations, plaintiffs' marks would have been fully protection and such a suit would have been unnecessary and avoided entirely.

48.    As a result of plaintiffs retaining other attorneys, plaintiffs have incurred additional legal fees in the approximate amount of $275,000.00.

49.    As a direct, foreseeable and proximate result of defendants' negligence, carelessness, unskillfulness and lack of diligence, plaintiffs have been damaged in an amount not yet fully ascertainable, but believed to be in excess of $275,000.00.

## AS AND FOR A FOURTH CAUSE OF ACTION

50.    Plaintiffs repeat and reallege the foregoing paragraphs numbered "1" through "49" as if fully set forth at length herein.

51.    As set forth in paragraph 18 above, defendants recommended the foreign law firms to apply for and secure the trademarks in their respective foreign countries.

52.    Defendants had a duty to supervise the foreign law firms.

53.    Defendants kept close contact and monitored the foreign law firms' progress on their respective trademark applications. All of defendants' efforts, and those of the foreign firms, was exercised from, supervised from, coordinated from and centralized out of, defendants' New York office.

54.    Defendants breached their duty of supervision of the foreign law firms by negligently, carelessly, wrongfully and unskillfully supervising the foreign law firms and failing plaintiffs in their duty to exercise reasonable skill in supervising the activities and work of the foreign law firms.

55.    As a direct, foreseeable and proximate result of defendants' negligence, carelessness, unskillfullness and lack of diligence, plaintiffs have been damaged in an amount not yet fully ascertainable, but believed to be in excess of $30,000,000.00.

## PRAYER FOR RELIEF

**WHEREFORE,** plaintiffs respectfully request that this Court enter judgment and grant the following relief:

a.    On the FIRST CAUSE OF ACTION, that plaintiffs have judgment against defendants, jointly and severally, in the approximate amount of $30,000.000.00 plus interest, the precise amount to be determined at trial;

b.    On the SECOND CAUSE OF ACTION, that plaintiffs be granted judgment against the defendants, jointly and severally, in the amount of $30,000,000.00 plus interest, the precise amount to be determined at trial;

c.    On the THIRD CAUSE OF ACTION, that plaintiffs be granted judgment against the defendants, jointly and severally, in the amount of $275,000.00 plus interest, the precise amount to be determined at trial;

d.    On the FOURTH CAUSE OF ACTION, that plaintiffs be granted judgment against the defendants, jointly and severally, in the amount of $30,000,000.00 plus interest, the precise amount to be determined at trial; and

e.    That plaintiff be awarded costs and disbursements in this action and such other and further relief as to this Court seems just, proper, and equitable.

## JURY DEMAND

Plaintiffs respectfully demand a jury trial in this action.

Dated: Patchogue, New York
      December 31, 2007

                                    Yours, *etc.*,

                                    **EGAN & GOLDEN, LLP**
                                    *Attorneys for Plaintiffs*

                By:         _____
                                 Brian T. Egan (BE1260)
                          475 East Main Street, Suite 114
                          Patchogue, New York 11772
                          631.447.8100

## VERIFICATION

STATE OF CALIFORNIA       )
                          ) ss.:
COUNTY OF LOS ANGELES )

PATRICIA J. WAGNER, being duly sworn, deposes and says:

I am the individual plaintiff in the within action.  I have read the foregoing
Complaint and know the contents thereof; and the same is true to my own knowledge, except as
to the matters therein stated to be alleged upon information and belief, and as to those matters I
believe it to be true.  This verification is made by me because plaintiff is a corporation and I am
an officer thereof.  The sources of my information and grounds of my belief as to all matters not
stated upon my own knowledge are books, records and documents in the possession of the
corporation and discussions with plaintiff's personnel with knowledge pertinent to the
Complaint.

_____
PATRICIA J. WAGNER

Sworn to before me this
31 th day of _January_, 2007.

