UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x  [ECF Case]

KAT HOUSE PRODUCTIONS, LLC d/b/a SURF   07 CIV 9700 (BSJ)(MHD)
CHICK, KATHLEEN MERRICK, PATRICIA J.
WAGNER and AURORA CONTRERAS,

                Plaintiffs,

    -against-

PAUL, HASTINGS, JANOFSKY & WALKER, LLP,
REBECCA KELDER MYERS, KATHERINE CHANG
and CATHERINE M. CLAYTON,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT KATHERINE CHANG'S MOTION TO DISMISS THE ACTION

KAVANAGH MALONEY & OSNATO LLP
415 Madison Avenue
New York, NY 10017
212-207-8400
Attorneys for Defendants

KAVANAGH MALONEY & OSNATO LLP
Attorneys for Defendants
415 Madison Avenue
New York, N.Y. 10017
212-207-8400

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x

| | |
|---|---|
| KAT HOUSE PRODUCTIONS, LLC d/b/a SURF CHICK, KATHLEEN MERRICK, PATRICIA J. WAGNER and AURORA CONTRERAS, | [ECF] |
| | 07 CIV 9700(BSJ)(MHD) |
| Plaintiffs, | |
| -against- | |
| PAUL, HASTINGS, JANOFSKY & WALKER, LLP, REBECCA KELDER MYERS, KATHERINE CHANG and CATHERINE M. CLAYTON, | |
| Defendants. | |

------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT KATHERINE CHANG'S MOTION TO DISMISS THE ACTION

### PRELIMINARY STATEMENT

This Memorandum of Law is submitted on behalf of Defendant Katherine Chang in support of her motion pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure ("FRCP") to dismiss Plaintiffs' action on the ground that this Court lacks subject matter jurisdiction over this action. In the alternative, Defendant Chang moves to dismiss for failure to state a claim upon which relief can be granted pursuant to FRCP Rule 12(b)(6) because there are no specific allegations of fact that Ms. Chang was in any way negligent.

A copy of the original Verified Complaint is annexed as Exhibit A and the Amended Verified Complaint as Exhibit B to the Declaration of Eve M. Coddon, Esq., dated January 16, 2008 ("Coddon Decl.").

The other Defendants in this action moved to dismiss this case for lack of subject matter jurisdiction, and, in the alternative, Defendants Myers and Clayton moved to dismiss for failure to state a claim against them because of the lack of any specific allegation that either of them committed any act or omission which Plaintiffs contend was negligent. That motion was fully briefed and submitted to the Court on February 11, 2008.

Defendants request dismissal for lack of subject matter jurisdiction because no substantial and disputed question of federal law is raised by Plaintiffs' claims of legal malpractice arising from Defendants' work on various trademark applications. These are garden variety state law claims which are appropriately resolved in the State Court system.

In addition, Defendants Myers and Clayton, both of whom were associates at Paul Hastings at the time that they were assigned to work on Plaintiffs' trademark matters, move to dismiss for failure to state a claim against them because they are not specifically alleged to have done anything in the Amended Complaint other than being among a number of Paul Hastings' attorneys assigned to work on Plaintiffs' trademarks for a period of time.

Because Defendant Chang is relying on the papers previously submitted in support of the other Defendants' motion we will not repeat those arguments here and instead incorporate by reference all of the arguments made in the moving and reply memoranda

2

which are attached to the Affidavit of David F. Bayne, sworn to April 9, 2008, ("Bayne Aff.") as Exs. A and B.

We are, therefore, submitting this memorandum solely to provide the Court with the appropriate authority permitting it to take judicial notice of the Order Remanding Action for Lack of Subject Matter Jurisdiction, dated March 5, 2008, in the California action involving the same issues captioned: <u>Paul, Hastings, Janofsky & Walker, LLP v. Kat House Productions, LLC, et al.</u>, CV 07-7990-GHK (CTx), and to point out the lack of any specific allegation made against Ms. Chang, other than the fact that she was assigned to work on Plaintiffs' trademarks.

## ARGUMENT

### POINT I

**THE COURT SHOULD TAKE JUDICIAL NOTICE OF THE CALIFORNIA FEDERAL COURT'S ORDER HOLDING THAT THERE WAS NO SUBJECT MATTER JURISDICTION OVER THE DISPUTE BETWEEN THE PARTIES**

As detailed in the Declaration of Ms. Coddon, Paul, Hastings, Janofsky & Walker LLP ("Paul Hastings") commenced an action in the Superior Court of California, County of Los Angeles, against the Plaintiffs in this action for breach of contract, quantum meruit, account stated, and declaratory relief under state law in connection with Plaintiffs' failure to pay legal fees and costs to the firm. Plaintiffs removed the California case to the United States District Court for the Central District of California, arguing that because Paul

3

Hastings' work involved federal trademark law, questions of federal law would be the subject of defenses and counterclaims, thereby providing a basis for both original federal question jurisdiction and supplemental jurisdiction. Shortly after the Notice of Removal was filed, the District Court, on its own motion, entered an order requiring Plaintiffs to show cause why the case should not be remanded because there was no subject matter jurisdiction over Plaintiffs' dispute with Paul Hastings. Coddon Decl. ¶¶7-9 and Exs. C and D. Plaintiffs timely responded to the Order to Show Cause. The March 5 Order is the result of that Order to Show Cause and directly bears on the motion pending before this Court. Bayne Aff. Ex. C.

