UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
KAT HOUSE PRODUCTIONS, LLC d/b/a SURF CHICK,           07 CV 9700
KATHLEEN MERRICK, PATRICIA J. WAGNER and               (BSJ)(MHD)
AURORA CONTRERAS,

                                                    Plaintiffs,        **AFFIDAVIT IN OPPOSITION TO DEFENDANT CHANG'S MOTION TO DISMISS**

      -against-

PAUL, HASTINGS, JANOFSKY & WALKER, LLP,
REBECCA KELDER MYERS, KATHERINE CHANG
and CATHERINE M. CLAYTON,

                                            Defendants.
------------------------------------------------------------------------X

STATE OF NEW YORK    )
                            ) ss.:
COUNTY OF SUFFOLK    )

        **BRIAN T. EGAN**, being duly sworn, deposes and says:

        1.      I am a member of the firm of EGAN & GOLDEN, LLP, attorneys for plaintiffs, KAT HOUSE PRODUCTIONS, LLC d/b/a SURF CHICK, KATHLEEN MERRICK, PATRICIA J. WAGNER, and AURORA CONTRERAS, ("plaintiffs"), and as such, am fully familiar with the facts set forth herein. I submit this Affidavit in opposition to defendant KATHLEEN CHANG's ("Chang") motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

        2.      Defendants Paul, Hastings, Janofsky & Walker, LLP; Rebecca Kelder Myers; and Catherine M. Clayton previously filed a motion to dismiss on the same grounds as the instant application. Their motion is fully briefed and is *sub judice* before this Court. I respectfully refer this Court to my affidavit in opposition to the prior motion to dismiss, annexed

hereto as Exhibit A, and to the accompanying Memorandum of Law in opposition to the prior motion to dismiss, annexed hereto as Exhibit B. I respectfully request that this Court incorporate by reference all of the arguments made in those documents to the instant opposition in order to conserve judicial resources and avoid repetition.

3. This affidavit is limited to plaintiffs' opposition to that portion of defendant Chang's motion to dismiss the action for lack of subject matter jurisdiction, based solely on the decision of the Hon. George H. King, U.S. District Judge for the Central District of California in the action entitled *Paul, Hastings, Janofsky & Walker, LLP v. Kat House Productions, LLC, et al.*, CV 07-7990-GHK(CTx), ("the California action"), which is annexed as Exhibit C to the moving Affidavit of David F. Bayne, Esq.

4. This action by plaintiffs seeks to recover against PAUL HASTINGS, JANOFSKY & WALKER, LLP, and the three attorneys of the firm responsible for plaintiffs' matters, REBECCA KELDER MYERS, KATHERINE CHANG and CATHERINE M. CLAYTON, (collectively "defendants") for their acts of legal malpractice in their handling and application for trademarks on behalf of plaintiffs, and by reason of their malpractice, directly resulting in the dilution of their trademarks, the attendant loss of the profit, as well as proximately contributing to millions of dollars of losses to plaintiffs' business. (*See*, Amended Complaint, annexed as Exhibit B to the Declaration of Eve M. Coddon, dated, January 16, 2008, hereinafter "Coddon Declaration").

5. In contrast, the California action was brought by defendants herein against plaintiffs herein in the Superior Court of California, County of Los Angeles to recover legal fees allegedly due and owing. By reason of this pending action, that case was removed by plaintiffs herein to the United States District Court for the Central District of California.

6. Magistrate Judge Michael H. Dolinger in this action has already had an opportunity to review and take judicial notice of Judge King's decision remanding the issue of defendants' legal fee demand to the California Superior Court. By letter of David F. Bayne, Esq., dated March 24, 2008, defendants sought to avoid court-ordered discovery in this action by asserting, *inter alia*, the claim that this Court lacked subject matter jurisdiction based upon Judge King's order. A copy of counsel's letter is annexed hereto as Exhibit C.

7. Plaintiffs immediately opposed the letter application (*See* letter of Brian T. Egan, Esq., dated March 24, 2008, a copy of which is annexed hereto as Exhibit D). Magistrate Judge Dolinger agreed with plaintiffs herein, and denied the defendants' letter application. A copy of Magistrate Judge Dolinger's handwritten order, also dated March 24, 2008, on the letter application is annexed hereto as Exhibit E.

8. As more fully set forth in the accompanying Memorandum of Law, while plaintiffs do not argue against the premise that this Court may take judicial notice of another court's decision, we submit that this Court is clearly not bound by the decision of Judge King where the limited (and entirely different) issue before him concerned only legal fees allegedly due. We have fully set forth the criteria for subject matter jurisdiction of this Court under 28

U.S.C. §1331 in our prior memorandum of law that the resolution of plaintiffs' claims and right to relief necessarily depends upon the resolution of substantial questions of federal trademark law, and that defendants' motion to dismiss pursuant to Rule 12(b)(6) must be denied since the amended complaint alleges sufficient facts to support plaintiffs' claims against Chang individually.

**WHEREFORE**, for the reasons set forth above, and in the accompanying Memorandum of Law, we respectfully submit that defendant Chang's motion to dismiss the complaint should be denied in its entirety and for such further and different relief as to this Court may seem just and proper.                                    / s /

_____
                                                                    Brian T. Egan (BE 1260)

Sworn to before me this
23rd day of April, 2008.

_____
         Notary