UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
KAT HOUSE PRODUCTIONS, LLC d/b/a SURF CHICK,          07 CV 9700
KATHLEEN MERRICK, PATRICIA J. WAGNER and             (BSJ)(MHD)
AURORA CONTRERAS,

                                          **AFFIDAVIT IN**
                          Plaintiffs,            **OPPOSITION**
         -against-                          **TO MOTION TO**
                                          **DISMISS**

PAUL HASTINGS, JANOFSKY & WALKER, LLP,
REBECCA KELDER MYERS, KATHERINE CHANG
and CATHERINE M. CLAYTON,

                             Defendants.
-----------------------------------------------------------------------X

STATE OF NEW YORK     )
                             ) ss.:
COUNTY OF SUFFOLK    )

       **BRIAN T. EGAN**, being duly sworn, deposes and says:

       1.      I am a member of the firm of EGAN & GOLDEN, LLP, attorneys for

plaintiffs, KAT HOUSE PRODUCTIONS, LLC d/b/a SURF CHICK, KATHLEEN MERRICK,

PATRICIA J. WAGNER, and AURORA CONTRERAS, ("plaintiffs"), and as such, am fully

familiar with the facts set forth herein.  I submit this Affidavit in opposition to defendants'

motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and

12(b)(6).

                                    **Preliminary Statement**

       2.      This is an action by plaintiffs, KAT HOUSE PRODUCTIONS, LLC d/b/a

SURF CHICK, and the three owners KATHLEEN MERRICK,  PATRICIA J. WAGNER and

AURORA CONTRERAS (collectively "plaintiffs") to recover against PAUL HASTINGS,

JANOFSKY & WALKER, LLP, and the three attorneys of the firm responsible for plaintiffs'

matters, REBECCA KELDER MYERS, KATHERINE CHANG and CATHERINE M.

CLAYTON, (collectively "defendants") for their acts of legal malpractice in their handling and application for trademarks on behalf of plaintiffs, and by reason of their malpractice, directly resulting in the dilution of their trademarks, the attendant loss of the profit, as well as proximately contributing to millions of dollars of losses to plaintiffs' business. (*See*, Amended Complaint, annexed as Exhibit B to the Declaration of Eve M. Coddon, dated, January 16, 2008, hereinafter "Coddon Declaration").

3.     KAT HOUSE is in the business of selling clothing, surfboards and accessories that appeal to the female surf culture both domestically and world wide. (Exhibit B, of the Coddon Declaration,  paragraph 14)  From 1996 to present, KAT HOUSE has been selling a variety of female surfing merchandise under the "Surf Chick" mark.  (Exhibit B, of the Coddon Declaration, paragraph 15)  Since 1996 and continuing until today, plaintiffs have invested a significant amount of time and money into designing, advertising and developing the Surf Chick mark.  (Exhibit B, of the Coddon Declaration, paragraph 15)

4.     Plaintiffs' efforts resulted in a well-developed reputation in the surfing community, and with consumers in general, for high quality products from a single particular source which is KAT HOUSE. (Exhibit B, of the Coddon Declaration, paragraph 16)  In order to protect the well-developed mark, in or about March 1999, plaintiffs retained defendants to obtain the trademarks for "SURF CHICK", "SURF CHICK GOT WET" and "GOLF CHICK", as well as other marks pursuant to the applicable federal requirements and procedures, including but not limited to the Lanham Act, 15 U.S.C., §1051, et seq., in both the United States and a variety of foreign countries.  (Exhibit B, of the Coddon Declaration, paragraph 17)

5.     Defendants accepted the legal work necessary to secure for plaintiffs the necessary domestic and international trademarks to protect plaintiffs' marks, and undertook the

2

responsibility to perform such services on behalf of plaintiffs with reasonable skill, care and diligence. (Exhibit B, of the Coddon Declaration, paragraph 18)

6.    Plaintiffs also desired to secure the trademarks for the following foreign countries:  Canada, Australia, Japan, Mexico, Brazil, China, Taiwan, and the European Union. (Exhibit B, of the Coddon Declaration, paragraph 20)  On behalf of plaintiffs, defendants retained a variety foreign law firms in Australia, Brazil, Canada, China, Japan, the European union, and Mexico to prosecute and secure the necessary applications and to secure a trademark in their respective countries.  (*See*, Exhibit B, of the Coddon Declaration, paragraph 21) Defendants assumed the responsibility and obligation to supervise the work of the respective foreign law firms, and provided regular updates to plaintiffs on the status of their foreign applications. (Exhibit B, of the Coddon Declaration, paragraph 22)

7.    Throughout their representation of plaintiffs, defendants purported to prepare the applications for such trademarks in their entirety in accordance with the applicable federal requirements and procedures, including but not limited to the Lanham Act, and in particular, purported to have properly prepared the trademarks for the protection of plaintiffs and securing the trademark protection.  (Exhibit B, of the Coddon Declaration, paragraph 23) Additionally, defendants purported to supervise the conduct of the foreign attorneys, and to ensure the foreign attorney's diligent and professional application for the trademarks on behalf of plaintiffs. (Exhibit B, of the Coddon Declaration, paragraph 24)

