FROM                                                          (MON) 3.24'08 11:... ST. 11:28/NO. 4261422993 P 2

# KAVANAGH MALONEY & OSNATO LLP

415 MADISON AVENUE
NEW YORK, NEW YORK 10017

JOHN E. OSNATO
J. HAYES KAVANAGH
JAMES J. MALONEY
JOEL M. RUDELL
DAVID F. BAYNE
KIRSTIN T. KNIGHT
GERALDINE M. CUNNINGHAM

TELEPHONE: 212-207-8400

FACSIMILE: 212-888-7324

SARAH A. DAHL
STEVEN M. CORDERO
MEREDITH D. BELKIN
KENNETH M. TANZER

JORN A. HOLL
JAMES R. BRECKENRIDGE
OF COUNSEL

DIRECT DIAL
212-906-8327
E-MAIL

Davidbayne@kmollp.com

March 24, 2008

**BY FAX - 212-805-7928**

Honorable Michael H. Dolinger
United States Magistrate Judge
United States Courthouse
500 Pearl St., Room 1670
New York, NY 10007

    Re:    <u>Kat House, et al. v. Paul Hastings, et al., 07 CIV 9700 (BSJ)(MHD)</u>

Dear Judge Dolinger:

    We represent the Defendants Paul, Hastings, Janofsky & Walker, LLP's ("Paul Hastings"), Catherine Clayton and Rebecca Myers in the above referenced legal malpractice action. We are writing to request a stay of discovery pending Judge Jones's resolution of the motion to dismiss for lack of subject matter jurisdiction. That motion was fully submitted to Judge Jones on February 11, 2008.

    By order dated March 5, 2008, United States District Court Judge George H. King of the Central District of California held in a related action captioned <u>Paul, Hastings, Janofsky & Walker, LLP v. Kat House Productions, LLC, et al.</u>, CV 07-7990-GHK(CTx), that the federal courts lack subject matter jurisdiction over the dispute between Plaintiffs and Defendants. A copy of Judge King's Order is enclosed. That Order remanded a case commenced by Paul Hastings in the California Superior Court based on Plaintiffs' non-payment of legal fees and expenses for the services at issue in this case. Plaintiffs based their arguments for removal on the fact that their defenses and counterclaim for malpractice was based on the fact that much of the firm's work for them involved federal trademark law under the Lanham Act, and, therefore, the case presented a federal question. Judge King disagreed and it is respectfully submitted that Judge Jones will come to the same conclusion and

FROM                                                                    (MON) 3.24'08 11:... ST. 11:28/NO. 4261422993 P 3

Hon. Michael H. Dolinger
March 24, 2008
Page 2

dismiss this case for lack of subject matter jurisdiction as well when Her Honor decides the pending motion to dismiss.

On January 22, 2008, Your Honor held a conference call with the counsel for the parties and determined that discovery should proceed because even if this case were dismissed for lack of subject matter jurisdiction, it will proceed in the state courts and that discovery taken in this case could be used there. However, our subsequent investigation discloses that this is not the case because regardless of whether this Court has subject matter jurisdiction, Plaintiff's malpractice claims are barred by the applicable statute of limitations. Thus, Defendants' contend that the discovery needed to prosecute and defend this case will never have to be taken and a stay of discovery is, therefore, appropriate.

Plaintiffs concede that they are California citizens in their Amended Complaint (¶¶2-5). For causes of action accruing outside of New York State, New York's borrowing statute provides that an out-of-state plaintiff's cause of action is governed by the shorter of either their home state statute of limitations or that of New York. CPLR 202; Cantor Fitzgerald Inc. v. Lutnick, 313 F.3d 704, 710 (2d Cir. 2002). Because Plaintiff sustained an economic injury, their cause of action accrued in their home state of California. Cantor Fitzgerald Inc., 313 F.3d at 710; Gordon & Co. v. Ross, 63 F.Supp.2d 405, 408 (S.D.N.Y. 1999).

