# EGAN & GOLDEN, LLP
ATTORNEYS AT LAW

BRIAN T. EGAN
KAREN GOLDEN

JUSTINE TOCCI
ERIN B. KOWTNA

OF COUNSEL
WILLIAM MCQUAID DUFFY

475 EAST MAIN STREET, SUITE 114
PATCHOGUE, NY 11772

TELEPHONE: (631) 447-8100
FACSIMILE:  (631) 447-8181
WWW.EGANGOLDEN.COM

EAST HAMPTON OFFICE
393 MONTAUK HIGHWAY
P.O. BOX 338
WAINSCOTT, NY 11975
TEL: (631) 329-2828
FACSIMILE: (631) 324-2472

March 24, 2008

**VIA FACSIMILE**

Magistrate Judge Michael H. Dolinger
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 1670
New York, NY 10007

    Re:  Kat House Productions, LLC v. Paul Hastings Janofsky & Walker, LLP, et al.
       (Case No.:  07 CIV 9700)

Dear Magistrate Judge Dolinger:

    This firm represents plaintiff in the above-referenced action. We are in receipt of defendants' letter to the Court seeking a stay of discovery pending a decision on the motion to dismiss, which is *sub judice* before this Court. We offer the following in response.

    The same arguments in defendants' instant letter application were raised and addressed by this Court during a January 22, 2008 conference call, and the stay was denied at that time. The issuance of a March 5, 2008 order of United States District Court Judge George H. King in the California *legal fee* action has no impact on this Court's discovery order.

    Defendants presume to know how this Court will rule on the motion to dismiss, and are, essentially, asking this Court to prejudge this case, based upon Judge King's order. What defendants fail to disclose to this Court is the fact that plaintiffs have fully complied with this Court's discovery order, while defendants have failed to provide even one document in response to our demand. Defendants sought and received from plaintiffs the courtesy of an extension to produce their discovery responses. Now they are using Judge King's order and a statute of limitations argument (improperly raised for the first time in the instant letter application) as a second bite at the apple in avoiding court-ordered discovery.

EGAN & GOLDEN, LLP
ATTORNEYS AT LAW

Magistrate Judge Michael H. Dolinger
March 24, 2008
Page 2 of 3

  With respect to their statute of limitations argument on legal malpractice claims, we firmly believe that the New York statute of limitations period will rule in this matter and thus, the discovery remains essential. It has not been determined that the cause of action "accrued in their home state of California" (defendants' letter page 2, citing Cantor Fitzgerald Inc. v. Lutnick, 313 F.3d 704, 710(2d Cir. 2002)). Defendants never raised a statute of limitations issue in their motion to dismiss, and it is wholly improper for them to do so by letter. In any event, their reliance upon Cantor Fitzgerald Inc. v. Lutnick, supra, is misplaced.

  In Cantor, the injury was deemed "purely economic" insofar as Cantor Fitzgerald is a company engaged in the brokerage of securities and the sale of financial market data and the conflict concerned the interpretation of a partnership agreement. Here, the injury involves far more than economic loss; more substantially, the loss of patents and trademarks. It is indisputable that the causes of action accrued exclusively in New York, where defendants Myers, Chang and Clayton were stationed and rendered the services that form the core of plaintiffs' case.

  Defendants proffer an email from plaintiff to defendant Meyers dated February 17, 2005, (ironically provided in a discovery response by plaintiffs *in this case*) voicing "concerns" about the manner in which its case was being handled by defendants. Defendants then suggest that this document is *prima facie* determination of the date on which any statute of limitations should accrue. This is a far-fetched argument that should not be countenanced by this Court. In any event, any statute of limitations would be tolled by the continuous representation doctrine, and defendants themselves state that their representation of plaintiffs continued up to and including March 9, 2006. It is notable that the attorney-client relationship was severed by defendants, not by plaintiffs, thus belying defendants' argument by defendants that plaintiff had sufficient facts in March of 2006 leading to the discovery of the wrongful conduct by defendants sufficient to file the instant action.

  Furthermore, defendants' conclusory argument regarding California's one-year statute of limitations is incomplete and misleading. Not only is the statute tolled for such reasons as continued representation, it is also tolled "until client sustains actual injury; in other words, statute of limitations will not run during time client cannot bring cause of action for damages from professional negligence." Jordache Enterprises, Inc. v. Brobeck, Phleger & Harrison (1998) 76 Cal.Rptr.2d 749, 18 Cal.4[th] 739.

**EGAN & GOLDEN, LLP**
ATTORNEYS AT LAW

Magistrate Judge Michael H. Dolinger
March 24, 2008
Page 3 of 3

    Based upon the above, we respectfully submit that defendants' request for a stay of discovery should be denied.

Respectfully yours,

Brian T. Egan

BTE/mc
cc: David F. Bayne, Esq.