UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
KAT HOUSE PRODUCTIONS, LLC d/b/a SURF CHICK,   07 CV 9700
KATHLEEN MERRICK, PATRICIA J. WAGNER and       (BSJ) (MHD)
AURORA CONTRERAS,

                              Plaintiffs,

      -against-

PAUL, HASTINGS, JANOFSKY & WALKER, LLP,
REBECCA KELDER MYERS, KATHERINE CHANG
and CATHERINE M. CLAYTON,

                              Defendants.
------------------------------------------------------------------------X

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT CHANG'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(1) & 12(b)(6)

 

**EGAN & GOLDEN, LLP**
*Attorneys for Plaintiffs*
475 East Main Street, Suite 114
Patchogue, New York 11772
(631) 447-8100

*Of Counsel:*
Brian T. Egan, Esq.
Karen Golden, Esq.

This Memorandum of Law is respectfully submitted on behalf of plaintiffs in opposition to defendant Katherine Chang's ("Chang") motion to dismiss the within action pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). We respectfully refer this Court to the prior Memorandum of Law (annexed as Exhibit B to the accompanying Affidavit of Brian T. Egan, Esq., sworn to on April 23, 2008) submitted in opposition to the motion to dismiss previously submitted by the remaining defendants in this action. That motion is presently *sub judice* before this Court. The issues raised in the prior motion are identical and germane to the instant application by Chang. Thus, in an effort to avoid duplication of efforts and to conserve judicial resources, we respectfully request that this Court incorporate by reference all of the arguments contained in plaintiffs' prior Memorandum of Law, which will not be repeated here.

### POINT I

**DEFENDANT CHANG'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(1) SHOULD BE DENIED, SINCE THIS COURT HAS SUBJECT MATTER UNDER 28 U.S.C. §1331 AND IS NOT BOUND BY THE DECISION IN THE CALIFORNIA ACTION**

Plaintiffs' Memorandum herein is therefore limited to opposing defendant Chang's reliance on the decision of the Hon. George H. King, U.S. District Judge for the Central District of California in the action entitled *Paul, Hastings, Janofsky & Walker, LLP v. Kat House Productions, LLC, et al.*, CV 07-7990-GHK(CTX), (hereinafter "the California action") in support of her motion to dismiss for lack of subject matter jurisdiction. Defendant Chang seeks to have this Court not only take judicial notice of Judge King's decision regarding legal fees allegedly due and owing to defendants by plaintiffs, but suggests that the findings of Judge King in an ancillary action to recover

2

legal fees originally brought in a state court proceeding in the State of California are binding upon this Court on a motion to dismiss the substantive case arising under Federal law for lack of subject matter jurisdiction.

Defendant Chang's argument is flawed in two ways. First, this Court, when considering a motion to dismiss pursuant to Rule 12(b)(1), "must take all facts alleged in the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff." Starkey v. Somers Central School Dist., 319 F.Supp.2d 410 (SDNY 2004); *see also*, Gentile v. Town of Huntington, 288 F.Supp.2d 316 (EDNY 2003).

Chang would have this Court ignore its mandate to take all facts asserted in the complaint as true and, instead base its decision on the findings of Judge King. We submit that, upon this Court's review of the facts stated in the amended verified complaint, it is abundantly clear that the case involves substantive issues of Federal Trademark and Patent Law, including numerous provisions of the Lanham Act (15 U.S.C., §1051, *et seq*.), necessitating that this action remain under the jurisdiction of the United States District Court for the Southern District of New York.

The Complaint is replete with allegations that Federal Trademark and Patent Laws (including, but not limited to Subchapter I, §§ 1052 through 1072, inclusive); Subchapter II §§ 1092 through 1096, inclusive), and Subchapter III §§ of the Lanham Act) were violated by defendants, in that those laws required defendants to have completed numerous filings of applications by dates certain, and that defendants failed to comply with the requirements of those laws. The Lanham Act, inclusive of Subchapters I, II, and III, and other relevant trademark laws, have specific procedural and substantive requirements, controversies under which are the province of this Court. The Lanham Act involves not only trademark infringement issues, but the myriad requirements necessary to obtain and maintain valid trademarks.

Second, we do not argue against the premise that this Court has the authority to take judicial notice of another court's decision. However, defendant Chang would have this Court rely on a motion to dismiss a legal fee issue commenced in state court and Judge King's findings that the California District Court did not have subject matter jurisdiction over that controversy, and further, that this Court should adopt such findings in this action based upon a bare decision annexed to defendant Chang's motion. Nowhere is there even any evidence of the facts upon which the court in the California action based its decision.

Furthermore, defendant Chang claims that the California action and the instant action involve the same issues. (page 3 of defendant Chang's Memorandum of Law). We submit that the California action is irrelevant; has no bearing on the instant action; and involves issues unrelated to the substantive issues in this case. Assuming, *arguendo*, that the California court was correct in ruling that the California District Court lacked subject matter jurisdiction in that case involving the payment of legal fees, the decision only stands for the legal principle that controversies limited to legal fee issues should be determined by the courts of that State.

This Court has the authority to issue its own decision on subject matter jurisdiction based upon the pleadings and the prior submitted motion to dismiss and opposition thereto. "Dismissal is inappropriate unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief." Starkey v. Somers Central School Dist, 319 F.Supp.2d 410 (SDNY 2004). We submit that plaintiffs have adequately set forth their bases for subject matter jurisdiction 28 U.S.C. § 1331.

In light of the arguments set forth above, it is respectfully submitted that defendants' motion to dismiss pursuant to Rule 12(b)(1) must be denied since this Court has subject matter jurisdiction under 28 U.S.C. §1331.

## POINT II

### THE COMPLAINT ADEQUATELY STATES A CAUSE OF ACTION AGAINST DEFENDANT CHANG REQUIRING DENIAL OF THE FRCP 12(B)(6) MOTION

We respectfully refer this Court to the prior Memorandum of Law submitted by plaintiffs in connection with the motion to dismiss filed by defendants Paul, Hastings, Janofsky & Walker, LLP; Rebecca Kelder Myers; and Catherine M. Clayton, and reiterate the arguments raised therein on this point. However, it bears noting how counsel for defendant Chang seeks to minimize her role in this matter; specifically on page 6 of defendant Chang's Memorandum of Law, counsel refers to Chang as "merely an associate" in an attempt to shield Chang from liability.

In fact, Chang is an attorney duly licensed to practice before the Federal Courts and State Courts in New York. It is highly unlikely that Paul, Hastings, Janofsky & Walker, LLP refers to its well-trained, well-educated lawyers as "merely associates" when presenting such individuals to its clients and assigning them to handle cases.

As more fully set forth in plaintiffs' prior Memorandum of Law, each and every one of the allegations of the complaint properly refers to the "defendants" collectively. Defendant Chang was an attorney, not a paralegal, not a secretary, assigned to work on plaintiffs' file. As such, it is not only appropriate, but necessary for plaintiffs to name Chang as an individual defendant.

### CONCLUSION

By reason of the foregoing arguments and points of law referenced herein, plaintiffs respectfully request that defendant Chang's motion to dismiss the Complaint pursuant to Rule

12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure be denied in its entirety, and for such further and different relief as this Court deems just and proper.

Dated: Patchogue, New York
      April 23, 2008

                                **EGAN & GOLDEN, LLP**
                                *Attorneys for Plaintiffs*

                                _____
                                   Brian T. Egan. Esq. (BE 1260)
                                475 East Main Street, Suite 114
                                Patchogue, New York 11772
                                (631) 447-8100