UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x    [ECF Case]

**KAT HOUSE PRODUCTIONS, LLC d/b/a SURF**    07 CIV 9700 (BSJ)(MHD)
**CHICK, KATHLEEN MERRICK, PATRICIA J.**
**WAGNER and AURORA CONTRERAS,**

                              **Plaintiffs,**

    -against-

**PAUL, HASTINGS, JANOFSKY & WALKER, LLP,**
**REBECCA KELDER MYERS, KATHERINE CHANG**
**and CATHERINE M. CLAYTON,**

                              **Defendants.**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT**
**OF DEFENDANT KATHERINE CHANG'S MOTION TO DISMISS ACTION**

**KAVANAGH MALONEY & OSNATO LLP**
**415 Madison Avenue**
**New York, NY 10017**
**212-207-8400**
**Attorneys for Defendants**

KAVANAGH MALONEY & OSNATO LLP
Attorneys for Defendants
415 Madison Avenue
New York, N.Y. 10017
212-207-8400

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

KAT HOUSE PRODUCTIONS, LLC d/b/a SURF           [ECF]
CHICK, KATHLEEN MERRICK, PATRICIA J.
WAGNER and AURORA CONTRERAS,                    07 CIV 9700(BSJ)(MHD)

                    Plaintiffs,

      -against-

PAUL, HASTINGS, JANOFSKY & WALKER, LLP,
REBECCA KELDER MYERS, KATHERINE CHANG
and CATHERINE M. CLAYTON,

                    Defendants.
------------------------------------x

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT KATHERINE CHANG'S MOTION TO DISMISS THE ACTION

### PRELIMINARY STATEMENT

This Reply Memorandum of Law is submitted on behalf of Defendant Katherine Chang in support of her motion pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure ("FRCP") to dismiss Plaintiffs' action on the ground that this Court lacks subject matter jurisdiction over this action. In the alternative, Defendant Chang moves to dismiss for failure to state a claim upon which relief can be granted pursuant to FRCP Rule

12(b)(6) because there are no specific allegations of fact that Ms. Chang was in any way negligent.

## ARGUMENT

## POINT I

## THIS COURT LACKS SUBJECT MATTER JURISDICTION

Plaintiffs misinterpret the basis of Defendant Chang's motion to dismiss for lack of subject matter jurisdiction, claiming that Defendant is arguing that Judge King's decision in the California federal action is binding on this Court. Plaintiffs' Memorandum of Law in Opposition to Defendant Chang's Motion to Dismiss dated April 23, 2008 ("Opp. Mem.") 2-3. Defendant does not contend that Judge King's decision is binding on this Court. To the contrary, Defendant Chang premises her motion to dismiss on the papers previously submitted in support of the motion by Paul Hastings and the other Defendants on February 11, 2008. Defendant Chang's Moving Memorandum dated April 9, 2008 ("Mov. Mem.") 2-3. Those papers demonstrate that Plaintiffs have a fundamental misunderstanding of federal jurisdiction, which also plagued them in the California action which Judge King remanded to state court on jurisdictional grounds. Moving Affidavit of David F. Bayne sworn to April 9, 2008 ("Bayne Aff.") Exs. A, B, and C.

Plaintiffs attempt to distinguish the issues on this motion from the issues before Judge King in the California action by misstating their own arguments in the California action. Plaintiffs argue that there is federal subject matter jurisdiction over the Defendants

in this action because of "their acts of legal malpractice in their handling and application for trademarks on behalf of Plaintiffs, and by reason of their malpractice, directly resulting in the dilution of their trademarks...." Affidavit of Brian T. Egan in Opposition to Defendant Chang's Motion to Dismiss sworn to April 23, 2008 ("Egan Aff.") ¶4. Plaintiffs then argue that this Court should disregard Judge King's decision "where the limited (and entirely different) issue before him concerned only legal fees allegedly due." Egan Aff. ¶8. See also Opp. Mem. 4.

