```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
KAT HOUSE PRODUCTIONS, LLC d/b/a     :
SURF CHICK, KATHLEEN MERRICK,        :
PATRICIA J. WAGNER and AURORA        :
CONTRERAS,                           :
                                     :
                    Plaintiffs,      :
                                     :    07 CIV 9700 (BSJ)
              v.                     :
                                     :           Order
                                     :
PAUL, HASTINGS, JANOFSKY & WALKER,   :
LLP, REBECCA KELDER MYERS,           :
KATHERINE CHANG and CATHERINE M.     :
CLAYTON,                             :
                                     :
                    Defendants.      :
------------------------------------x
```

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

On November 1, 2007, Plaintiffs Kat House Productions, LLC d/b/a Surf Chick ("Kat House"), Kathleen Merrick ("Merrick"), Patricia J. Wagner ("Wagner") and Aurora Contreras ("Contreras") (collectively "Plaintiffs") filed a complaint (the "Complaint") alleging legal malpractice by Defendants Paul, Hastings, Janofsky & Walker LLP ("Paul Hastings"), Rebecca Kelder Myers ("Myers"), Katherine Chang ("Chang"), and Catherine M. Clayton ("Clayton") (collectively, "Defendants").[1]  An amended verified complaint was filed on February 14, 2008 (the "Amended Complaint").  Presently before the Court is Defendants'

---

[1]   The individual defendants are or were attorneys at Paul Hastings.

1

Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).[2]  For the reasons set forth below, the motion is GRANTED.[3]

### BACKGROUND[4]

Plaintiff Kat House sells clothing, surfboards, and accessories marketed to those who appreciate the "female surf culture" both in the United States and abroad.  Am. Compl. ¶ 14.  Plaintiff Kat House has sold merchandise under the mark "Surf Chick" since 1996.  Id. ¶ 15.  Plaintiffs Merrick, Wagner and Contreras are the sole members and officers of Kat House.  Id. ¶ 6.

Plaintiffs retained Defendants to obtain trademarks for "Surf Chick," "Surf Chick Got Wet" and "Golf Chick" in the United States, Canada, Australia, Japan, Mexico,

---

[2]  Defendants Paul Hastings, Myers and Clayton moved to dismiss the action on January 17, 2008.  Chang, a former associate of Paul Hastings, was served with the summons and Amended Complaint in March 2008 and moved to dismiss on April 9, 2008.

[3]  At approximately the same time this action was commenced, Paul Hastings sued Kat House in California state court for recovery of legal fees in conjunction with their representation of Plaintiffs' marks.  Kat House, here the Plaintiff but as defendant in that suit, attempted to remove the action to federal court in the Central District of California.  The District Court found that no substantial question of federal law existed and "[w]here there is no substantial dispute or question as to federal law, there is no federal question jurisdiction." Paul, Hastings, Janofsky & Walker, LLP v. Kat House Productions, LLC, et al., No. 07-7990 (C.D. Cal. March 5, 2008).  The court found that only settled trademark law was relevant to whether Defendants acted in a manner that constituted negligence.  Failure by Plaintiff Kat House to identify a disputed and substantial question of federal law meant no federal jurisdiction existed.  While the Court is not bound by that decision which involves different claims, it does note the proceedings for background purposes here.

[4]  This factual summary is drawn from the Complaint, the factual allegations of which are accepted as true for the purpose of deciding this motion.

2

Brazil, China, Taiwan and the European Union. Id. ¶ 17, 20. Paul Hastings accepted employment to prepare the necessary trademark applications on behalf of Plaintiffs and file them with the United States Patent and Trademark Office. Id. ¶ 19. Paul Hastings retained foreign law firms in the specified countries to prosecute and secure the necessary applications and trademarks in those countries. Id. ¶ 21. Defendants assumed the responsibility of supervising the work of the foreign law firms. Id. ¶ 22.