_____
      Notary Public

15

# EXHIBIT C

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 07-7990-GHK (CTx) | | Date | December 20, 2007 |
|---|---|---|---|---|
| Title | *Paul, Hastings, Janofsky & Walker, LLP v. Kat House Productions, LLC, et al.* | | | |

Presiding: The Honorable    GEORGE H. KING, U.S. DISTRICT JUDGE

| Beatrice Herrera | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| (none) | (none) |

Proceedings:    (In Chambers) Order to Show Cause re: Subject Matter Jurisdiction

On November 7, 2007, Plaintiff Paul, Hastings, Janofsky & Walker, LLP, filed the above-captioned Complaint in California state court. On December 7, 2007, Defendants Kat House Productions, LLC d/b/a Surf Chick, Kathleen Merrick, Patricia J. Wagner, Aurora Contrares ("Defendants") filed a Notice of Removal in this Court. However, as a court of limited jurisdiction, *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), we must determine the issue of subject matter jurisdiction before reaching the merits of a case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

Defendants state that they filed an action against Plaintiff for legal malpractice in the United States District Court for the Southern District of New York on November 1, 2007 ("New York action"). Defendants further state that Plaintiff's claims here constitute compulsory counterclaims in the New York action under FED. R. CIV. P. 13. Defendants argue that because the claims are compulsory counterclaims in a federal action, we have supplemental jurisdiction under 28 U.S.C. § 1367. Defendants further argue that jurisdiction is proper under 28 U.S.C. § 1338 because Plaintiff's right to relief depends on resolution of issues under federal trademark law.

We cannot exercise supplemental jurisdiction over claims unless they are so related to a claim over which we have original jurisdiction that they form part of the same case or controversy. 28 U.S.C. § 1367(a). If we are to exercise supplemental jurisdiction over the removed claims, there must be a civil action in which we have original jurisdiction. No showing has been made that we have original jurisdiction over any claims.

We do have original jurisdiction "of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks." 28 U.S.C. § 1338(a). However, there has also been no showing that Plaintiff's claims arise under any federal statute concerning intellectual property. Rather, the claims in the Complaint appear to state common law contract and contract-related claims. Although Defendants assert that the claim involves questions of federal trademark law, we do

CV-90 (06/04)      CIVIL MINUTES - GENERAL      Page 1 of 2

PAGE 3/4 * RCVD AT 12/27/2007 5:45:04 AM [Pacific Standard Time] * SVR:LAXRF1/4 * DNIS:9998 * CSID:RightFAX * DURATION (mm-ss):01-52

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 07-7990-GHK (CTx) | Date | December 20, 2007 |
|---|---|---|---|

| Title | *Paul, Hastings, Janofsky & Walker, LLP v. Kat House Productions, LLC, et al.* |
|---|---|

not have jurisdiction over an action that "fundamentally asserts contract claims and only incidentally involves the Lanham Trade-Mark Act." *Postal Instant Press v. Clark*, 741 F.2d 256 (9th Cir. 1984).

The party seeking to establish jurisdiction bears the burden of proving such. *Kokkonen*, 511 U.S. at 377. Therefore, Defendants are ORDERED TO SHOW CAUSE, in writing, WITHIN TWELVE DAYS, as to why this action should not be remanded because we lack subject matter jurisdiction.

Defendants' failure to timely and adequately show cause as required herein shall be deemed their admission that we lack subject matter jurisdiction. In that event, this action shall be remanded for lack of subject matter jurisdiction.

IT IS SO ORDERED.

—————— : ——————

Initials of Deputy Clerk      AB for Bea

CV-90 (06/04)      CIVIL MINUTES - GENERAL      Page 2 of 2

PAGE 4/4 * RCVD AT 12/27/2007 5:45:04 AM [Pacific Standard Time] * SVR:LAXRF1/4 * DNIS:9998 * CSID:RightFAX * DURATION (mm-ss):01-52

# EXHIBIT D

1  | GIRARDI | KEESE
   | 1126 Wilshire Blvd.
2  | Los Angeles, CA, 90017
3  | (213) 977-0211
   | JAMES G. O'CALLAHAN, STATE BAR NO. 126975
4
   | Attorneys for Defendants,
5
6  | KAT HOUSE PRODUCTIONS, LLC d/b/a SURF CHICK,
   | KATHLEEN MERRICK, PATRICIA J. WAGNER,
7  | AURORA CONTRARES
8
9  |                   UNITED STATES DISTRICT COURT
10 |               FOR THE CENTRAL DISTRICT OF CALIFORNIA
11
12 | PAUL, HASTINGS, JANOFSKY &          )
   | WALKER, LLP, a limited iability     )    CASE NO. CV07-07990 GHK (CTx)
13 | partnership,                        )
   |                                     )    [State Court Action Case No. BC380396]
14 |              Plaintiff,             )
   |                                     )
15 | vs.                                 )
   |                                     )
16 | KAT HOUSE PRODUCTIONS, LLC          )
17 | d/b/a SURF CHICK, KATHLEEN          )    **DEFENDANTS' RESPONSE TO**
   | MERRICK, PATRICIA J. WAGNER,        )    **COURT'S ORDER TO SHOW**
   |                                     )    **CAUSE RE: SUBJECT MATTER**
18 | AURORA CONTRARES; and DOES 1        )    **JURISDICTION; MEMORANDUM OF**
   | Through 10, Inclusive,              )    **POINTS AND AUTHORITIES**
19 |                                     )
20 |              Defendants.            )
   |                                     )
21 |                                     )
22 |                                     )
23 |                                     )
24 |                                     )
25 |                                     )
26 |                                     )
27 |
28