Judge King held that the District Court lacked subject matter jurisdiction over the dispute between Paul Hastings and Plaintiffs. With respect to Plaintiffs' argument that their legal malpractice claims conferred federal question jurisdiction on the Court because they relate to Paul Hastings' work on Plaintiffs' alleged trademarks, Judge King concluded:

> Finally, even if some reference to federal trademark law is needed as a measure of Plaintiff's [Paul Hastings] purported negligence, Defendants [Plaintiffs herein] have not shown that there is any substantial question of federal trademark law. <u>Indeed, the matter of trademark law may be undisputed, and the only dispute may be that under settled trademark law, Plaintiff [Paul Hastings] allegedly failed to act in some manner amounting to some form of negligence</u>. Where there is no substantial dispute or question as to federal law, there is no federal question jurisdiction. <u>Because Defendants [Plaintiffs herein] bear the burden of establishing our subject matter jurisdiction, their failure to identify the substantial question of federal trademark law purportedly at issue is fatal</u>. (Emphasis added).

4

Bayne Aff. Ex. C.

Judge King's Order involved the same issues which are before this Court on this motion in a case in which all of the Plaintiffs and Defendant Paul Hastings were before the Court. Defendants respectfully submit that Judge King correctly decided the issue of whether there is federal subject matter jurisdiction over the dispute between Plaintiffs and Defendants and respectfully request that this Court enter an Order consistent with that of Judge King. Defendants, therefore, believe that it is appropriate that the Court take judicial notice of Judge King's Order. Judicial notice of related decisions of other state and federal courts, even those entered while a motion is pending, is permitted and appropriate. E.g., Anderson v. Rochester-Genesee Regional Transp. Authority, 337 F.3d 201, 205 n.4 (2d Cir. 2003); Randolph v. Vaugh, No. 05 Civ. 3108, 2006 WL 416398, at *3 (S.D.N.Y. Feb. 17, 2006).

For the reasons stated by Judge King as well as those stated in the moving and reply memoranda submitted in support of the motion made by the other Defendants, Defendant Chang requests that this Court dismiss this action for lack of subject matter jurisdiction. Bayne Aff. Exs. A and B.

## POINT II

### IN THE ALTERNATIVE, THE ACTION SHOULD BE DISMISSED AGAINST DEFENDANT CHANG BECAUSE NO CLAIM IS STATED AGAINST HER

As in the case of Defendants Myers and Clayton, Plaintiffs do not make a single specific allegation of negligence or malpractice against Chang in the Amended Complaint. Instead, she is lumped together with the other Defendants and referred to generically as "Defendants" throughout the pleading. Like Myers and Clayton, Ms. Chang was merely an associate at Paul Hastings. Coddon Decl. ¶5.

It is respectfully submitted that for the reasons set forth in the motion papers submitted in support of the other Defendants' motion to dismiss that Plaintiffs should, at a minimum, be required to aver specific alleged negligent acts or omissions committed by this young lawyer to support their Complaint against her. Plaintiffs allege that a "variety" of Paul Hastings attorneys worked on their matter, and have provided no basis for why Ms. Chang or the two other associates of the firm were the only ones to be singled out and named as defendants in this case. As the Amended Complaint reads now, the only specific allegation against Ms. Chang is that she was assigned to this matter by the firm. Coddon Decl. Ex. B ¶33.

It is, therefore, respectfully submitted that Plaintiffs have failed to state a claim upon which relief can be granted against Ms. Chang and that the Amended Complaint should be dismissed against her under FRCP Rule 12(b)(6).

6

## CONCLUSION

For each of the foregoing reasons, Defendant Chang respectfully requests that her motion to dismiss be granted.

Dated: New York, N.Y.
      April 9, 2008

                          Respectfully submitted,

                          KAVANAGH MALONEY & OSNATO LLP

                          By _____
                              James J. Maloney
                          Attorneys for Defendants
                          415 Madison Avenue
                          New York, N.Y. 10017
                          212-207-8400

Of Counsel:
  David F. Bayne
  Steven M. Cordero

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
                                ss.:
COUNTY OF NEW YORK)

The undersigned, being duly sworn, deposes and says:

Deponent is not a party to the action, is over 18 years of age and resides at 81 Metropolitan Oval, Bronx, NY.

That on April 9, 2008 deponent served the annexed

**NOTICE OF MOTION, AFFIDAVIT OF DAVID F. BAYNE, MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT KATHERINE CHANG'S MOTION TO DISMISS THE ACTION AND DECLARATION OF EVE M. CODDON DATED JANUARY 16, 2008**

**BY MAIL AND ECF FILING**

on

Brian T. Egan, Esq., Egan & Golden, LLP, 475 East Main Street, Suite 114, Patchogue, NY 11772, Attorneys for Plaintiffs

by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
Brandon Gray-Devitt

Sworn to before me this
9th day of April, 2008

_____
Notary Public

HARRIET LOBL
Notary Public, State of New York
No. 01L07578060
Qualified in New York County
Commission Expires January 31, 2011