8.    Defendants violated their professional duties and were guilty of acts of professional malpractice and failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession by, *inter alia*, the following acts:

a.    Defendants repeatedly gave plaintiffs improper and incorrect advice on the applicable federal trademark protections, including but not limited to the Lanham Act and the procedures and requirements thereunder when applying for plaintiffs' trademark applications; and

b.    Defendants wrongfully and carelessly advised plaintiffs that certain trademarks which plaintiffs desired were available to them under federal law when such trademarks were not available; and

c.    Defendants would repeatedly advise plaintiffs certain trademarks were completed, when in fact the trademarks were actually never filed for and/or not completed in accordance with applicable federal trademark requirements and procedures; and

d.    Defendants carelessly prepared the papers on the applications for the trademarks as the subject applications failed to adhere to the requirements of the federal trademark regulations, including but limited to the Lanham Act, and in particular, defendants carelessly prepared the claims so that they did not cover all of the trademarks which plaintiffs could apply for on their behalf; and

e.    Defendants, through their wrongful and careless acts, repeatedly provided to plaintiffs contradictory and/or incorrect statements as to the status and progress of both the domestic application and the foreign law firms' applications; and

f.       Defendants, through their wrongful and careless acts, failed to

ensure that the foreign law firms under their supervision would

properly secure the necessary trademarks.

(Exhibit B, of the Coddon Declaration, paragraph 25)

9.       Defendants' negligence and delay in failing to timely and properly

complete the trademark applications pursuant to applicable federal law and allowed a competitor,

Christian Dior, to infringe on the "Surf Chick" mark, and to flood the market with its imitation of

plaintiffs' mark.  (Exhibit B, of the Coddon Declaration, paragraph 26)  As a result, plaintiff

suffered significant damages and the substantial diminution of plaintiffs' mark which severely

compromised plaintiffs' worldwide ability to manufacture, sell and sub-license the marks.

(Exhibit B, of the Coddon Declaration, paragraph 32)  Upon information and belief, other

competitors also exploited defendants' failure to diligently pursue the necessary trademarks and

infringed on plaintiffs' mark:  George Corp. (an affiliate of Wal-Mart); Matlan Corp.; Flamer

Corp.; and Mini-Wear.  (Exhibit B, of the Coddon Declaration, paragraph 28)

10.       Defendant Paul Hastings was also negligent in its repeated shifting and

reassigning responsibility of the file between a variety of attorneys within Paul Hastings,

including among them, defendant Myers, Catherine M. Clayton and Katherine Chang.  (Exhibit

B, of the Coddon Declaration, paragraph 33)  Through the assignment and reassignment of

plaintiffs' file within Paul Hastings, defendants were negligent in failing to adequately apprise

the new attorneys of the status of plaintiffs' applications, provided contradictory information to

plaintiffs regarding the status of the trademarks, double billed plaintiffs for previously completed

work and mishandling plaintiffs' file.  (Exhibit B, of the Coddon Declaration, paragraph 34)

11.     As a direct and proximate result of the malpractice of defendants, plaintiffs were required to incur additional legal expense in retaining another law firm to complete their trademark applications.  (Exhibit B, of the Coddon Declaration, paragraph 45) Additionally, plaintiffs were obligated to employ another law firm to defend against the cancellation petition brought by Christian Dior.  (Exhibit B, of the Coddon Declaration, paragraph 46)  As a result of plaintiffs retaining other attorneys, plaintiffs have incurred additional legal fees in the approximate amount of $275,000.00.  (Exhibit B, of the Coddon Declaration, paragraph 48)

## SUMMARY OF ARGUMENT

12.     For the reasons set forth more fully in the accompanying Memoranda of Law, 1) defendants' motion to dismiss pursuant to Rule 12(b)(1) must be denied since this court has subject matter jurisdiction under 28 U.S.C. §1331 as the resolution of plaintiffs' claims and plaintiffs' right to relief necessarily depends upon the resolution of substantial questions of federal trademark law, and 2) defendants' motion to dismiss pursuant to Rule 12(b)(6) must be denied since plaintiff's complaint alleges sufficient facts to support plaintiffs' claims against Meyers and Clayton and defendants' have failed to meet their burden of proof in demonstrating beyond doubt that plaintiffs can prove no set of facts in support of plaintiffs' claim which would entitle plaintiffs to relief.

**WHEREFORE**, for the reasons set forth above, and in the accompanying Memorandum of Law, we respectfully submit that defendants' motion to dismiss the complaint

should be denied in its entirety and for such further and different relief as to this Court may seem

just and proper.                                        / s /

_____
                                Brian T. Egan (BE 1260)


Sworn to before me this
1st day of February, 2008.


_____
              Notary