Although New York's statute of limitations for legal malpractice is three years from the date of the act or omission alleged to be malpractice, subject to tolling under the continuous representation doctrine (CPLR 214(6)), California has a different rule. Under California law a plaintiff has one year after the Plaintiff learns or should have learned of facts leading to the discovery of the allegedly wrongful conduct in which to commence an action, subject to a toll for continuous representation with respect to the specific subject matter from which the claim arose. California Code of Civil Procedure §340.6. Beal Bank, SSB v. Arter & Hadden, LLP, 42 Cal. 4th 503, 508, 167 P.3d 666, 669 (2007); Samuels v. Terence J. Mix, 22 Cal. 4th 1, 7-8, 989 P.2d 701 (1999)

In the present case, Plaintiffs cannot dispute the fact that they believed Defendants had "mishandled" their trademark applications as early as February 2005 when Plaintiff Kathleen Merrick wrote to Defendant Rebecca Myers complaining that the firm had "mishandled" them. A copy of Ms. Merrick's February 17, 2005 e-mail is enclosed.

Hon. Michael H. Dolinger
March 24, 2008
Page 3

      Paul Hastings' representation of Plaintiffs ended on March 9, 2006 when the firm sent Plaintiffs a "disengagement letter" terminating the attorney-client relationship. (A copy of Paul Hastings' disengagement letter is also enclosed). This action was commenced on November 1, 2007, more than one year after the representation ended.

      We provide the Court with this law and these facts to demonstrate that Paul Hasting's statute of limitations defense is extremely strong and that, given its strength, it is unfair to put any of the parties through the burden and expense of discovery, particularly in this case in which Defendants contend (and one federal court in California has already held) that the federal courts lack subject matter jurisdiction. Thus, for all the foregoing reasons, it is respectfully requested that discovery be stayed pending a resolution of the current motion to dismiss the complaint for lack of subject matter jurisdiction based on the strength of Defendants' statute of limitations defense.

                                                                  Respectfully,

                                                                  David F. Bayne

Encs.
cc: Brian T. Egan, Esq.
    (By Fax - 631-447-8181)

FROM                                          (MON) 3. 24' 08 11:.. ST. 11:28/NO. 4261422993 P 5

Case 2:07-cv-07990-GHK-CT   Document 18   Filed 03/05/2008   Page 1 of 3

UNITED STATES DISTRICT COURT  JS - 6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No. | CV 07-7990-GHK(CTx)   Date   March 5, 2008 |
| Title | Paul, Hastings, Janofsky & Walker, LLP v. Kat House Productions, LLC, et al. |

Presiding: The Honorable   GEORGE H. KING, U. S. DISTRICT JUDGE

| Beatrice Herrera | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

(NONE)                                  (NONE)

Proceedings:   (In Chambers) Order Remanding Action for Lack of Subject Matter Jurisdiction

On December 20, 2007, we directed Defendants to show cause why this action should not be remanded for lack of subject matter jurisdiction ("OSC"). Defendants timely responded to the OSC. We have fully considered Defendants' response. We reject Defendants' arguments for, among other reasons, those set forth in our OSC, and for the reasons set forth below.

In our OSC, we noted that "[w]e cannot exercise supplemental jurisdiction over claims unless they are so related to a claim over which we have original jurisdiction that they form part of the same case or controversy." Indeed, 28 U.S.C. § 1367(a) provides that we have supplemental jurisdiction over other claims that are so related "to claims *in the action* within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." (emphasis added). Clearly, we have no claims in this action within our original jurisdiction to which Plaintiff's claims can be considered related within the meaning of the supplemental jurisdiction statute. In response, Defendants merely assert that the Southern District of New York has original jurisdiction over Defendants' claims (as plaintiffs) in that action. Presumably, Defendants want to use supplemental jurisdiction to weave together a patchwork of claims and actions pending in different Districts. They have cited no authority for doing so. The only case cited in their response to this part of our OSC is *Baker v. Gold Seal Liquors*, 417 U.S. 467, 469 (1974). *Baker*, however, hardly supports Defendants' novel theory that supplemental jurisdiction exists over claims in an action in one district (even absent any original jurisdiction over such claims in that district) if they are somehow related to claims within the original jurisdiction of a district court in another district. The cited portion of *Baker* merely stands for the unremarkable proposition that certain counterclaims may be considered compulsory under FED. R. CIV. P. 13(a). That *Baker* does not in any way illuminate any issues relating to supplemental jurisdiction is made even clearer by the fact that the supplemental jurisdiction statute was not even passed until 1990, some 16 years after *Baker* was decided, and *Baker* made no reference to even the predecessor concept of pendent jurisdiction. See *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966). We conclude that we do not have supplemental jurisdiction over Plaintiff's state law claims