On the contrary, Plaintiffs argued to Judge King:

> Original subject matter jurisdiction exists over the California Action under 28 U.S.C. § 1338 (a) because resolution of a substantial, disputed question of federal, trademark, law is necessary to establish an element of PAUL, HASTINGS, JANOFSKY & WALKER, LLP's well pleaded complaint. Despite Plaintiff PAUL, HASTINGS, JANOFSKY & WALKER, LLP's attempt to present the action as an ordinary contract dispute, <u>the central issue of this case is whether Plaintiff satisfied its end of the contractual obligations in handling and applying for trademarks on Defendants' behalf, an issue that necessarily and wholly depends on interpretation and application of federal law.</u> The resolution of federal trademark law is not identical to his case; rather, it is the sole legal and factual controversy.

Declaration of Eve M. Coddon dated January 16, 2008, Ex. D ("Coddon Decl."), 2-3 (emphasis added).

Thus, Plaintiffs made the very same argument before Judge King as they have made to this Court and he properly rejected it. Plaintiffs have failed to identify in the Amended Complaint, in their motion papers in this action, or in their response to Judge King's Order to Show Cause any substantial disputed question of federal trademark law that

3

needs to be resolved in ruling on Plaintiffs' common law malpractice claims. Bayne Aff., Ex. C, p.2 and Mov. Mem. 4. Therefore, this Court lacks subject matter jurisdiction.

For these reasons it is appropriate for this Court to take judicial notice of the decision in the related California federal action. E.g., Anderson v. Rochester-Genesee Regional Transp. Authority, 337 F.3d 201, 205 n.4 (2d Cir. 2003)(taking judicial notice of related district court decision); New York ex rel. Spitzer v. Operation Rescue Nat'l, 273 F.3d 184, 199 (2d Cir.2001)(taking judicial notice of district court's decision in related proceeding); Conopco, Inc. v. Roll Int'l, 231 F.3d 82, 86 n. 3 (2d Cir.2000)(taking judicial notice of California state court decision). Moreover, Plaintiffs offer no reason why this Court should ignore Judge King's decision involving the exact same issues pertinent to subject matter jurisdiction.

Plaintiffs continue to argue erroneously that because this case involves issues under the Lanham Act, it is necessary that the action remain under the jurisdiction of this Court. Opp. Mem. 3. On the contrary, as Defendants pointed out on the earlier motion, Congress has expressly declared that federal courts do not have exclusive jurisdiction over actions arising under federal trademark law:

> The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights, and <u>trademarks</u>. Such jurisdiction shall be <u>exclusive of the courts of the states in patents, plant variety protection and copyright cases</u>.

28 U.S.C. §1338(a)(emphasis added); Sbarro, Inc. v. Karykous, No. 05 CV 2311, 2005 WL 1541048, at *2 (E.D.N.Y. June 29, 2005)("[A]lthough two of plaintiff's eleven causes of

4

action are brought pursuant to the Lanham Act, these claims are, contrary to defendants' assertions, reviewable in state court."); Ryan v. Volpone Stamp Co., Inc., 107 F.Supp.2d 369, 375 n. 3 (S.D.N.Y. 2000)("Although federal courts are granted exclusive jurisdiction with respect to patent, plant variety protection and copyright cases, the state courts enjoy concurrent jurisdiction with the federal courts over trademark, i.e. Lanham Act claims")(emphasis added). Congress has, therefore, conferred upon the State courts equal authority with the federal courts to construe the Lanham Trademark Act, 15 U.S.C. §1051 et seq. Reply Memorandum of Law dated February 11, 2008, p.2.

Plaintiffs continue to ignore the Supreme Court precedent that where federal question jurisdiction is asserted over a state law claim, the claim must "raise a stated federal issue, actually disputed and substantial," or there is no federal jurisdiction. Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg., 545 U.S. 308, 314, 125 S.Ct. 2363, 2368 (2005). Despite repeated challenges to do so, twice before this Court and once before Judge King, Plaintiffs have failed to identify any substantial, disputed question of federal law involved in this routine common law malpractice case.

Equally disingenuous is Plaintiffs' argument that the Complaint contains allegations that Defendants "violated" the Lanham Act. Opp. Mem. 3. Plaintiffs are not asserting a Lanham Act claim in this litigation and nor could they because Defendants have not engaged in trademark infringement. Rather, this is a legal malpractice action. In order to invoke subject matter jurisdiction based on the Lanham Act, the complaint must allege a

claim or seek a remedy under federal trademark law. <u>R.G. Barry Corp. v. Mushroom Makers, Inc.</u>, 612 F.2d 651, 658 (2d Cir. 1979); <u>Ryan v. Volpone Stamp Co., Inc.</u>, 107 F.Supp.2d at 377.