Plaintiffs allege that Defendants violated their professional duties and were guilty of acts of legal malpractice in procuring the trademarks in the United States and supervising foreign law firms in their procurement of foreign trademarks. Id. ¶ 25. Plaintiffs allege that Defendants:

    a.     Gave Plaintiffs improper and incorrect advice on trademark law;
    b.     Gave Plaintiffs wrong advice on the availability of the trademarks Plaintiffs desired;
    c.     Told Plaintiffs trademarks had been obtained when they had not;
    d.     Carelessly prepared trademark applications;
    e.     Misinformed Plaintiffs about the status of trademark applications in the United States and in foreign countries; and
    f.     Failed to supervise foreign law firms in their attempts to secure foreign trademarks.

<u>Id.</u>  Plaintiffs allege that Defendants' acts resulted in damage to the Plaintiffs because other companies were able to exploit the unprotected marks and sell imitations.  <u>Id.</u> ¶¶ 26-30.

The Amended Complaint asserts four causes of action stemming from Defendants' representation of Plaintiffs: legal malpractice for failure to apply for and obtain U.S. and foreign trademark registrations (Claim I), breach of retainer agreement (Claim II), a claim for damages from having to hire other lawyers to handle trademark applications and suits (Claim III), and legal malpractice for failure to supervise foreign law firms' handling of foreign trademark applications (Claim IV).  In connection with each claim, Plaintiffs seek damages in excess of $30 million for Claims I, II, and IV, and in excess of $275,000 for Claim III.  Defendants have moved to dismiss each of the four claims for lack of subject matter jurisdiction.

## DISCUSSION

Defendants assert that that this Court does not have subject matter jurisdiction over Plaintiffs' claims under 28 U.S.C. section 1331 or 1338.  Defendants argue that such jurisdiction is lacking because Plaintiffs do not assert claims or seek relief under federal trademark law or assert

a state law claim necessarily depending on resolution of a disputed and substantial question of federal trademark law.

## I. Legal Standard for Dismissal

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of a claim when the court "lacks ... jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). Plaintiffs bear the burden of establishing by a preponderance of the evidence that subject matter jurisdiction exists. Id. at 113; Faggionato v. Lerner, No. 06 CV 2614, 2007 WL 959102, at *5 (S.D.N.Y. Mar. 30, 2007). "Jurisdictional allegations must be shown affirmatively and may not be inferred favorably to the party asserting them." Faggionato, 2007 WL 959102, at *5 (citations omitted). In resolving a motion to dismiss for lack of subject matter jurisdiction, the Court may refer to evidence outside the pleadings. Makarova, 201 F.3d at 113.

## II. Subject Matter Jurisdiction

This Court must determine whether Plaintiffs' claims fall within this Court's subject matter jurisdiction. To qualify for federal jurisdiction, Plaintiffs' legal

5

malpractice claims must "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.[5] Federal courts have concurrent jurisdiction over claims arising under federal trademark laws. 28 U.S.C. § 1338(a) ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases.").

**A. "Arising Under" Test**

In light of these jurisdictional grants, Plaintiffs allege that Defendants' negligent and careless representation in the area of trademark law resulted in Plaintiffs' legal malpractice claims. Determining when state law claims that may relate to federal law qualify for federal jurisdiction requires careful examination of the underlying claims. A case arises under federal law if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a

---

[5] Diversity jurisdiction does not exist because Kat House is incorporated in California and the individual plaintiffs reside in California, while Paul Hastings is organized to practice law under the laws of California. Compl. ¶ 2-7. Accordingly, complete diversity is lacking between the parties. See 28 U.S.C. § 1332; Briarpatch Ltd. L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 302 (2d Cir. 2004).

6

substantial question of federal law." Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 27-28 (1983).

In Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg., the Supreme Court elaborated on the scope of the "arising under" statute. See 545 U.S. 308, 314 (2005). The Court in Grable restated the second prong[6] of the test to ask, "does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Id. In Grable, the plaintiff brought a quiet title action after the Internal Revenue Service seized and sold plaintiff's property. Id. at 311. The plaintiff claimed that the notice of sale required under federal tax law did not occur. Id. Since Grable involved federal tax law as an "essential" element of plaintiff's claim, and the meaning of the federal

---

[6] As noted above, the first prong asks whether the federal law creates the cause of action or grants a remedy. Defendants argue Plaintiffs' claims do not meet the first prong's requirement because legal malpractice claims are inherently state law claims. Williams v. Havas, 104 F.3d 352 (2d Cir. 1996) (legal malpractice claim governed by state law); Aquino v. Prudential Life and Cas. Ins. Co., 419 F.Supp.2d 259, 276 (E.D.N.Y 2005) ("A claim for legal malpractice is a New York state claim that could only be brought in federal court if the parties were from different states or if there is a pending federal claim."). Plaintiffs agree with Defendants and concede that their claims do not meet the first prong of the arising under test; federal law does not create the cause of action or the right to relief. Accordingly, the Court's analysis focuses on the second prong of this inquiry.

7

statute was "actually in dispute," id. at 315, the Court found "the national interest in providing a federal forum for federal tax litigation is sufficiently substantial to support the exercise of federal question jurisdiction . . . which would not distort any division of labor between the state and federal courts, provided or assumed by Congress," id. at 310.  However, in a subsequent case, the Court emphasized that the category created by Grable was slim. See Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 681 (2006).  The Court distinguished between cases that will establish a widely applicable rule and cases merely applying federal law to state law claims, finding that "Grable presented a nearly 'pure issue of law,'" and "would govern numerous tax sale cases."  Id. at 700-01 (citations omitted).

**B. Does a Disputed and Substantial Federal Question Exist?**

As noted above, the second prong asks whether the state law claims raise a disputed and substantial question of federal law.  This analysis is appropriate in determining whether a claim arises under the federal intellectual property laws.[7]  Plaintiffs argue this Court

---

[7]   The Supreme Court has applied the arising under test to patent law in Christianson v. Colt Indus. Operating Corp.,
> § 1338(a) jurisdiction extend[s] only to those cases in which a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to

8

has subject matter jurisdiction because the Court would interpret federal trademark law to determine whether the marks were available for registration in the United States and foreign countries and whether Plaintiffs would have been entitled to infringement damages.[8]  Pl.'s Mem. Opp'n. Mot. to Dismiss 6.  Plaintiffs cite Nazzaro v. Balber for support of their argument that federal courts have federal question jurisdiction to hear state law legal malpractice claims requiring interpretation of federal statutes.  In Nazzaro, a legal malpractice case regarding representation in an Employee Retirement Income Security Act ("ERISA") action, the court found federal jurisdiction existed because there was a disputed and substantial question of federal law over plaintiff's entitlement to compensation in the ERISA action.  No. 05-CV-2172, 2005 WL 1251785, at *6 (S.D.N.Y. May 25, 2005).  The entitlement question was necessary to establish an element of plaintiffs' well-

---

relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims.

486 U.S. 800, 808-09 (1988).  The Second Circuit has used the inquiry to determine if a case arises under the Copyright Act. See Bassett v. Mashantucket Pequot Tribe, 204 F.3d 343, 349 (2d Cir. 2000) (citing T.B. Harms Co. v. Eliscu, 339 F.2d 823, 828 (2d Cir.1964)).  "For the purposes of determining subject matter jurisdiction . . . 'analogous principles apply to copyrights, patents, and trademarks.'" Ryan v. Volpone Stamp Co., Inc., 107 F.Supp.2d 369, 377 (S.D.N.Y. 2000)(citation omitted).

[8]  Similarly, Plaintiffs argue that establishing proximate cause will require application of federal trademark law to determine whether the marks were eligible for registration and whether plaintiffs would have been entitled to infringement damages.