1    **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL**
2    **DISTRICT OF CALIFORNIA AND ALL PARTIES OF RECORD:**

3          On December 26, 2007 The Honorable George H. King, U.S. District Judge, entered an
4    Order to Show Cause re: Subject Matter Jurisdiction for the above captioned case.  Defendants
5    hereby respond to the Order as follows and as described in detail in the Memorandum of Points
6    and Authorities:

7    ///

8          Original subject matter jurisdiction exists over the action for legal malpractice filed by
9    Defendants in New York under 28 U.S.C. § 1338 (a).  The California action filed against
10   Defendants constitutes a compulsory counterclaim under F.R.C.P. Rule 13.  As such, these
11   claims, as stated in the California Complaint, must be adjudicated as part of the New York
12   Action.  Therefore, removal of PAUL, HASTINGS, JANOFSKY & WALKER, LLP to federal courts
13   is proper under 28 U.S.C. § 1367(a).  Failure to plead these claims as counterclaims in the New
14   York Action bars PAUL, HASTINGS, JANOFSKY & WALKER, LLP from bringing such claims in a
15   separate action.  *Baker v Gold Seal Liquors, Inc.* (1974) 417 US 467.  The California Action,
16   once removed to a District Court in California, is subject to a "convenience" transfer under 28
17   U.S.C. § 1404(a) to New York, where these claims can be adjudicated in conjunction with the
18   legal malpractice action.

19   ///

20         Original subject matter jurisdiction exists over the California Action under 28 U.S.C. § 1338
21   (a) because resolution of a substantial, disputed question of federal, trademark, law is necessary
22   to establish an element of PAUL, HASTINGS, JANOFSKY & WALKER, LLP's well pleaded
23   complaint.  Despite Plaintiff PAUL, HASTINGS, JANOFSKY & WALKER, LLP's attempt to
24   present the action as an ordinary contract dispute, the central issue of this case is whether
25   Plaintiff satisfied its end of the contractual obligations in handling and applying for trademarks on
26   Defendants' behalf, an issue that necessarily and wholly depends on interpretation and

27
28

DEFENDANTS' RESPONSE TO COURT'S ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION

1   application of federal law.  The resolution of federal trademark law is not incidental to this case;

2   rather, it is the sole legal and factual controversy.

3       DATED:  January 8, 2008

                                        **GIRARDI | KEESE**

4

5

6

7                                 BY:_____

8                                          JAMES G. O'CALLAHAN

9                                          Attorneys for Defendants
                                           KAT HOUSE PRODUCTIONS,
10                                         LLC d/b/a SURF CHICK,
                                           KATHLEEN MERRICK, PATRICIA
11                                         J. WAGNER, AURORA
                                           CONTRARES
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        -3-

DEFENDANTS' RESPONSE TO COURT'S ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION

**MEMORANDUM OF POINTS AND AUTHORITIES**

**1.    Original Subject Matter Jurisdiction Exists Over the Legal Malpractice Action Filed in New York.**

In *Nazzaro v. Balber*, 2005 WL 1251785 (SDNY 2005), plaintiff's complaint was comprised of four causes of action all surrounding a claim for legal malpractice. *Id.* No federal claims were stated. However, the court opined that "[e]ven though state law created [plaintiff's] causes of action, its case might still 'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Id.* The court applied this concept in its opinion and concluded that "plaintiff's pleading compels the inference that plaintiffs intend to argue underlying claims arising from federal law in their suit for malpractice against their former counsel." *Id.*