UNITED STATES DISTRICT COURT         JS - 6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 07-7990-GHK(CTx) | Date | March 5, 2008 |
| Title | Paul, Hastings, Janofsky & Walker, LLP v. Kat House Productions, LLC, et al. | | |

in this action.

//

In our OSC, we also questioned Defendants' alternative assertion that we have federal question jurisdiction because we would be required to decide substantial federal questions involving trademarks in connection with our decision of Plaintiff's state law claims. We have reviewed Defendants' response to our OSC on this issue. We reject Defendants' arguments. Apparently Defendants argue that because Plaintiff's handling of the underlying legal services, which happen to involve representation on trademark and procedure, is the basis for Plaintiff's claims for recovery of legal fees, Plaintiff's right to "relief necessarily depends on resolution of federal trademark laws." Again, Defendants cite no authority other than a passing reference to *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983) for the unremarkable proposition that we have jurisdiction if plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. We conclude that Defendants have failed to carry their burden of establishing our subject matter jurisdiction. Here, federal law clearly did not create Plaintiff's state law claims. Moreover, trademark law is not an essential element of any of Plaintiff's claims for recovery. Nor will Plaintiff's claims necessarily depend on any resolution of a substantial question of federal trademark law. Plaintiff's claims are based on its provision of legal services for Defendants, and Defendants' alleged failure to pay (fully) for such services. The gravamen of these claims is no more dependent upon trademark law than they would be on any other substantive law that may have been the subject matter of the legal representation. To the extent the representation was in the trademark field, federal trademark law is at best only incidentally involved. *See Postal Instant Press v. Clark*, 741 F.2d 256, 257 (9th Cir. 1984).

Moreover, even if there is some allegation that Plaintiff may have committed malpractice in its trademark representation of Defendants, any necessary reference to trademark law would be at best a defense which would not create arising under jurisdiction under either 28 U.S.C. § 1331 or § 1338. In any event, a federal defense, which this is not, does not arise under federal law. *See Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 831 (2002) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987)).

Finally, even if some reference to federal trademark law is needed as a measure of Plaintiff's purported negligence, Defendants have not shown that there is any substantial question of federal trademark law. Indeed, the matter of trademark law may be undisputed, and the only dispute may be that under settled trademark law, Plaintiff allegedly failed to act in some manner amounting to some form of negligence. Where there is no substantial dispute or question as to federal law, there is no federal question jurisdiction. Because Defendants bear the burden of establishing our subject matter jurisdiction, their failure to identify the substantial question of federal trademark law purportedly at issue is fatal.

We conclude that we do not have subject matter jurisdiction over this action. Accordingly, this action is remanded to the state court from which it was removed.

UNITED STATES DISTRICT COURT    **JS - 6**
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No: **CV 07-7990-GHK(CTx)**                              Date **March 5, 2008**

Title **Paul, Hastings, Janofsky & Walker, LLP v. Kat House Productions, LLC, et al.**

**IT IS SO ORDERED.**

Initials of Preparer    **AB for Bea**

---

CV-90 (06/04)      CIVIL MINUTES - GENERAL      Page 3 of 3

Fri, Feb 18, 2005 1:42 PM

**Subject: Dior PTO hearing**
**Date:** Thursday, February 17, 2005 2:23 PM
**From:** Kathy merrick <kathy@kat-house.com>
**To:** "Myers, Rebecca (Kelder)" <rebeccamyers@paulhastings.com>

Rebecca,

I just got off the phone with Holland and Knight regarding the upcoming PTO hearing and the fact that needed materials were not submitted that were due January 5th.
Mainly;
Document requests, Inarogatories, and requests for admissions
Again these were due 1/5/05.

This is a huge blow to our case and we are as you can imagine very very concerned as it will not only hurt us in the PTO hearing but could severally effect us in our federal case.