For the foregoing reasons, Defendant Chang requests that this Court dismiss this action for lack of subject matter jurisdiction.

## POINT II

### IN THE ALTERNATIVE, THE ACTION SHOULD BE DISMISSED AGAINST DEFENDANT CHANG BECAUSE NO CLAIM IS STATED AGAINST HER

In opposition to Defendant Chang's FRCP Rule 12(b)(6) motion to dismiss for failure to state a claim, Plaintiffs argue that the allegations of the Amended Complaint refer to defendants collectively. Opp. Mem. 5. Yet, this statement cannot possibly be true in light of the following allegations in the Amended Complaint:

> 33. Defendants were negligent and failed to exercise the reasonable skill and knowledge commonly possessed by a member of the legal profession by <u>repeatedly shifting and reassigning responsibility between a variety of attorneys within Paul Hastings, including among them, defendant Myers, Catherine M. Clayton and Katherine Chang</u>.

> 34. Through the assignment and reassignment of plaintiffs' file within Paul Hastings, defendants were negligent and failed to exercise the reasonable skill and knowledge commonly possessed by a member of the legal profession <u>in failing to adequately apprise the new attorneys of the status of plaintiffs' applications</u>, provided contradictory information to plaintiffs regarding the status of the trademarks, double billed plaintiffs for previously completed work and mishandled plaintiffs' file.

Coddon Decl. Ex. B ¶¶33-34 (emphasis added). See also Affidavit of Brian T. Egan, Esq. in Opposition, sworn to February 1, 2008, ¶10 (attached as Exhibit A to Mr. Egan's affidavit in opposition to the instant motion).

Thus, because Plaintiffs allege that Defendant Chang was among "a variety of attorneys" to whom Plaintiffs' work was shifted and reassigned at Paul Hastings and was among the "new attorneys" allegedly not apprised of what had gone on before, it is impossible for her to have committed each of the acts and omissions alleged in the Amended Complaint. Finally, Chang is not alleged to have had any supervisory role over other attorneys at the firm, or the entire matter itself, upon which a claim of personal liability could be founded.

Moreover, Plaintiffs' argument that it was "necessary" to name Defendant Chang is frivolous. Opp. Mem. 5. There is no allegation, or even argument, that Paul Hastings has disavowed her conduct and there is no allegation from which even an inference can be drawn that any professional service performed by this associate was outside the scope of her employment by the firm. Paul Hastings has not moved to dismiss the claims against it pursuant to FRCP Rule 12(b)(6) and fully intends to litigate these claims with Plaintiffs, particularly because Plaintiffs will have to raise them as defenses in the fee litigation. Coddon Decl. ¶¶6-9.

It is, therefore, respectfully submitted that Plaintiffs have failed to state a claim upon which relief can be granted against Ms. Chang and that the Amended Complaint should be dismissed against her under FRCP Rule 12(b)(6).

## CONCLUSION

For each of the foregoing reasons, Defendant Chang respectfully requests that her motion to dismiss be granted.

Dated: New York, N.Y.
      May 1, 2008

                  Respectfully submitted,

                  KAVANAGH MALONEY & OSNATO LLP

                  By _____
                      James J. Maloney
                  Attorneys for Defendants
                  415 Madison Avenue
                  New York, N.Y. 10017
                  212-207-8400

Of Counsel:
  David F. Bayne
  Steven M. Cordero

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK   )
                                    ss.:
COUNTY OF NEW YORK)

The undersigned, being duly sworn, deposes and says:

Deponent is not a party to the action, is over 18 years of age and resides at 113-02 200th Street, St. Albans,, NY.

That on May 2, 2008 deponent served the annexed

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT KATHERINE CHANG'S MOTION TO DISMISS THE ACTION**

**BY MAIL AND ECF FILING**

on

Brian T. Egan, Esq., Egan & Golden, LLP, 475 East Main Street, Suite 114, Patchogue, NY 11772, Attorneys for Plaintiffs

by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
Steven M. Cordero

Sworn to before me this
2nd day of May, 2008

_____
Notary Public

HARRIET LOBL
Notary Public, State of New York
No. 01L07578060
Qualified in New York County
Commission Expires January 31, 2011