9

pleaded state law claims for legal malpractice.  Id.  Like Grable, Nazzaro turned on an interpretation of a federal statute that had not been settled by the federal courts.  Id.  However, in this case, Plaintiffs' claims do not satisfy the relevant inquiry because the legal malpractice claims at issue here do not depend on resolution of a disputed and substantial question of federal law.  Rather, Plaintiffs' claims only raise questions about whether Defendants met the applicable standard of care in providing legal representation, a standard established by state law.  See, e.g., AmBase v. Davis Polk & Wardwell, 834 N.Y.S.2d 705, 708 (2007).  Furthermore, unlike Grable and Nazzaro, this case will not resolve a question that will establish a dispositive rule applicable and controlling in a number of other cases.

   Other courts evaluating legal malpractice claims where the underlying representation involved areas governed by federal law have similarly found that federal jurisdiction did not exist.  See Peyser v. Searle Blatt & Co., Ltd., No. 99-CV-10785(GEL)(MHD), 2003 WL 22902590, at *3 (S.D.N.Y. Dec. 9, 2003) (finding that plaintiffs brought their claim in the wrong court because legal malpractice claims fall under state law); Herbst v. Viglianco, No. 99-CV-1992(SWK), 1999 WL 362960 (S.D.N.Y. May 26, 1999) (finding legal

10

malpractice claims involving representation before a federal agency do not bring the claim within the scope of section 1331's jurisdiction). The standard of care for legal malpractice liability remains the same whether the representation in question involved an area of federal or state law.[9]

Plaintiffs attempt to support their jurisdictional argument with cases where federal courts found jurisdiction over non-malpractice causes of action created by state law. However, each of the cited cases can be distinguished as involving a federally preempted claim, a federal cause of action, or a claim that would turn on interpretation of a federal constitutional question. See Bracey v. Bd. of Educ. of City of Bridgeport, 368 F.3d 108 (2d Cir. 2004)(finding federal jurisdiction because a state law retaliation claim is consistently evaluated in light of federal First Amendment law); Derrico v. Sheehan Emergency Hosp., 844 F.2d 22, 28-29 (2d Cir. 1988) (finding removal

---

[9] Plaintiffs do not even attempt to distinguish additional cases cited by Defendants where district courts specifically found federal jurisdiction did not exist. See Adamasu v. Gifford, Krass, Groh, Sprinkle, Anderson & Citkowski, P.C., 409 F.Supp.2d 788, 792 (E.D. Mich. 2005) ("Simply because the defendants rendered advice on a matter governed by federal law and prosecuted a patent through a federal agency does not constitute an issue that 'aris[es] under any Act of Congress relating to patents,' as 28 U.S.C. § 1338 requires."); Hughley v. Weinstock, Friedman & Friedman, PA, No. 06-CV-88, 2006 WL 2244574 (D.D.C. Aug. 4, 2006) (denying federal jurisdiction because the state law claim simply embodied federal law and the construction, validity, or application of federal law was not contested).

appropriate where a complaint relied on federal labor law doctrine to define a duty to bargain in good faith); West 14th St. Commercial Corp. v. 5 West 14th Owners Corp., 815 F.2d 188 (2d Cir. 1987) (finding federal jurisdiction because plaintiffs asserted that a federal statute did not authorize defendant's termination of three contracts). However, unlike the cases cited by Plaintiffs, the present case does not involve any legal questions that require a federal forum, as the Lanham Act does not preempt the claims, state law creates the legal malpractice cause of action, and the claims do not implicate the Constitution.

Thus, Plaintiffs have not established by a preponderance of the evidence that federal jurisdiction exists within the scope of section 1331. State law defines the elements of the causes of action that Plaintiffs seek to establish. Without jurisdiction over Plaintiffs' claims, this Court must dismiss the complaint in its entirety. Accordingly, in light of the foregoing, Defendants' motion to dismiss is granted.

## CONCLUSION

For the reasons stated herein, Defendants' motion to dismiss the Complaint is GRANTED. The Clerk of the Court is

directed to close the case. Any outstanding motions in this matter are hereby dismissed as moot.

**SO ORDERED:**

                                                     *Barbara S. Jones*
                                                     **BARBARA S. JONES**
                                                     **UNITED STATES DISTRICT JUDGE**

Dated:   New York, New York
             May 12, 2008

13