> "[P]laintiffs may intend to attempt to establish that the defendants were negligent in their
> representation with respect to federal claims: that they were entitled to severance pay
> and/or deferred compensation arising from their ERISA benefits plans, perhaps on a
> theory that their rights had vested prior to termination of their employment contracts; or
> that plaintiffs were entitled to compensation from the FDIC arising under FIRREA. Each of
> these claims would turn upon a substantial disputed question of federal law. Therefore, if
> it is plaintiffs' intention to seek damage awards arising from these claims, federal
> jurisdiction would be proper." *Id.*

Similar to the underlying facts in *Nazzaro*, Plaintiffs in the New York Action assert state law causes of action for legal malpractice. However, the resolution of these causes of action depends upon a substantial disputed question of federal law. Specifically, the New York Action legal malpractice claims are based on PAUL, HASTINGS, JANOFSKY & WALKER, LLP's failure to properly handle and apply for trademark protection on New York Plaintiffs' behalf. The resolution of whether PAUL, HASTINGS, JANOFSKY & WALKER, LLP in fact committed legal malpractice will turn solely on the question of legal procedures and practices as mandated by federal trademark laws. Thus, New York Plaintiffs will seek damages that necessarily arise from

-4-

1     claims directly related to interpretation and application of federal law. Therefore, original federal

2     jurisdiction is proper pursuant to 28 U.S.C § 1338(a). *See also, West 14th Street Commercial*

3     *Corp. v. 5 West 14th Owners Corp.*, 815 F.2d 188 (2nd Cir. 1987) (holding federal jurisdiction was

4     proper where a state-law cause of action for ejectment required as an element the plaintiff's

5     establishment of current right to possession, and that right was conferred by federal law, the

6     federal law formed an ingredient of the well-pleaded complaint and thus supported federal

7     jurisdiction); *Derrico v. Sheehan Emergency Hospital*, 844 F.2d 22 (2d Cir. 1988) (holding state-

8     law breach of contract action itself required plaintiff to prove the existence of a contract, and the

9     plaintiff asserted in its complaint that the contract arose by implication under federal law).

10        **2.     The California Action Constitutes a Compulsive Counterclaim to the New York**

11    **Action; Thus, Supplemental Jurisdiction Exists Under 28 U.S.C. § 1367(a).**

12        Plaintiff PAUL, HASTINGS, JANOFSKY & WALKER, LLP omits crucial facts from its

13    California Complaint. The Complaint simply alleges existence of a contract for legal services

14    between PAUL, HASTINGS, JANOFSKY & WALKER, LLP and Defendants, and the existence of

15    a dispute that arises from Defendants' alleged failure to pay legal fees under that contract. What

16    the Complaint conveniently omits is the fact that the legal services sought under the contract

17    were specifically related to securing trademark protection for Defendants. The Complaint also

18    omits to mention that performance of all such legal services was undertaken by PAUL,

19    HASTINGS, JANOFSKY & WALKER, LLP's **New York Office**. All occurrences and events

20    relating to the contract took place in New York, by New York representatives of PAUL,

21    HASTINGS, JANOFSKY & WALKER, LLP and were governed by the trademark federal laws –

22    the laws that mandate procedures and laws for providing legal services of the kind sought under

23    the contract. The Complaint further omits the fact that New York representatives of PAUL,

24    HASTINGS, JANOFSKY & WALKER, LLP performed their obligations under the contract with

25    such gross negligence that their actions resulted in significant damages to Defendants and

26    constituted actionable legal malpractice.

27

28

DEFENDANTS' RESPONSE TO COURT'S ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION

1     It is clear why the above facts are omitted from the California Complaint - PAUL,

2   HASTINGS, JANOFSKY & WALKER, LLP is attempting to misrepresent the California Action as

3   independent from the New York Action. In reality, the claims presented in Plaintiff's California

4   Complaint are so closely related to the New York Action that they constitute compulsory

5   counterclaims under F.R.C.P. Rule 13. As such these claims, as alleged in the California

6   Complaint, can only be brought in conjunction with the New York Action. As detailed above,

7   original subject matter jurisdiction exists over the New York Action under 28 U.S.C. 1338(a).

8   Accordingly, the California Action claims, as compulsory counterclaims, are removable to federal

9   court under supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). No other basis for

10  jurisdiction need be established. *Baker v. Gold Seal Liquors, Inc.* (1974) 417 US 467, 469.