At this point you can understand our deep concerns about the statues of our Surf Chick mark and need to know ASAP the exact status on not only all of our marks filed but all of the corrective work being done on the items that were mishandled.

Please provide us with the update ASAP as we are having a problem with Dior selling off goods in countries the believe we do not have a mark in place yet.

Rat Merrick
Surf Chick
kathy@kat-house.com
805.644.6364
fax 805.644.1145

Page 1 of 1

FROM (MON) 3. 24' 08 11:... ST. 11:28/NO. 4261422993 P  9

# Paul Hastings
ATTORNEYS

Paul, Hastings, Janofsky & Walker LLP
515 South Flower Street • 25th Floor • Los Angeles, CA 90071-2228
telephone 213 683 6000 • facsimile 213 627 0705 • www.paulhastings.com

Atlanta
Beijing
Brussels
Hong Kong
London
Los Angeles
Milan
New York
Orange County
Palo Alto
Paris
San Diego
San Francisco
Shanghai
Stamford
Tokyo
Washington, DC

(213) 683-6150
evecoddon@paulhastings.com

March 9, 2006

30059.95490

*VIA UPS OVERNIGHT DELIVERY*

Ms. Kathy Merrick
Ms. Patty Wagner
Kat House Productions, LLC
3637 Arundell Circle, #A
Ventura, CA 93003

Re:   <u>Disengagement from Representation of Kat House Productions, LLC (the "Company")</u>

Dear Ms. Merrick and Ms. Wagner:

The Company's outstanding balance for services rendered by Paul Hastings to date totals $101,823.15. As you know, a large portion of this receivable has been outstanding for over a year. Unfortunately, our efforts to obtain payment have failed to result in payment from the Company. Because we have not been paid, Paul Hastings hereby terminates our representation of the Company for non-payment of fees.

In connection the Firm's termination of our representation of the Company, the Firm shall withdraw from the United States Patent and Trademark Office (the "PTO") as the Company's attorney or agent. We will provide you with a copy of the Request for Withdrawal as Attorney or Agent filed with the PTO. Pursuant to 37 C.F.R. § 1.36, Paul Hastings will continue to oversee the prosecution of the Company's intellectual property docket for 30 days from the date of this letter. Subsequently, we will no longer be responsible for, nor will we take any action to maintain the pendency of, the Company's intellectual property matters described in the enclosed memorandum dated March 8, 2006.

Please note that all correspondence from the PTO will be forwarded to the Company's current address as we will indicate on the Request for Withdrawal. In an effort to effect a smooth transition, we will also provide you with a Change of Correspondence Address form that may be filed with the PTO once you identify new counsel. We, of course, remain available to confer with you or your new attorney during the transition period.

In connection with the termination of our services, we will also return to you paper copies of your intellectual property files. These files will be delivered to you via U.P.S. certified mail requiring a signature for release. However, if you provide us with written instructions on or before March 20, 2006, we will deliver your files to an attorney of your designation. If you choose this option, please advise me of the same and we will provide you with a

LEGAL_US_E # 70607914.1

**Paul Hastings**
ATTORNEYS

Ms. Kathy Merrick
Ms. Patty Wagner
March 9, 2006
Page 2

Client File Transfer Request form to identify the counsel and address where you wish to have your files sent. If we do not receive this form on or before March 20, 2006, we will return your files to you in the manner described above.

All outstanding statements for fees and disbursements are now due. An updated statement is enclosed and shows an outstanding balance of $101,823.15. We request that you promptly remit payment in full for our services rendered.

If you have any questions, please feel free to call me directly.

Very truly yours,

*[signature]*

Eve M. Coddon
of PAUL, HASTINGS, JANOFSKY & WALKER LLP

Enclosures:

    Invoice No. 1502159 for Services Rendered
    Memorandum dated March 8, 2006 from Rebecca Kelder Myers to Kathy Merrick and Patty Wagner

cc:   Douglas Schaaf, Esq. (w/enclosures)
      Rebecca Myers, Esq. (w/ enclosures)
      James G. O'Callahan, Esq. (w/enclosures via facsimile)

LEGAL_US_E # 70607914.1