11    Furthermore, removal of the California Action to a U.S. District Court in California does not

12  necessitate actual adjudication of these claims in that district court. As compulsory

13  counterclaims – claims arising from the same events and occurrences as the New York Action

14  and events and occurrences that all took place in the State of New York - these claims may be

15  transferred to the same District Court as the New York Action by means of a "convenience"

16  transfer under 28 U.S.C. § 1404(a), whereby they can be adjudicated as part of one suit.

17    **3.     Original Subject Matter Jurisdiction Exists Over the California Action Under**

18  **28 U.S.C. § 1338(a).**

19    In the Order to Show Cause, the Court properly states that federal jurisdiction does not

20  exist over an action that "fundamentally asserts contract claims and only incidentally involves the

21  Lanham Trade-Mark Act." The Court cited *Postal Instant Press v. Clark*, 741 F.2d 256 (9th Cir.

22  1984). However, Defendants respectfully suggest that the instant case is starkly different from

23  the above-cited opinion. In *Postal Instant Press,* the sole basis for federal jurisdiction was "the

24  mere existence of the protected trade name and attendant symbol." *Postal Instant Press*, 741

25  F.2d at 257. The case did not involve any question of trademark federal law, but was based

26  entirely on the interpretation of a franchise agreement and the agreement's validity under *Cal.*

27  *Bus. & Prof. Code.* § 1600. *Id.*

28

-6-

DEFENDANTS' RESPONSE TO COURT'S ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION

1    In contrast, the resolution of the California Action hinges on interpretation of federal law.

2    As stated in Section 2, *supra*, the California Complaint intentionally omits important operative

3    facts that determine the true nature of the California Action.  The essential element of the

4    contractual dispute, as pled in the California Complaint, is whether PAUL, HASTINGS,

5    JANOFSKY & WALKER, LLP satisfied its obligations under the contract and is, thus, owed any

6    fees for the legal services performed.  However, in order to prove this element PAUL,

7    HASTINGS, JANOFSKY & WALKER, LLP will necessarily have to establish that the contracted

8    for services of obtaining and handling trademark protection for Defendants were performed

9    according to applicable federal trademark laws and procedures.  If Plaintiff fails to prove this

10   element, Plaintiff will not be entitled to recovering the sought damages.  In order to determine

11   whether Plaintiff did, in fact, act in accordance with federal laws and procedures, a court will have

12   to engage in interpretation and application of federal trademark laws.  Thus, the Plaintiff's right to

13   relief necessarily depends on resolution of a substantial question of federal law.  *Franchise Tax*

14   *Board v. Construction Laborers Vacation Trust* (1983) 463 U.S. 1, 27-28.  Therefore, the

15   California Action does "arise under" federal laws relating to trademarks and original jurisdiction

16   exists under 28 U.S.C. § 1338(a).

17   **4.    Plaintiff Initiated the California Action in an Attempt to Circumvent the Laws**

18   **of the State of New York and Deny a Forum to Defendants for Litigating the Legal**

19   **Malpractice Claims.**

20       Plaintiff filed the California Action in a transparent attempt to deny Defendants a forum for

21   litigating their legal malpractice claims.  The California Complaint includes a cause of action for

22   declaratory relief regarding the statute of limitations for bringing a legal malpractice suit.  This is a

23   blatant attempt to "race" against the New York Action and circumvent the laws of the State of

24   New York.  PAUL, HASTINGS, JANOFSKY & WALKER, LLP hopes to secure a declaratory

25   judgment in California and then challenge the New York Action as barred by the statute of

26   limitations per California declaratory judgment.  This is being attempted despite the fact that the

27   New York Action was filed timely and is not barred under the laws of the State of New York.  In

28

-7-

1    fact, this is being attempted despite the fact that Plaintiff has previously represented to

2    Defendants that it will not seek the fees under the contract given the legal malpractice dispute.

3    DATED:  January 8, 2008

**GIRARDI | KEESE**

4

5

6

7                                                    BY:_____

8                                                            JAMES G. O'CALLAHAN

9                                                            Attorneys for Defendants
                                                             KAT HOUSE PRODUCTIONS,
10                                                           LLC d/b/a SURF CHICK,
                                                             KATHLEEN MERRICK, PATRICIA
11                                                           J. WAGNER, AURORA
                                                             CONTRARES
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-8-